# IN THE UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
## EASTERN DIVISION

| | |
|---|---|
| **216 JAMAICA AVENUE, LLC,** | CASE NO. 1:06CV1288 |
| Plaintiff, | **JUDGE CHRISTOPHER A. BOYKO** |
| v. | |
| **S & R PLAYHOUSE REALTY CO.,** | ANSWER TO AMENDED COMPLAINT |
| Defendant. | |

Defendant S&R Playhouse Realty Company ("S&R Playhouse"), answers 216 Jamaica Avenue, LLC's ("216 Jamaica") Amended Complaint as follows:

## FIRST DEFENSE

1. Answering paragraph 1, S&R Playhouse admits that 216 Jamaica has brought this action for breach of contract, but denies there has been a breach of contract. S&R Playhouse admits that it leases from 216 Jamaica a parcel of land at 1228 Euclid Avenue in downtown Cleveland, Ohio, (the "parcel"), that it rents space to various tenants in a building known as the Halle Building, and that the Halle Building is partially located on the parcel. S&R Playhouse admits that it has paid the required rent to its lessors of $35,000 per year and that 216 Jamaica acquired ownership of the parcel of real estate that is the subject of this action in February 2006. S&R Playhouse denies the remaining allegations of paragraph 1.

2. Answering paragraph 2, S&R Playhouse admits that a lease related to the real estate that is the subject of this action was created in 1912, and that $35,000 was a substantial amount for a ground lease. S&R Playhouse denies the remaining allegations of paragraph 2 of

11224652.1

the Amended Complaint for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

3. Answering paragraph 3, S&R Playhouse admits that Halle Bros. entered into a 99-year lease with 216 Jamaica's predecessor, and that Halle Bros. held an option to renew the lease for up to 99 more years. S&R Playhouse further admits that rent escalated from $10,000 per year in the first year of the lease to $35,000 per year in the eleventh year and thereafter, including upon renewal. S&R Playhouse denies the remaining allegations of paragraph 3.

4. S&R Playhouse denies the allegations of paragraph 4 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

5. Answering paragraph 5, S&R Playhouse admits that Congress passed a joint resolution in 1933 rendering gold clauses unenforceable, that the United States Government abandoned the gold standard in 1971, and that Congress amended a 1933 law related to gold clauses in 1977. S&R Playhouse denies the remaining allegations of paragraph 5 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

6. Answering paragraph 6, S&R Playhouse admits that with respect to real estate that it is the subject of this action it became a lessee by assignment of a 1912 lease in 1982. S&R Playhouse denies the remaining allegations of paragraph 6.

7. S&R Playhouse denies the allegations of paragraph 7.

8. S&R Playhouse need not respond to allegations in paragraph 8 in connection with the declaration sought by plaintiff in this action, as plaintiff's filings speak for themselves. S&R Playhouse denies the remaining allegations in paragraph 8.

9. S&R Playhouse admits that plaintiff has attached the documents described in paragraph 9 to its Complaint.

10. S&R Playhouse denies the allegations of paragraph 10 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

11. S&R Playhouse admits the allegations of paragraph 11.

12. S&R Playhouse admits the allegations of paragraph 12.

13. S&R Playhouse admits the allegations of paragraph 13.

14. S&R Playhouse need not answer the allegations of paragraph 14 as they are conclusions of law. To the extent the allegations of paragraph 14 are determined not to be conclusions of law, S&R Playhouse denies them.

15. In answering paragraph 15, S&R Playhouse admits that it resides in this judicial district, and that the real property that is the subject of this action is situated in this district. S&R Playhouse need not answer the allegation regarding the correctness of venue in this district as the allegation is a conclusion of law. S&R Playhouse denies the remaining allegations of paragraph 15.

16. S&R Playhouse denies the allegations of paragraph 16 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

17. S&R Playhouse denies the allegations of paragraph 17 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

18. S&R Playhouse denies the allegations of paragraph 18 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

19. S&R Playhouse denies the allegations of paragraph 19 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

20. S&R Playhouse denies the allegations of paragraph 20 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

21. In answering paragraph 21, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 21 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

22. In answering paragraph 22, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 22 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

23. S&R Playhouse denies the allegations of paragraph 23 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

24. In answering paragraph 24, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 24 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

25. In answering paragraph 25, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 24 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

26. In answering paragraph 26, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 26 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

27. S&R Playhouse denies that the gold clause is a critical term of the Lease. S&R Playhouse denies the allegations of paragraph 27 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

28. S&R Playhouse denies the allegations of the first, second, and fourth sentences of paragraph 28 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof. S&R Playhouse denies the allegations of the third sentence and any remaining allegations of paragraph 28.

29. In answering paragraph 29, S&R Playhouse states that the cited law speaks for itself. To the extent that the allegations of paragraph 29 inaccurately or incompletely represent that law, S&R Playhouse denies the allegation. S&R Playhouse denies the remaining allegations of paragraph 29 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

30. In answering paragraph 30, S&R Playhouse states that the cited law speaks for itself. To the extent that the allegations of paragraph 30 inaccurately or incompletely represent that law, S&R Playhouse denies the allegations. S&R Playhouse denies the remaining allegations of paragraph 30 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

31. S&R Playhouse admits the allegations of paragraph 31.

32. S&R Playhouse denies the allegations of paragraph 32.

33. S&R Playhouse denies the allegations of paragraph 33.

34. S&R Playhouse admits that it has made rent payments of $35,000 from 1982 to 2006. S&R Playhouse denies the remaining allegations of paragraph 34.

35. S&R Playhouse denies the allegations in paragraph 35 pertaining to the pricing of gold for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof. S&R Playhouse denies the remaining allegations of paragraph 35.

36. In answering paragraph 36, S&R Playhouse admits that in February 2006 the 1912 lease related to the real estate that is the subject of this action was assigned to 216 Jamaica, and that the land that is subject to that 1912 lease was transferred to 216 Jamaica. S&R Playhouse denies the remaining allegations of paragraph 36 for lack of information or knowledge sufficient to form a belief as to the truth or falsity thereof.

37. In answering paragraph 37, S&R Playhouse admits that it tendered the amount of rent called for by the 1912 lease to 216 Jamaica on or about April 1, 2006, and that 216 Jamaica rejected that payment of rent. S&R Playhouse denies the remaining allegations of paragraph 37.

38. In answering paragraph 38, S&R Playhouse admits the allegations contained in the first sentence of the paragraph. S&R Playhouse denies the remaining allegations of paragraph 38.

39. S&R Playhouse admits that it converted the Halle Building into an office building. S&R Playhouse denies the remaining allegations of paragraph 39.

40. S&R Playhouse denies the allegations of paragraph 40.

41. In answering paragraph 41, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 41 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

42. In answering paragraph 42, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations

of paragraph 42 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

43. In answering paragraph 43, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 43 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

44. In answering paragraph 44, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 44 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

45. In answering paragraph 45, S&R Playhouse states that the 1912 lease related to the real estate that is the subject of this action speaks for itself. To the extent that the allegations of paragraph 45 inaccurately or incompletely represent the 1912 lease, S&R Playhouse denies the allegations.

**COUNT I: BREACH OF CONTRACT**

46. S&R Playhouse incorporates its answers to the allegations described in Paragraphs 1 through 45 above as if fully set forth herein.

47. S&R Playhouse denies the allegations of paragraph 47.

48. S&R Playhouse denies the allegations of paragraph 48.

49. S&R Playhouse denies the allegations of paragraph 49.

50. S&R Playhouse denies the allegations of paragraph 50.

**COUNT II: DECLARATORY JUDGMENT**

51. S&R Playhouse incorporates its answers to the allegations described in Paragraphs 1 through 50 above as if fully set forth herein.

52. S&R Playhouse denies the allegations of paragraph 52.

53. In answering paragraph 53, S&R Playhouse states that 216 Jamaica's demand for a trial by jury is not an allegation of fact that may be admitted or denied.

54. S&R Playhouse denies any and all allegations in plaintiff's Amended Complaint that are not expressly denied or admitted in the preceding paragraphs.

55. S&R Playhouse denies that it is liable to 216 Jamaica for any damages or other harm in connection with the allegations in plaintiff's Amended Complaint.

## SECOND DEFENSE

56. Plaintiff's Amended Complaint fails, in whole or in part, to state a claim upon which relief can be granted.

## THIRD DEFENSE

57. Plaintiff's claims are barred in whole or in part by the doctrine of unclean hands and/or the doctrine of *in pari delicto*.

## FOURTH DEFENSE

58. Plaintiff's claims are barred to the extent plaintiff's damages, if any, were caused by the negligence or other conduct of plaintiff or third parties.

## FIFTH DEFENSE

59. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel, waiver, and laches.

## SIXTH DEFENSE

60. Plaintiff's claims are barred in whole or in part by the doctrines of estoppel by deed and merger by deed.

**SEVENTH DEFENSE**

61. Plaintiff's claims are barred in whole or in part by the Congressional Joint Resolution of June 5, 1933, 48 Stat. 112, 113 (1933) (formerly codified at 31 U.S.C. § 463) (codified as amended at 31 U.S.C. § 5118(d)(2)).

**EIGHTH DEFENSE**

62. Plaintiff's claims are barred in whole or in part by the fact that it has suffered no damages even if the allegations contained in its Amended Complaint are taken as true.

**NINTH DEFENSE**

63. S&R Playhouse will rely on such other and further affirmative defenses as it may discover and become available during the discovery proceedings in this matter and reserves its right to amend this Answer to assert any such defenses.

For all the reasons above, and having answered in full, Defendant S&R Playhouse denies that Plaintiff 216 Jamaica is entitled to any damages whatsoever and prays for judgment in its favor, for dismissal of Plaintiff's action in its entirety and with prejudice, for recovery of its costs incurred herein, including attorneys' fees, and any such other relief, whether at law or equity, as this Court deems appropriate.

Respectfully submitted,

/s/ Stephen D. Williger
Stephen D. Williger (0014342)
Gary L. Walters (0071572)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500
(216) 566-5800 – Fax
Stephen.Williger@ThompsonHine.com
Gary.Walters@ThompsonHine.com

*Attorneys for Defendant*
*S & R Playhouse Realty Co.*

## CERTIFICATE OF SERVICE

A copy of the foregoing *Answer to Amended Complaint* was filed electronically this 4th day of October, 2006. Parties will receive notice through the Court's electronic filing system.

/s/ Stephen D. Williger
One of the Attorneys for Defendant
S & R Playhouse Realty Co.