# IN THE UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF OHIO
# EASTERN DIVISION

| | |
|---|---|
| 216 JAMAICA AVENUE, LLC, | CASE NO. 1:06CV1288 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| S & R PLAYHOUSE REALTY CO., | DEFENDANT'S *INSTANTER* MOTION FOR LEAVE TO FILE SUPPLEMENT TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT |
| Defendant. | |

Defendant S&R Playhouse Realty Company ("S&R") moves for leave to file, *instanter*, the attached Supplement to its Motion for Summary Judgment.

Shortly after S&R filed its Motion for Summary Judgment on October 12, 2006, defendants received the attached Affidavit of Thomas R Ketteler ("Ketteler Aff.", Supplement, attached as Exhibit A). Mr. Ketteler participated in the negotiations for the 1982 transfer of the leasehold to S&R on behalf of Halle Brothers Cleveland. (Ketteler Aff. ¶ 3.) The testimony of Mr. Ketteler confirms that at no time during the 1982 negotiations surrounding the transfer of the leasehold from Halle Brothers Cleveland to S&R did either party raise an issue that the rent under the 1912 Lease was adjustable based upon the price of gold. (Ketteler Aff. ¶ 6.)

Mr. Ketteler's testimony is probative of at least two legal theories at issue in this case. First, Mr. Ketteler's testimony shows that the parties did not have knowledge of, or consent to, the reactivation of a gold clause that would escalate rent beyond the stated $35,000 in annual rent, as required for a novation. (*See* Dft's Mot. for Summ. J'ment, pp. 9-10.) Ohio law requires

that each party must manifest knowledge and consent not only to the novation itself but to the terms of the new obligation they create through novation. *See Bahner's Auto Parts*, 1998 Ohio App. LEXIS 3453, at *24. (Id.)  Here the parties' course of conduct with respect to the amount of rent before, during, and after the 1982 transfer demonstrate that it was $35,000 per year in currency.

Second, Mr. Ketteler's testimony further evidences that S&R's predecessors in interest waived any amount of rent other than the $35,000 annual rent stated on the face of the 1912 Lease.  Under Ohio law, waiver may be construed from conduct on the part of an obligee which misleads an obligor to believe that his performance satisfies a condition of an obligation.  *Lewis & Michael Moving & Storage, Inc. v. Stofcheck Ambulance Service, Inc.* (10th App. Dist. 2006), 2006 Ohio App. LEXIS 3775, *16.  No evidence exists that any lessee paid other than $35,000 in annual rent in the decades prior to the 1982 transfer of the leasehold to S&R, and Mr. Ketteler's testimony confirms that an escalation of rent based upon a gold clause was never discussed or implemented between the parties in 1982 at the time of the transfer.   In the 24 years following the negotiations of the 1982 transfer, S&R has paid $35,000 in annual rent. (*See* Dft's Mot. for Summ J'ment, p. 3.)

Unfortunately, despite best efforts, S & R did not receive Mr. Ketteler's affidavit until after the deadline for filing the motion for summary judgment passed.

Accordingly for the above, reasons, S&R respectfully requests that the Court allow S&R to supplement its Defendant's Motion for Summary Judgment with the Affidavit of Thomas  R. Kettler.

Respectfully submitted,


/s/ Stephen D. Williger
Stephen D. Williger (0014342)
Gary L. Walters (0071572)
THOMPSON HINE LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
(216) 566-5500
(216) 566-5800 – Fax
Stephen.Williger@ThompsonHine.com
Gary.Walters@ThompsonHine.com

Attorneys for Defendant
S & R Playhouse Realty Co.


## CERTIFICATE OF SERVICE

A copy of the foregoing Defendant's *Instanter* Motion For Leave To File Supplement To Defendant's Motion For Summary Judgment was filed electronically this 19th day of October, 2006. Parties will receive notice through the Court's electronic filing system.


/s/ Stephen D. Williger
One of the Attorneys for Defendant
S & R Playhouse Realty Co.