**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-1288 |
| Plaintiff, | | (Judge Boyko) |
| v. | | |
| S & R PLAYHOUSE REALTY CO., | | |
| Defendant. | | |

**OPPOSITION TO DEFENDANT'S *INSTANTER*
MOTION FOR LEAVE TO FILE SUPPLEMENT TO
<u>DEFENDANT'S MOTION FOR SUMMARY JUDGMENT</u>**

Plaintiff 216 Jamaica Avenue, LLC, hereby opposes the motion of Defendant S&R Playhouse Realty Company ("S&R") for leave to file a supplemental affidavit in support of its motion for summary judgment. Although S&R states that "[u]nfortunately, despite best efforts, S&R did not receive Mr. Ketteler's affidavit until after the deadline for filing the motion for summary judgment passed," Defendant's *Instanter* Motion for Leave to Supplement to

Defendant's Motion for Summary Judgment ("S&R Mot.") at 2, it offers no meaningful explanation why it was unable to ensure that a cursory six paragraph affidavit was prepared in a timely manner. Furthermore, S&R neither obtained nor made any effort to obtain plaintiff's consent to supplement its summary judgment motion. For these reasons alone, its motion should be denied. *Cf.* Local Rule 7.1(h) ("Any motion (other than motions made during hearings or at trial) served and filed beyond the motion deadline established by the Court may be denied solely on the basis of the untimely filing.").

More fundamentally, S&R's motion should be denied because the proffered affidavit is not probative of any of the issues raised in its motion for summary judgment. Contrary to S&R's contentions, the affidavit is probative neither of the meaning of the 1982 Assignment and Assumption nor of the question whether plaintiff or its predecessors-in-interest waived any rights under the lease.

Although S&R argues that the proffered affidavit "shows that the parties did not have knowledge of, or consent to, the reactivation of a gold clause," S&R Mot. at 1, this is not correct. The 1982 Assignment and Assumption expressly recognized that the Lease by its terms could not be assigned "unless the assignee shall expressly assume the lessees['] engagements" under the Lease. Memorandum in Support of Motion of Plaintiff 216 Jamaica Avenue LLC for Summary Judgment ("216 Jamaica Summ. J. Br."), Ex. A. Consistent with this requirement, the 1982 Assignment and Assumption clearly and unequivocally states that S&R "assume[d] and agree[d] to perform each and all of the covenants, obligations, and engagements of the Assignor and lessee under [the] Lease ." 216 Jamaica Summ. J. Br., Ex. B. The plain and inescapable import of this language is that S&R agreed to each of the terms of the original lease, including the gold clause.

Nothing in the proffered affidavit suggests otherwise. As relevant here, the affiant states only that "[t]o my recollection, at no time did anyone at Halle Brothers Company, or anyone else, including during the negotiations of the transfer of the leasehold from Halle Brothers Company to S&R Playhouse, ever raise as an issue that the rent under the 1912 Lease was adjustable based upon the price of gold." S&R Mot., Ex. A at 2.[1] Even assuming the affiant accurately remembers the content of negotiations that occurred a quarter of a century ago, there plainly was no reason for the parties to discuss each of the provisions set forth in the lease. On the contrary, the 1982 Assignment and Assumption made clear that S&R was assuming all of the lessee's obligations set forth in the lease, so any discussion as to which of these obligations it was assuming would have been unnecessary. Accordingly, nothing can be inferred from the fact that the parties did not specifically discuss the gold clause, let alone an unstated understanding squarely contrary to the express and unequivocal terms of the 1982 Assignment and Assumption.

Furthermore, under venerable principles of common law long recognized in Ohio, a "written contract must be construed and interpreted from its four corners without consideration of parol evidence, i.e., evidence that would contradict or vary the terms of the contract." *Winston Sav. & Loan Co. v. Eastfork Trace, Inc.*, No. CA2001-07-064, 2002 Ohio App. LEXIS 2730, at *5 (Ohio Ct. App. May 28, 2002); *see also, e.g.*, *Rhodes v. Rhodes Indus., Inc.*, 595 N.E.2d 441, 445-46 (Ohio Ct. App. 1991) (explaining that "[g]enerally, parol evidence is

---

[1] In a separate paragraph the affiant also states that "I am advised that the rent on the face of the 1912 Lease is $35,000 per year. I have no recollection about whether rent in excess of $35,000 per year was ever paid." S&R Mot., Ex. A at 2. The first sentence of this paragraph must be disregarded because it is not based "on personal knowledge" as required by FED. R. CIV. P. 56(e). And the second sentence expressly disclaims knowledge of the matter discussed therein. Furthermore, as plaintiff has already explained in its motion for summary judgment, the gold clause was dormant from the early 1930s until the 1982 novation, so the amount paid by Halle Brothers pursuant to the lease—even assuming it were within the affiant's purported recollection—is not relevant to the obligations assumed by S&R.

3

inadmissible to contradict the terms of an unambiguous contract" and discussing "[t]he salutary effects of barring evidence of prior negotiations which vary or contradict the express language of a written agreement"); *Charles A. Burton, Inc. v. Durkee*, 109 N.E.2d 265, 270-71 (Ohio 1952) (refusing to consider oral evidence to alter "[t]he language of the written contract" that was "clear and unambiguous"); *Neil v. Board of Trustees*, 31 Ohio St. 15, 19 (1876) (invoking "the familiar rule that excludes all oral testimony offered to vary or control the written stipulations of the parties"). Accordingly, even if—contrary to its terms—the proffered affidavit purported to establish an affirmative oral understanding that S&R would not assume the obligations imposed by the gold clause despite the plain language of the 1982 instrument, any reliance on the affidavit would be barred by the parol evidence rule. *See, e.g.*, *Mark-It Place Foods, Inc. v. New Plan Excel Reality Trust, Inc.*, 804 N.E.2d 979, 994 (Ohio Ct. App. 2004) ("When a contract is unambiguous, intentions not expressed by writing in the contract are deemed to have no existence and cannot be shown by parole evidence."). Indeed in *Trostel v. American Life & Casualty Insurance Co.*, the Eighth Circuit rejected reliance on "affidavits to the effect that [the defendant] did not intend to assume an obligation to pay rent in gold" because, as here, the defendant's "intent . . . to be bound" by the terms of the lease it assumed—"which included an explicit gold clause"—was "expressed in clear and unambiguous language." 92 F.3d 736, 742-43 (8th Cir. 1996); *see also id.* (explaining that "unless there is ambiguity, intent is determined by what the contract itself says" and concluding that "the contract thus should be enforced as written"). *A fortiori*, the affidavit proffered in this case—which does not purport to establish S&R's intentions and in fact is offered by an affiant who did not even represent S&R during the negotiations relating to the 1982 transaction—is plainly irrelevant to establishing the meaning and effect of the 1982 Assignment and Assumption.

S&R also argues that the proffered affidavit "evidences that S&R's predecessors in interest waived any amount of rent other than" $35,000. S&R Mot. at 2. Once again, S&R errs. As an initial matter, neither S&R nor its predecessors in interest—the **lessees**—could waive the rights of the **lessor** under the lease, and the affidavit nowhere states or implies that plaintiff or its predecessor-in-interest, Halle Cleveland LLC, participated in the negotiations it describes.[2] Accordingly the proffered affidavit's statement to the effect that no one at **Halle Brothers** (the prior lessee) or S&R raised an issue regarding the gold clause is plainly irrelevant to whether plaintiff or any prior lessor waived any rights under the Lease. *See Trostel v. American Life & Cas. Ins. Co.*, 168 F.3d 1105, 1109 (8th Cir. 1999) (holding that "one party to a contract cannot alter its terms unilaterally without assent of the other party") (quotation marks omitted).

Even construing the affidavit to imply that no one at **Halle Cleveland** raised any issue regarding the gold clause, the lessor's silence under these circumstances plainly cannot establish waiver. The original lessor had already agreed to the assignment provided, *inter alia*, that the assignee "shall expressly assume the lessees['] engagements" under the Lease. 216 Jamaica Summ. J. Br., Ex. A. Because S&R expressly assumed and agreed to perform "each and all of the covenants, obligations, and engagements of the Assignor and lessee under [the] Lease," 216 Jamaica Summ. J. Br., Ex. B, there was plainly no reason at this time for Halle Cleveland to engage in any discussion of the terms of the lease or to raise any objections to the assignment. *Cf. Allenbaugh v. City of Canton*, 28 N.E.2d 354, 357 (Ohio 1940) ("Where, however, the silence is, under the circumstances, susceptible of more than one interpretation, the waiver will not be inferred therefrom.").

---

[2] Significantly, the 1982 assignment instrument does not bear any signature from Halle Cleveland LLC, and, for the reasons discussed in the text, none was required given that the original lessor had already agreed to the assignment provided the lessee and assignee complied with the assignment provisions set forth in the Lease, as they plainly did here.

5

The Ohio Supreme Court has made clear that courts must "move slowly and carefully when the claim is made that a party has waived the terms of a written contract and agreed to different terms by parole," especially where, as here, the claim of waiver is that a party has agreed to receive payments "less in amount than that stipulated in the original written contract." *White Co. v. Canton Transp. Co.*, 2 N.E.2d 501, 505 (Ohio 1936). As recognized by S&R's own authorities, waiver " 'may be made by express words or by conduct which renders impossible a performance by the other party, or which seems to dispense with complete performance at a time when the obligor might fully perform,' " but " '[m]ere silence will not amount to waiver where one is not bound to speak.' " *Bahner's Auto Parts v. Bahner*, No. 97CA2538, 1998 Ohio App. LEXIS 3453, at *18-*19 (Ohio Ct. App. June 23, 1998) (quoting *White*, 2 N.E.2d at 505). Nothing in the proffered affidavit suggests that Halle Cleveland waived any rights under the Lease by express words or engaged in conduct that rendered it impossible for S&R to make full payments under the Lease. And given that at the time of the 1982 Assignment and Assumption, no performance of the rental obligations assumed by S&R was yet due, Halle Cleveland plainly had no duty to speak and its silence cannot even arguably be construed as conduct dispensing with complete performance "at a time when the obligor might fully perform." *Id*. at *19; *cf. id*. at *21 (explaining that "failure to assert a right" does not constitute waiver unless "circumstances require its prompt attention"); *Allenbaugh*, 28 N.E.2d at 357 ("Before silence will be construed as a waiver of rights expressly conferred by statute, the duty to speak must be imperative, and the silence must clearly indicate an intent to waive, or be maintained under such circumstances that equity will impute thereto such intent."). Nor, under these circumstances, can such silence be construed to constitute "acts and conduct" that "are inconsistent with an intent to claim a right." *Lewis & Michael Moving & Storage, Inc. v. Stofcheck Ambulance Services, Inc.*, 2006 Ohio App.

6

LEXIS 3775, *16 (Ohio Ct. App. July 25, 2006). For all of these reasons, nothing in the proffered affidavit even arguably supports the proposition that plaintiff or its predecessor-in-interest waived any rights under the lease at the time of the 1982 Assignment and Assumption.

Furthermore, it is not clear that the affidavit sets forth "such facts as would be admissible." FED. R. CIV. P. 56(e). If the Court were inclined to give any weight to this parol evidence, we would request the right to file a supplemental brief pursuant to Federal Rule of Civil Procedure 56(f) after taking Mr. Ketteler's deposition and probing the basis for and meaning of his affidavit. To date, we have not been able to schedule a mutually convenient time to take Mr. Ketteler's deposition because defense counsel takes the position that his schedule will not permit him to participate in any such deposition in the months of November or December.

For the foregoing reasons, this Court should deny S&R's motion for leave to file a supplemental affidavit in support of its motion for summary judgment.

November 6, 2006

Respectfully Submitted,

/s/ Charles J. Cooper

_____

James B. Niehaus (0020128)
jniehaus@frantzward.com
Christopher G. Keim (0067117)
ckeim@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
216-515-1660
216-515-1650 (fax)

Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
David Lehn
dlehn@cooperkirk.com
COOPER & KIRK, PLLC
555 Eleventh Street NW
Suite 750
Washington, DC 20004
(202) 220-9600
(202) 220-9601 (fax)

*Attorneys for Plaintiff*

7

# **CERTIFICATE OF SERVICE**

  I hereby certify on November 6, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

            /s/ Charles J. Cooper
            _____

            Charles J. Cooper
            COOPER & KIRK, PLLC
            555 Eleventh Street NW
            Suite 750
            Washington, DC 20004
            (202) 220-9600
            (202) 220-9601 (fax)
            ccooper@cooperkirk.com

            Respectfully submitted,