**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) ) ) ) ) | Civil Action No. 06-1288 |
| Plaintiff, | ) ) ) | (Judge Boyko) |
| v. | ) ) ) |  |
| S & R PLAYHOUSE REALTY CO., | ) ) ) |  |
| Defendant. | ) ) ) ) |  |

**PLAINTIFF'S OPPOSITION TO DEFENDANT'S EMERGENCY MOTION TO
EXTEND SUMMARY JUDGMENT BRIEFING SCHEDULE AND TO HOLD IN
<u>TEMPORARY ABEYANCE THE DEPOSITION OF MR. THOMAS KETTELER</u>**

The Court should deny the emergency motion of defendant, S&R Playhouse Realty Co ("S&R"), to extend the summary judgment briefing schedule and to hold in temporary abeyance the deposition of Thomas Ketteler. S&R contends that the briefing schedule should be extended so that it has time to depose the members of plaintiff, 216 Jamaica Avenue LLC ("216 Jamaica"), and so that 216 Jamaica has time to depose Mr. Ketteler. Neither these depositions

nor any other discovery that the parties anticipate seeking at this time merits such adjustment to the briefing schedule. It is highly unlikely that any of this parol evidence will be relevant to the Court's disposition of the parties' summary judgment motions. And even if relevant information is unearthed, it could be addressed in a short supplemental brief to be filed with the reply brief due on November 27. In addition, S&R has offered no reason for holding in abeyance the deposition of Mr. Ketteler.

**I.     The Summary Judgment Briefing Schedule Should Not Be Extended**

S&R requests that the summary judgment briefing schedule be extended, so that the parties' response briefs would be due on February 23, 2007, and the parties' reply briefs would be due on March 9, 2007. A three month extension is unnecessary and inappropriate for several reasons.

First, any facts to be developed through these depositions or other discovery are entirely immaterial to the disposition of this case or are inadmissible parol evidence. As is evident from our summary judgment brief, all of the issues in this case are either purely legal or are addressed adequately by the parties' Joint Stipulation. Furthermore, as demonstrated in our summary judgment brief, the controlling contracts—the Lease and the 1982 Assignment and Assumption—are clear and unambiguous. Thus, the facts that may be developed in the limited outstanding discovery are inadmissible parol evidence offered to vary the terms of those unambiguous contracts. *See, e.g.*, *Charles A. Burton, Inc. v. Durkee*, 109 N.E.2d 265, 270-71 (Ohio 1952) (excluding extrinsic evidence offered to vary terms of contract because "[t]he language of the written contract [wa]s clear and unambiguous").

Second, if the Court decides that the outstanding factual material is admissible, so that the contemplated discovery becomes relevant to the disposition of this action, none of the

contemplated discovery should be time-consuming or complicated to conduct. But to the extent that this contemplated discovery cannot be completed in time for the parties to incorporate its fruits into their summary judgment briefs, this is entirely S&R's own doing. S&R should not now be rewarded with an extension of the briefing schedule for the delays it alone has created. There are three limited areas of discovery, and all would have been complete if S&R had acted in a timely fashion.

  a. At this time, we anticipate subpoenaing documents from the partners of S&R and Halle Office Building (S&R's subtenant and affiliate). Our motivation for propounding these subpoenas is purely defensive. Our primary objective in subpoenaing documents from the partners of S&R and Halle Office Building is to obtain a copy of the "Confidential Placement Memorandum." In its Initial Disclosures pursuant to Federal Rule of Civil Procedure 26(a)(1), S&R stated that this document "may be used by Defendant to support its defense as to the claims asserted by Plaintiff." Exhibit A at 1, 3. Furthermore, S&R stated that the Confidential Placement Memorandum and the other documents identified in its Initial Disclosures "are available for review at a mutually convenient date and time in the offices of Thompson Hine LLP." Exhibit A at 1. We requested the opportunity to inspect the documents while we were in Cleveland for purposes of the Case Management Conference, but counsel for S&R declined on the ground that it was not a convenient time for them. We have since requested a copy of the Confidential Placement Memorandum on numerous occasions, including through a formal document request that we served upon S&R and a subpoena for documents that we served upon its parent, Forest City Enterprises, nearly two months ago. We still have not received a copy of this document. It is our hope that subpoenas upon the partners of S&R and Halle Office Building will yield a copy of this document that S&R should have produced long ago. In any

event, the volume of responsive material will be small, and production can be completed promptly.

b. Similarly, we anticipate deposing Mr. Ketteler solely for defensive purposes. Mr. Ketteler's terse affidavit offers little detail concerning the bases of his statements. Accordingly, we want to depose Mr. Ketteler to probe the bases and meaning of his statements and to determine whether his statements are reducible to admissible evidence. *See* FED. R. CIV. P. 56(e). We do not expect that this deposition would last for more than a few hours. Prior to S&R's *Instanter* Motion for Leave to File Supplement to its Motion for Summary Judgment, through which it seeks to present Mr. Ketteler's affidavit, we had no awareness of Mr. Ketteler. S&R, of course, filed that motion on October 19, one week **after** its opening summary judgment brief was due. Since S&R filed that motion, we have worked diligently to find a date on which to depose Mr. Ketteler that is convenient for both parties and for Mr. Ketteler. Counsel for Mr. Ketteler has informed us that he is available on various dates in November and December. Counsel for S&R, however, have stated that Mr. Williger is the only attorney at Thompson Hine who can participate and that he is not available **on any** date during November or December. We would respectfully submit that we should not have to wait 10 weeks (or more) to depose Mr. Ketteler.

c. Finally, S&R indicates that it anticipates deposing the members of 216 Jamaica. The members of 216 Jamaica are available to be deposed in November, so there is no need for a lengthy delay to complete these depositions. Moreover, S&R could have conducted these depositions long ago. S&R asserts that the members of 216 Jamaica "remain nameless despite S&R's repeated demands to know their identity." This is not true. It is true that counsel for S&R initially suggested that the identity of the members of 216 Jamaica be included in the

parties' Joint Stipulation, but because that information was entirely irrelevant to the disposition of the parties' motions for summary judgment, we declined to so stipulate. We also objected on relevance grounds to S&R's sweeping document request seeking documents relating to 216 Jamaica. Nevertheless, the documents we produced repeatedly identify the managing member of 216 Jamaica as Stuart Venner and provide his address. The checks to purchase the property at issue, which we also produced, also bear the name of Mr. Venner's wife, Grace Chang-Venner, the only other member of the LLC. *See, e.g.*, Exhibits B & C. The bottom line is that S&R has had possession of the identity of 216 Jamaica's members for more than 5 weeks. S&R offers no excuse for its failure to notice the depositions before briefing. And, of course, S&R could have taken a 30(b)(6) deposition at any time. Finally, we note S&R offers no explanation as to how these depositions relate in any way to the summary judgment briefing.

## II. The Deposition of Mr. Ketteler Should Not Be Held in Abeyance

S&R also requests that the deposition of Mr. Ketteler be held in temporary abeyance. Although S&R includes this request in the title of its motion, S&R nowhere addresses—not in its motion and not in the accompanying memorandum—why the deposition should be held in abeyance or what the deposition should be held in abeyance of or until. Such a bald request fails to comply with Local Rule 7.1(c), which states, "The moving party must serve and file with its motion a memorandum of the points and authorities on which it relies in support of the motion."

## III. Conclusion

For the foregoing reasons, this Court should deny S&R's motion to extend the summary judgment briefing schedule and to hold in temporary abeyance the deposition of Thomas Ketteler, so that his deposition may proceed in November.

| | |
|---|---|
| November 7, 2006 | Respectfully Submitted,<br><br>/s/ Charles J. Cooper<br>_____ |
| James B. Niehaus (0020128)<br>jniehaus@frantzward.com<br>Christopher G. Keim (0067117)<br>ckeim@frantzward.com<br>FRANTZ WARD LLP<br>2500 Key Center<br>127 Public Square<br>Cleveland, Ohio 44114-1230<br>216-515-1660<br>216-515-1650 (fax) | Charles J. Cooper<br>ccooper@cooperkirk.com<br>David H. Thompson<br>dthompson@cooperkirk.com<br>David Lehn<br>dlehn@cooperkirk.com<br>COOPER & KIRK, PLLC<br>555 Eleventh Street NW<br>Suite 750<br>Washington, DC 20004<br>(202) 220-9600<br>(202) 220-9601 (fax)<br><br>*Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

       I hereby certify on November 7, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

       /s/ Charles J. Cooper
       _____
       Charles J. Cooper
       COOPER & KIRK, PLLC
       555 Eleventh Street NW
       Suite 750
       Washington, DC 20004
       (202) 220-9600
       (202) 220-9601 (fax)
       ccooper@cooperkirk.com