**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

|  |  |  |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) ) ) ) | Civil Action No. 06-1288 |
| Plaintiff, | ) ) ) ) | (Judge Boyko) |
| v. | ) ) ) | |
| S & R PLAYHOUSE REALTY CO., | ) ) ) | |
| Defendant. | ) ) ) ) | |

**PLAINTIFF'S MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM
IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

On behalf of plaintiff, 216 Jamaica Avenue LLC, we respectfully request leave to file a surreply memorandum in opposition the motion for summary judgment of defendant, S&R Playhouse Realty ("S&R"). Our surreply memorandum is attached as Exhibit A. We make this request because S&R presented certain arguments in its reply brief that it had not raised previously and that were not directly responsive to arguments that we raised in our previous briefs. Our proposed surreply would address only S&R's new arguments.

A.      S&R contends for the first time in its reply brief that the 1982 Assignment and Assumption did not effect a novation of the Lease because the parties to the Lease did not consent to the novation **contemporaneously**.  Def.'s Reply Br. in Supp. of Def.'s Mot. for Summ. J. ("Def.'s Reply Br.") at 6-8.  Specifically, S&R argues that the 1982 Assignment and Assumption "was between the old and new lessee only **and did not include the lessor**."  Def.'s Reply Br. at 7 (emphasis supplied).  At no point in its opening brief or opposition brief did S&R even mention its contemporaneity argument.

S&R's contemporaneity argument is certainly not directly responsive to an argument that we advanced in any of our previous briefs.  At no point did we raise the issue of contemporaneity.   If S&R's contemporaneity argument were genuinely a reply to our novation arguments, S&R could have raised it in its opposition brief because the novation arguments that we developed in our opposition brief largely repeated the novation arguments that we developed in our opening brief.  *See* Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Pl.'s Opp'n Br.") at 7-10; Mem. in Supp. of Mot. of Pl. 216 Jamaica Avenue LLC for Summ. J. ("Pl.'s Opening Br.") at 10-16.  But, as noted above, S&R did not raise its contemporaneity argument in its opposition brief.

B.      S&R also contends for the first time in its reply brief that the 1982 Assignment and Assumption is ambiguous with respect to whether S&R assumed the assignor's obligations or the original lessee's obligations and whether there was any relevant difference between the two. Def.'s Reply Br. at 9 & n.6, 10.  S&R did not even hint in its opening brief that there was a relevant difference between the assignor's and the original lessee's obligations; S&R raised this issue for the first time in its opposition brief.  Def.'s Br. in Opp'n to Pl.'s Mot. for Summ. J. ("Def.'s Opp'n Br.") at 9-11.  Yet, S&R's discussion of this issue in its opposition brief made no

mention of any ambiguity in the 1982 Assignment and Assumption. Indeed, in that brief S&R had said—specifically with respect to this issue—that the "language of the 1982 Assignment" is "clear." Def.'s Opp'n Br. at 9.

S&R's argument that the 1982 Assignment and Assumption is ambiguous is certainly not responsive to arguments that we advanced in our opening brief or opposition brief because we did not mention any possible difference between the obligations of the assignor and the original lessee until our reply brief, in which we showed that S&R's argument in its opposition brief on this issue lacks merit. Reply Mem. in Supp. of Mot. of Pl. 216 Jamaica Avenue for Summ. J. at 12-14.

\*   \*   \*

For the foregoing reasons, the Court should grant plaintiff leave to file a surreply memorandum in opposition to defendant's motion for summary judgment on the issues identified above.

December 5, 2006

Respectfully Submitted,

/s/ Charles J. Cooper

_____

James B. Niehaus (0020128)
jniehaus@frantzward.com
Christopher G. Keim (0067117)
ckeim@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
216-515-1660
216-515-1650 (fax)

Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
David Lehn
dlehn@cooperkirk.com
COOPER & KIRK, PLLC
555 Eleventh Street NW
Suite 750
Washington, DC 20004
(202) 220-9600
(202) 220-9601 (fax)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

       I hereby certify on December 5, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

       /s/ Charles J. Cooper
       _____

       Charles J. Cooper
       COOPER & KIRK, PLLC
       555 Eleventh Street NW
       Suite 750
       Washington, DC 20004
       (202) 220-9600
       (202) 220-9601 (fax)
       ccooper@cooperkirk.com