**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| **216 JAMAICA AVENUE, LLC,** ) | CASE NO. 1:06CV1288 |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **DEFENDANT'S OPPOSITION** |
| **S & R PLAYHOUSE REALTY CO.,** ) | **BRIEF TO PLAINTIFF'S MOTION** |
| ) | **FOR LEAVE TO FILE SURREPLY** |
| Defendant. ) | **IN OPPOSITION TO** |
| ) | **DEFENDANT'S MOTION FOR** |
| ) | **SUMMARY JUDGMENT** |

Plaintiff 216 Jamaica Avenue LLC ("Jamaica") opposes Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion for Summary Judgment. Jamaica asserts that S&R has introduced two new arguments in its reply brief not raised previously and that "were not directly responsive" to Jamaica's prior arguments.[1] Jamaica states that S&R raises for the first time in its reply: (1) a requirement for contemporaneous consent under Ohio's novation law, and (2) that the 1982 Assignment and Assumption is unclear with respect to Jamaica's interpretation. While S&R does make these arguments, Jamaica has had every opportunity to address these arguments in its prior briefs yet chose not to for its own purposes.

---

[1] Plaintiff's Motion for Leave to File Surreply Memorandum in Opposition to Defendant's' Motion for Summary Judgment ("Mot. for Leave"), at 1.

### A. Jamaica Has Purported to Set Forth and Analyze for This Court Ohio's Law of Novation, But It Has Omitted A Key Requirement.

First, it was Jamaica that purported to set forth Ohio's law of novation for this Court in its opening brief and it was Jamaica that in doing so ignored a key requirement of that law—contemporaneous consent. (Ptf's Opening Brief at 9-10.) Now, after the briefing is in, Jamaica makes no serious attempt to deny Ohio's requirement for contemporaneous consent, but instead attempts to argue that the lessor gave "standing consent" and that the lessor's 1912 "consent" was contemporaneous in 1982. Jamaica concedes that no Ohio law directly addresses this novel theory. (Ptf's Proposed Surreply at 3.)

Considering that Jamaica's counsel are not newcomers to the "gold clause" cases, they must have known that contemporaneous consent was a point of contention in at least one of their much-cited cases, *Fay Corp. v. Bat Holdings I, Inc.*[2] 646 F. Supp. 946, 951-52 (W.D. Wash. 1986). In Ohio, however, the law concerning contemporaneous consent is against Jamaica and Jamaica conveniently neglected to present this requirement to the Court when it purported to set forth Ohio's novation law. Now Jamaica seeks no more than to have the last word on an issue that was apparent to its counsel before this matter was filed.

Furthermore, neither of the two Ohio cases cited by Jamaica in its proposed surreply remotely stand for the suggested proposition that Ohio courts have found that "standing consent" is sufficient to effect a novation. (Ptf's Proposed Surreply at 3.) Actually, neither of the two cases cited by Jamaica even resulted in a holding of novation.

In *Parkway Business Plaza Ltd. Partnership v. Custom-Zone, Inc., et al.*, 2006 Ohio 5255 (Cuyahoga Cty. 2006), cited by Jamaica, the court there looked to the agreement in that case to

---

[2] Counsel for Jamaica are of record on at least one of the cases to which they have cited extensively: *Trostel v. American Life & Cas. Ins. Co.*, 168 F.3d 1105 (8th Cir. 1999).

determine that there was *no* consent—the court certainly did not examine the agreement and conclude that the lessor consented to a novation on a standing basis. *Id.,* at P30. The *Parkway* Court did find that there was nothing in the *assignment* agreement explicitly forming a new contract. *Id.*

Likewise, in the only other Ohio case cited by Jamaica for the proposition of "standing consent"—*Miller v. C.K.L., Inc.*, No. 84-CA-26, 1985 Ohio App. LEXIS 6915 (Gallia Cty. July 19, 1985)—the court did not find that the lessor gave "standing consent" for a novation, nor did the court excuse in any way Ohio's requirement for contemporaneous consent. As in *Parkway*, the *Miller* court found that there was *no* novation, *not* that the lessor gave standing consent and thus satisfied Ohio's contemporaneous consent requirement for a novation. S&R demonstrated in its reply brief that *contemporaneous* consent is required for a novation under Ohio law. (Def'd Reply at pp. 6-8.)

In addition, the *Parkway* case cited by Jamaica underscores that it is Jamaica's burden to prove there was a novation. *Parkway*, 2006 Ohio 5255, at P22. Jamaica attempts to do so by pointing to the 1912 Lease language to show that the original lessor gave "standing consent," yet the Lease addresses how contemporaneous consent is to be given, and Jamaica curiously offers no evidence that the provision has been honored. Instead, Jamaica omits and ignores the portion of the Lease's language that goes straight to the issue of contemporaneous consent.

In its proposed surreply, Jamaica cites to its own opening brief for arguments concerning the Lessor's supposed consent (Ptf's Opening Brief at pp. 15-16), but Jamaica makes no mention of the Lease's clear requirement that the Lessor have "placed in the hands of lessor for inspection during a period of then (10) days a legal and sufficient instrument of assignment and acceptance…." (Lease at 4.) This is the very substance of contemporaneous consent. Though

Jamaica has the burden to prove novation, it has offered nothing with respect to this express requirement for contemporaneous consent. Jamaica has had every opportunity to address these issues in its earlier briefings.

>    **B.  To the Extent that Jamaica Reads the 1982 Assignment to Mean that the Assignor's Obligations are Identical to the Original Lessee's Obligations, the 1982 Assignment is Unclear.**

While it is true that S&R believes that the 1982 Assignment and Assumption Agreement is clear with respect to S&R's position on novation—that is, S&R did not agree to novate and resurrect the 1912 Lease's inoperative "gold clause"—it is obvious from the summary judgment briefings to date that S&R finds *Jamaica's interpretatio*n of the 1982 Assignment wrong. Jamaica's interpretation of the 1982 Assignment is unclear. The 1982 Assignment is significantly different than those relied upon by Jamaica from prior decisions, Ohio law is different, and thus S&R interprets the operative documents differently than Jamaica. Jamaica, on the other hand, attempts to gloss over those differences and shoehorn the facts here into previous cases and different state law. Jamaica has had every opportunity to address these differences in its prior briefings.

Jamaica contends that any difference in the obligations between the original lessee and the Assignor turns only on an interpretation of the Congressional Joint Resolution. (Surreply at 6.) Jamaica attempts to argue around the issue. Congress declared the "gold clause" to be inoperative, and as a result, the "gold clause" was indisputably dormant at the time of the 1982 Assignment. While there is no dispute that the original lessee was subject to the "gold clause," whatever that clause means, there should also be no dispute over what the Assignor's and lessee's

obligations were at the time of the 1982 Assignment.[3]  The Assignor assigned its obligations as of 1982, and those obligations did not include payment under the "gold clause." To the extent that Jamaica insists, contrary to the clear conduct of all the parties from 1982 to 2006, that the 1982 Assignment meant anything else, the 1982 Assignment is certainly ambiguous and unclear. No one has read the Lease and 1982 Assignment together the way that plaintiff does now.

Finally, Jamaica contends that the issue of ambiguity of the 1982 Assignment does not touch Jamaica's privity of estate argument, and that S&R has failed to offer a "legitimate response" to that argument.  Indeed, the privity of estate argument is not legitimate itself.  Under such a theory, virtually any dormant "gold clause" in a lease assigned after 1977 would be reactivated without a word or thought from the parties.  Jamaica has offered no law that supports that proposition.  Certainly, none of the "gold clause" cases cited by Jamaica supports that proposition.

## CONCLUSION

As a result of all the above, S&R respectfully asks that the Court deny Jamaica's motion for leave to file a surreply.  Should the Court be inclined to grant such leave, S&R asks that the Court allow S&R to respond more fully when the near-term discovery has been completed.  That discovery thus far includes the deposition of S&R's affiant, Thomas Ketteler, as well as the depositions of Jamaica's two principals.  In addition, Jamaica has declared its intention to depose S&R under Fed. R. Civ. P. 36(b).

---

[3]  Contrary to Jamaica's arguments, the "Assignor and the lessee" under the 1982 Assignment were and are one in the same.

-5-

    Respectfully submitted,


    /s/ Gary L. Walters
    Stephen D. Williger (0014342)
    Gary L. Walters (0071572)
    THOMPSON HINE LLP
    3900 Key Center
    127 Public Square
    Cleveland, Ohio  44114-1291
    (216) 566-5500
    (216) 566-5800 – Fax
    Stephen.Williger@ThompsonHine.com
    Gary.Walters@ThompsonHine.com

    Attorneys for Defendant
    S & R Playhouse Realty Co.

## CERTIFICATE OF SERVICE

A copy of the foregoing *Defendant's Brief in Opposition to Plaintiff's Motion for Leave to File Surreply in Opposition to Defendant's Motion for Summary Judgment* were filed electronically this 20th day of December, 2006. Parties will receive notice through the Court's electronic filing system.

/s/ Gary L. Walters
One of the Attorneys for Defendant
S & R Playhouse Realty Co.