IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

|  |  |  |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Civil Action No. 06-1288 |
| Plaintiff, | | (Judge Boyko) |
| v. | | |
| S & R PLAYHOUSE REALTY CO., | | |
| Defendant. | | |

### REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S
### MOTION FOR LEAVE TO FILE SURREPLY MEMORANDUM IN
### OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

In its opposition to our motion for leave to file a surreply, S&R does not dispute that it raised the contemporaneity argument and the ambiguity argument for the first time in its summary judgment reply brief. For this reason alone, our motion for leave should be granted.

Instead, S&R contends that we have "had every opportunity to address these arguments in [our] prior briefs yet chose not to for [our] own purposes." Def.'s Opp'n Br. to Pl.'s Mot. for

Leave to File Surreply in Opp'n to Def.'s Mot. for Summ. J. ("S&R Leave Opp'n") at 1. In other words, S&R is of the view that a party must anticipate in its initial briefing all possible challenges that the other party could make and that a surreply is available only for arguments that could not have been anticipated. This is clearly not the standard—one party is never obligated to make the other party's case for it. The arguments that we developed in our initial briefing were sufficient to establish that we could meet our burden of proof on all relevant issues; we were required to anticipate nothing more than that (though we did anticipate many issues in an attempt to streamline the briefing).

The remaining points that S&R makes in its opposition to our motion for leave are directed not to the merits of that motion but rather to the merits of the motions for summary judgment. The remaining points are, therefore, not relevant to the disposition of our motion for leave and should be disregarded.

In fact, S&R actually advances yet another **new** argument for why there was no novation, namely, that we have not offered evidence that the assignor, as required by the Lease as a condition of assignment, " 'placed in the hands of the lessor for inspection during a period of ten (10) days a legal and sufficient instrument of assignment and acceptance' " ("10-day Requirement"). S&R Leave Opp'n at 3 (quoting Lease at 4). S&R has failed to make this argument in any of its three summary judgment briefs. And it is entirely inappropriate for S&R to inject a new argument that goes to the merits of the summary judgment motions in a brief in opposition to a motion for leave to file a surreply. Thus, as a procedural matter, S&R is foreclosed from making this argument at this point, and S&R's argument should be disregarded.

Moreover, S&R's argument fails on the merits. If the parties to the 1982 Assignment did not comply with the 10-day Requirement, then the purported assignment to S&R in 1982 would

be void and S&R would not be the lessee under the Lease. But S&R has represented to the Court that the assignment was valid and that it is the lessee under the Lease. *See* Answer to Am. Compl. ¶ 6 ("S&R Playhouse admits that with respect to real estate that it is the subject of this action it became a lessee by assignment of a 1912 lease in 1982."). No further proof of the validity of the assignment or of the manner in which the assignment was effectuated is necessary.[1]

Finally, S&R indicates that if the Court grants our motion for leave, S&R would request that it have until after the conclusion of the "near-term discovery" to respond to our surreply. S&R is not entitled to nor should it be granted an opportunity to respond to our surreply. If S&R had wanted the opportunity to reply to our response to its contemporaneity and ambiguity arguments, S&R could have and should have presented those arguments in its opening summary judgment brief. S&R did not do so.[2]

\*   \*   \*

---

[1] Technically, the assignment could have been effectuated without satisfying the 10-day Requirement provided the parties to the assignment obtained "the consent of the lessor in writing." Lease at 4. But S&R has never suggested that written consent was obtained. In any event, the assignment was authorized under the Lease because the parties to the assignment complied with all of the requirements for such assignment, including that "the assignee shall expressly assume the lessees['] engagements hereunder." Lease at 4. Indeed, in the 1982 Assignment and Assumption, S&R and the assignor explicitly recited the requirements of assignment as stated in the Lease. 1982 Assignment and Assumption at 1. And regardless of how the assignment was effectuated, S&R is foreclosed from disputing that the lessor consented to it for the reasons stated in the text above. For reasons we have stated elsewhere, that consent referred to the all of the terms of the Lease, which plainly included the gold clause.

[2] Moreover, it is entirely unnecessary for S&R to have until the conclusion of the "near-term discovery" to respond to our surreply. The issues addressed in our surreply are either purely legal or can be resolved by reference to evidentiary materials already before the Court, in particular the Lease and the 1982 Assignment and Assumption. The fruits of the near-term discovery will therefore not affect the Court's assessment of the contemporaneity and ambiguity arguments.

3

For the foregoing reasons and the reasons articulated previously, the Court should grant plaintiff leave to file a surreply memorandum in opposition to defendant's motion for summary judgment on the issues identified in our motion for leave.

December 27, 2006

Respectfully Submitted,

/s/ Charles J. Cooper
_____

James B. Niehaus (0020128)
jniehaus@frantzward.com
Christopher G. Keim (0067117)
ckeim@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
216-515-1660
216-515-1650 (fax)

Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
David Lehn
dlehn@cooperkirk.com
COOPER & KIRK, PLLC
555 Eleventh Street NW
Suite 750
Washington, DC 20004
(202) 220-9600
(202) 220-9601 (fax)

*Attorneys for Plaintiff*

# **CERTIFICATE OF SERVICE**

       I hereby certify on December 27, 2006, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

       /s/ Charles J. Cooper
_____

Charles J. Cooper
COOPER & KIRK, PLLC
555 Eleventh Street NW
Suite 750
Washington, DC 20004
(202) 220-9600
(202) 220-9601 (fax)
ccooper@cooperkirk.com