# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

| | |
|---|---|
| 216 JAMAICA AVENUE, LLC, | Civil Action No. 06-1288 |
| Plaintiff, | (Judge Boyko) |
| v. | |
| S & R PLAYHOUSE REALTY CO., | |
| Defendant. | |

## PLAINTIFF'S OPPOSITION TO DEFENDANT'S
## MOTION FOR CONTINUANCE PURSUANT TO RULE 56(f)

Instead of responding to Jamaica's renewed summary judgment motion, S&R moved for leave to amend its Answer to add two defenses and for a continuance under Rule 56(f) so that it could take additional discovery. The Court should deny both motions. Jamaica here responds to S&R's motion for a continuance, and responds to S&R's motion for leave to amend in a separate brief filed today.

S&R proposes adding two defenses to its Answer – equitable estoppel and "impracticability/impossibility" – and asks for a continuance so that it may pursue further discovery. In his affidavit in support of its motion for a continuance, counsel for S&R states that S&R "needs additional time to: (a) locate witnesses and documents relating to its defenses including, without limitation, discovery regarding the conduct and course of conduct between the lessor and prior lessee, as well as the lessor and S&R, respecting the payment and amount of rent; (b) identify and conduct expert discovery relating to the meaning of the gold clause contained in the Lease; (c) search for and discover documents and witnesses going back potentially 25 years documenting the type and quantity of S&R's reliance upon rent being set at

$35,000 per year, which includes capital improvements made by S&R, sub-leasing arrangements between S&R and its sub-tenants, and lending arrangements; [and] (d) further obtain documents that can demonstrate the original intent of the parties in 1912." Aff. of Gary L. Walters ("Walters Aff.") ¶ 3 (Oct. 24, 2008) (Ex. A).

The party opposing a motion for summary judgment, such as S&R, must "set out specific facts showing a genuine issue for trial." FED. R. CIV. P. 56(e)(2). Under Rule 56(f), a court may "order a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken" only if the party requesting the continuance "shows by affidavit that, for specified reasons, it cannot present facts essential to justify its opposition." FED. R. CIV. P. 56(f)(2); *Lewis v. ACB Bus. Servs.*, 135 F.3d 389, 409 (6th Cir. 1998). Courts have elaborated on the requirements of Rule 56(f) in important ways. A court may order a continuance only if the requesting party shows that the "necessary evidence was unavailable at the time." *Longazel v. Fort Dearborn Life Ins. Co.*, No. 07-22, 2008 U.S. Dist. LEXIS 61106, at *8 (N.D. Ohio Aug. 4, 2008) (Boyko, J.) (Ex. B); *see Ball v. Union Carbide Corp.*, 385 F.3d 713, 720 (6th Cir. 2004) (party must explain "why it has not previously discovered the information"); *Jocham v. Tuscola County*, 239 F. Supp. 2d 714, 734 (E.D. Mich. 2003) ("Rule 56(f) may be invoked only when the plaintiff has been unable to acquire needed discovery through due diligence …."). Further, a court should deny a request for a continuance if the requesting party "makes only general and conclusory statements [in its affidavit] regarding the need for more discovery and does not show how an extension of time would have allowed [the desired] information … to be discovered." *Ball*, 385 F.3d at 720-21 (quotation marks omitted).

S&R's motion for a continuance should be denied. At best, the motion is the product of S&R's belated realization that the defenses it previously asserted are meritless and that there are

2

other legal theories it has not yet tried. But "Rule 56(f) may [not] be invoked" simply because the party seeking a continuance previously "failed to thoroughly examine [its] opportunities in the time available to" it. *Jocham*, 239 F. Supp. 2d at 734. S&R's request for a continuance suffers from three basic defects: (1) the evidence S&R now claims to want is not essential to justify its opposition to Jamaica's renewed motion for summary judgment; (2) to the extent this evidence exists, there is no reason to believe that it has been unavailable to S&R; and (3) to the extent this evidence has been unavailable, there is no reason to believe that it exists and therefore no reason to believe that S&R will find it if only S&R has more time.

If the Court orders a continuance, however, then the Court should grant partial summary judgment in favor of Jamaica as to all issues raised by its renewed summary judgment motion that are not related to the issues for which the Court orders the continuance, or at least not permit S&R to submit further briefing on those issues.

### I. THE EVIDENCE S&R SEEKS WOULD NOT CHANGE THE OUTCOME

Hoped-for evidence is essential to justify a party's opposition to a motion for summary judgment only if the evidence would "change the legal outcome" of the motion. *Longazel*, 2008 U.S. Dist. LEXIS 61106, at *9 (Boyko, J.).[1] Hoped-for evidence would not change the outcome if the defense to which it would relate would still fail as a matter of law, *id.*,[2] or if the evidence would not be admissible, *North Am. Specialty Ins. Co. v. Myers*, 111 F.3d 1273, 1280-81 (6th Cir. 1997) ("inadmissible evidence cannot preclude a motion for summary judgment"); FED. R.

---

[1] *See also Ball*, 385 F.3d at 721 (affirming denial of continuance where "the discovery requested in Plaintiffs' Rule 56(f) affidavit was irrelevant to the [legal] issue"); *Good v. Ohio Edison Co.*, 149 F.3d 413, 422-23 (6th Cir. 1998) (same); *In re Aredia & Zometa Prods. Liab. Litig.*, No. 06-1760, 2007 U.S. Dist. LEXIS 92060, at *10-11 (M.D. Tenn. Nov. 30, 2007) (Ex. C) ("the party must be able to explain how the discovery would counter the moving party's showing of the absence of a genuine issue of material fact"); *Jocham*, 239 F. Supp. 2d at 735.
[2] *See also Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995); *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006).

CIV. P. 56(e)(1). S&R's request for a continuance fails for both of these reasons.

### A. S&R's Defenses Would Still Fail as a Matter of Law

S&R says that the evidence it hopes to find will help it prove the two affirmative defenses it now proposes to add to its Answer and to show the meaning of the Lease's gold clause. Mem. in Supp. of Def.'s Mot. for Continuance ("S&R Continuance Br.") 4, 7 n.3; Walters Aff. ¶ 3. That is not so: even with this evidence, all of its arguments would still fail as a matter of law. As explained in Jamaica's opposition to S&R's motion for leave to amend its Answer, S&R's proposed defense of equitable estoppel would fail as a matter of law for numerous reasons, even taking as true the facts S&R thinks it will find with additional discovery. *See* Pl.'s Opp'n to Def.'s Mot. for Leave to Am. Answer *Instanter* ("Jamaica Leave Opp.") 4-11. Also as explained in that brief, S&R's proposed defense of "impracticability/impossibility" would fail as a matter of law, particularly because it depends on S&R's interpretation of the gold clause, which the Sixth Circuit has now authoritatively rejected. *See id*. at 11-15; *216 Jamaica Ave., LLC v. S & R Playhouse Realty Co.*, 540 F.3d 433, 435 (6th Cir. 2008). And because S&R's interpretation of the gold clause is wrong, its primary defense – that it has not breached the lease – also fails as a matter of law. Mem. in Supp. of Mot. of Pl. for Summ. J. ("Jamaica S.J. Br.") 5-7; Pl.'s Mem. in Opp'n to Def.'s Mot. for Summ. J. ("Jamaica S.J. Opp.") 3-5; Reply Mem. in Supp. of Mot. of Pl. for Summ. J. ("Jamaica S.J. Reply") 5-11.[3]

### B. The Evidence on the Meaning of the Gold Clause Would Be Inadmissible

S&R wants time to look for evidence to try to establish its interpretation of the gold clause. Specifically, S&R seeks documents relating to "the original intent of the parties in 1912"

---

[3] S&R does not specify any other defenses to which the evidence it hopes to find might relate. In any event, the other defenses S&R has asserted – waiver, estoppel by deed, and merger by deed – would also fail as a matter of law even if S&R found this evidence, for reasons Jamaica previously explained. Jamaica S.J. Opp. 10-20; Jamaica S.J. Reply 2-5, 15.

4

and expert testimony "relating to the meaning of the gold clause." Walters Aff. ¶ 3. Such evidence would be inadmissible for several reasons, and therefore it is not appropriate to grant S&R a continuance to locate it.

First, as Jamaica explains in its opposition to S&R's motion for leave to amend the Answer, the Sixth Circuit has adopted Jamaica's interpretation of the gold clause, declaring that it is " 'a sort of price-indexing mechanism [intended] to protect a lessor from the effects of inflation.' " *216 Jamaica Ave.*, 540 F.3d at 435 (quoting *Trostel v. Am. Life & Cas. Ins. Co.*, 92 F.3d 736, 738 (8th Cir. 1996)); *see* Jamaica Leave Opp. 12-14. The Sixth Circuit's decision is binding law of the case. *Bowling v. Pfizer, Inc.*, 132 F.3d 1147, 1150 (6th Cir. 1998). S&R, therefore, cannot use the evidence it hopes to obtain to contradict the Sixth Circuit's authoritative interpretation of the gold clause.

Second, the documents and expert testimony that S&R seeks would be inadmissible extrinsic evidence. Because they would be offered for the purpose of interpreting a written contract, they would be admissible only if the gold clause were ambiguous on its face, as the Sixth Circuit has explained. *216 Jamaica Ave*, 540 F.3d at 440; *Mark-It Place Foods, Inc. v. New Plan Excel Reality Trust, Inc.*, 804 N.E.2d 979, 994 (Ohio Ct. App. 2004) ("When a contract is unambiguous, intentions not expressed by writing in the contract are deemed to have no existence and cannot be shown by parole evidence.").[4] But Jamaica has shown repeatedly that the gold clause is clear on its face. Jamaica S.J. Br. 5-7; Jamaica S.J. Opp. 3-5; Jamaica S.J. Reply 5-11. Indeed, S&R has also long maintained, and still maintains, that the gold clause is "clear and unambiguous." S&R S.J. Opp. 1, 5; S&R Continuance Br. 8 ("the clause is plain on

---

[4] S*ee also, e.g.*, *Winton Sav. & Loan Co. v. Eastfork Trace, Inc.*, 2002 Ohio 2600, ¶ 9 (May 28, 2002); *Rhodes v. Rhodes Indus., Inc.*, 595 N.E.2d 441, 445-46, 71 Ohio App. 3d 797 (1991); *Charles A. Burton, Inc. v. Durkee*, 109 N.E.2d 265, 270-71, 158 Ohio St. 313 (Ohio 1952); *Neil v. Board of Trustees*, 31 Ohio St. 15, 19 (Ohio 1876).

5

its face"). That the Sixth Circuit had no trouble interpreting the Lease's gold clause without resort to extrinsic evidence confirms that the clause is clear.

Although Ohio law permits expert testimony "to show that the parties to a written agreement employed terms having a special meaning within a certain geographic location or a particular trade or industry, not reflected on the face of the agreement," such evidence "cannot vary the terms of an express contract." *Alexander v. Buckeye Pipeline Co.*, 374 N.E.2d 146, 151 (Ohio 1978); *see Slam Jams II v. Capitol Indem. Corp.*, No. 69754, 1996 Ohio App. LEXIS 3106, at *10-11 (Ohio Ct. App. July 18, 1996) (Ex. D) (same); *Construction Interior Sys. v. Marriott Family Restaurants*, 984 F.2d 749, 756-57 (6th Cir. 1993) (same). Under this standard, there is no role for S&R's proposed expert testimony. S&R asserts that gold clauses are "mired in archaic and arcane language and practices, which are neither transparent nor easy." S&R Continuance Br. 8. But the Sixth Circuit's authoritative interpretation of the gold clause without reference to expert testimony, the score of other decisions interpreting identical and substantially similar gold clauses in the same way without reference to expert testimony,[5] and the total absence of any decision interpreting an identical or substantially similar gold clause in the way that S&R espouses, show otherwise: interpreting the clear terms of the gold clause is straightforward. Any expert testimony that S&R would offer to support its view of the gold clause would be an inadmissible attempt to vary the terms of the gold clause.

Moreover, S&R has not specified the geographic location, trade, or industry that would imbue the terms of the gold clause with a special meaning. Nor has it even specified the term that it evidently believes has a special meaning. S&R's "bare allegation[]" that it will obtain

---

[5] *See, e.g.*, *Norman v. Baltimore & Ohio R. Co.*, 294 U.S. 240, 292-94, 302 (1935); *Trostel v. American Life & Cas. Ins. Co.*, 92 F.3d 736, 738 (8th Cir. 1996), *and* 168 F.3d 1105, 1106-09 (8th Cir. 1999); *Equitable Life Assurance Soc'y v. Freda*, 32 Ohio N.P. (n.s.) 65, 65, 70-71 (Ohio Ct. C.P. 1934); *see also* Jamaica S.J. Reply 5 n.2 (collecting decisions).

6

expert testimony supporting its position does not suffice under Rule 56(f). *Lewis*, 135 F.3d at 409; *Ball*, 385 F.3d at 720 ("general and conclusory statements" in an affidavit do not suffice for relief under Rule 59(f)).

## II. THERE IS NO REASON TO BELIEVE THIS EVIDENCE IS UNAVAILABLE

As noted, the Court may order a continuance only if S&R shows that the necessary evidence is unavailable. To the extent the evidence S&R hopes to find even exists – an issue addressed later – there is no reason to believe it is unavailable. First, S&R's supporting affidavit is facially deficient because it offers no explanation of why the evidence S&R now hopes to locate is unavailable. Second, S&R has had ample opportunity to locate this evidence.

### A. S&R's Supporting Affidavit Is Facially Deficient

In the affidavit in support of S&R's motion for a continuance, counsel for S&R states the factual issues S&R wants to investigate further. Walters Aff. ¶ 3. Counsel for S&R also states that S&R "needs" more time to conduct this investigation. Walters Aff. ¶¶ 2-3. But nowhere in the affidavit does counsel for S&R "in any way explain [its] failure to conduct sufficient discovery within [the] time frame" it has had. *Tate v. Boeing Helicopters*, 140 F.3d 654, 661 (6th Cir. 1998). That failure is fatal to S&R's request for a continuance under Rule 56(f). *See id.*; *Longazel*, 2008 U.S. Dist. LEXIS 61106, at *8 (Boyko, J.) (under Rule 56(f), party must show that the "necessary evidence was unavailable at the time" of the summary judgment motion); *Scott v. City of Dayton*, No. 04-420, 2007 U.S. Dist. LEXIS 47031, at *7 (S.D. Ohio June 28, 2007) (Ex. E) (denying continuance under Rule 56(f) where affidavit "offer[ed] no explanation as to why the requested discovery has not been completed").

### B. S&R Has Had Ample Opportunity to Locate This Evidence

As noted, S&R wants more time to find evidence relating to four issues: (1) the course of conduct between Jamaica's predecessors and S&R (and its predecessors) relating to the payment

7

of rent; (2) expert testimony regarding the meaning of the Lease's gold clause; (3) S&R's alleged detrimental reliance on Jamaica's predecessors' alleged representations that the rent is a flat $35,000 per year; and (4) the intent of the original parties in 1912.  Walters Aff. ¶ 3.

In assessing whether this evidence was unavailable, a court should consider a variety of factors, including: (1) when the party opposing summary judgment learned of the issue that is the subject of the desired discovery; (2) how long the discovery period lasted; (3) whether the party opposing summary judgment was dilatory in its efforts to obtain the desired evidence; and (4) whether the party seeking summary judgment was responsive to discovery requests.  *E.g.*, *Plott v. General Motors Corp., Packard Elec. Div.*, 71 F.3d 1190, 1196-97 (6th Cir. 1995).  Notably, "when the evidence sought by the party resisting summary judgment is in the exclusive control of that party, Rule 56(f) does not allow for more time to conduct discovery."  *Nelson v. Tenn. Gas Pipeline Co.*, No. 95-1112, 2002 U.S. Dist. LEXIS 13620, at *24-25 (W.D. Tenn. June 10, 2002) (Ex. F); *see Emmons v. McLaughlin*, 874 F.2d 351, 357 (6th Cir. 1989) (relief under Rule 56(f) not appropriate where party sought discovery into events at which he was present, because "such details would and should have been within his control").  All of these factors weigh strongly against granting S&R a continuance.

### 1. S&R Learned of the Relevant Issues Long Ago

Early in the case, S&R learned of the issues giving rise to its current purported need for discovery.  The Complaint, which was filed on May 25, 2006 (dkt # 1),[6] explained clearly that the Lease's gold clause requires S&R to pay rent equal to the current value of a fixed amount of gold, not the flat amount of $35,000 in money per year, and that Jamaica was now going to enforce that clause as written.  Compl. ¶¶ 7, 28, 34, 46.  Those allegations self-evidently raised

---

[6] Jamaica filed an amended complaint on September 12, 2006 (dkt. # 17), but the amendment merely withdrew Jamaica's claim insofar as it related to rent due prior to Jamaica's acquisition of the property.  That amendment has no bearing on S&R's purported need for discovery.

8

the issues of the meaning of the gold clause and, relatedly, the original parties' intention as to the gold clause in 1912.

The Complaint equally clearly raised issues relating to the course of conduct of the lessors and lessees under the Lease and, relatedly, S&R's alleged detrimental reliance on that conduct. The Complaint alleged that Jamaica's predecessors had consistently accepted S&R's tender of a flat $35,000 in annual rent. Compl. ¶¶ 34-35, 47. To similar effect, the parties jointly stipulated in September 2006 that "S&R has paid $35,000 in United States currency in annual rent under the Lease from 1982 to through January 1, 2006." Parties' First Submission of Joint Stipulated Facts (dkt # 18) ¶ 3. In their joint stipulation, the parties also agreed to the authenticity of five estoppel certificates given by Jamaica's predecessors to S&R's lenders. Parties' First Submission of Joint Stipulated Facts ¶ 5.a.

S&R's earliest responses to the Complaint show that it was aware of these issues. On August 11, 2006, S&R filed a motion to dismiss the case (dkt # 15). In the accompanying brief, S&R placed front and center the question of the meaning of the gold clause and the original parties' intent as to the clause in 1912. *See* Mem. in Supp. of Def.'s Mot. to Dismiss ("S&R Motion to Dismiss") 3-5. S&R also noted that Jamaica "does not allege … that any lessor prior to plaintiff ever raised an issue concerning either the amount or method of S&R's rent payments." S&R Motion to Dismiss 2. Indeed, in arguing that Jamaica could not assert a claim for breaches of the Lease that occurred before Jamaica became lessor or more than 15 years ago under the statute of limitations, S&R recognized that Jamaica's predecessors had not enforced the gold clause since 1982. S&R Motion to Dismiss 8-11.

In its brief in support of its motion for summary judgment, filed on October 12, 2006, S&R further developed defenses relating to these issues. Once again, the meaning of the gold

9

clause and the parties' intent as to the gold clause in 1912 featured prominently in the brief. S&R S.J. Br. 5-7. And again S&R asserted that "[n]o tenant ... ever paid rent in an amount exceeding $35,000 nor were any additional amounts ever requested or demanded," and that "at no time did anyone … ever raise an issue or suggest in any way that the rent under the 1912 Lease was adjustable based upon the price of gold, or for any other reason." S&R S.J. Br. 2-3. In fact, S&R based two defenses – estoppel by deed and waiver – upon the very acts upon which S&R now bases its proposed defense of equitable estoppel, namely, the issuing of estoppel certificates and the continual acceptance of S&R's tender of a flat $35,000 in annual rent. *See* S&R Leave Br. 5; S&R S.J. Br. 12-13, 15-16.

In addition, both parties have already sought, and to some extent obtained, discovery into these facts. Consider some examples:

- On September 11, 2006, Jamaica served S&R with a document request and subpoenaed documents from Forest City Enterprises, Inc., S&R's parent. In its request and subpoena, Jamaica stated that it sought, among other things, all documents relating to the meaning of the gold clause. Letter from Lehn to Walters (Sept. 11, 2006) (Ex. G). On behalf of itself and Forest City, S&R produced responsive documents on September 29, 2006. Letter from Walters to Niehaus (Sept. 29, 2006) (Ex. H).

- On September 12, 2006, S&R served a document request on Jamaica, seeking, among other things, all documents relating to the meaning of the gold clause, expert testimony, and S&R's sublease arrangements. Def.'s First Request for Prod. of Docs. Nos. 18, 33-34, 36 & 38 (Ex. I). Jamaica produced its responsive documents on September 29, 2006.

- On September 25, 2006, S&R served a subpoena on Halle Cleveland LLC, Jamaica's immediate predecessor, seeking, among other things, all documents relating to the meaning of the gold clause. S&R Subpoena of Halle Cleveland LLC (Ex. J).

- On October 10, 2006, S&R obtained the affidavit of Robert Quesada, who was the Vice President of the sole member of Halle Cleveland LLC and the manager of the property subject to the Lease. Aff. of Robert Quesada ¶ 3 (Ex. K); Deed (Feb. 7, 2006) FCID 0396-97 (Ex. L). In his affidavit, Mr. Quesada spoke to the course of conduct between S&R and Halle Cleveland, as well as Halle Cleveland's understanding of the gold clause. Aff. of Robert Quesada ¶¶ 4-6.

- On October 11, 2006, S&R obtained the affidavit of William Ross, who was the Vice President of Forest City Enterprises' commercial division. In his affidavit, Mr. Ross spoke to

10

S&R's financial position with respect to the leased property.  Aff. of William Ross ¶¶ 1-4 (Ex. M).

- On December 13, 2006, Jamaica served S&R with a request for a deposition pursuant to Rule 30(b)(6).  In its notice of deposition, Jamaica stated that it sought someone with knowledge about the Lease, "the meaning, exercise, or performance of S&R's and the lessor's rights and obligations thereunder from the date on which S&R acquired the leasehold to the present," the cash flows and profitability of the building on the leased property, and the estoppel certificates.  Pl.'s Notice of Dep. of Def. Pursuant to Fed. R. Civ. P. 30(b)(6) at 2-4 (Ex. N). Pursuant to this request, on February 23, 2007, Jamaica deposed Patrick Lott.  Dep. Patrick Lott (Ex. O).

- The estoppel certificates are, in S&R's view, a key part of the course of conduct between the lessors and lessees.  As part of its mandatory disclosure on August 7, 2006, S&R identified estoppel certificates as documents that "may be used to support [S&R's] defense."  Def.'s Rule 26(a)(1) Initial Disclosures (dkt #14) ¶ B.16.  In September 2006, S&R produced five estoppel certificates to Jamaica.  *See* Parties' First Submission of Joint Stipulated Facts (dkt # 18) ¶ 5.a.

In light of all these events, S&R cannot reasonably deny that it long ago learned of the issues for which it now seeks discovery.

### 2. S&R Had Ample Time to Locate This Information

S&R had ample time to locate the information for which it now wants further discovery. S&R asserts that it needs more time because of "the abbreviated schedule of the case to date[ and] the short period of time in which the record was developed."  S&R Continuance Br. 2. S&R's recitation of the history of this case is misleadingly inaccurate and incomplete.  Well over two years elapsed between Jamaica's filing of the Complaint and its filing of the renewed motion for summary judgment that is pending before the Court.  During that period, S&R had an unfettered ability to gather information within its control and from cooperating third parties.  In addition, during the twelve months between the parties' Rule 26(f) meeting, on July 13, 2006 (dkt # 12 at 1), and the Court's ruling on the parties' initial motions for summary judgment, on July 2, 2007 (dkt # 42), S&R had the power to obtain formal discovery.  *See* FED. R. CIV. P. 26(d)(1) (party may not take discovery prior to Rule 26(f) meeting).  As the history recounted

11

above shows, S&R took advantage of its ability to gather evidence and to take discovery.

S&R nonetheless suggests, incorrectly, that the initial schedule for summary judgment briefing and a prior ruling by the Court impaired its ability to take discovery.  *See* S&R Continuance Br. 1.  That briefing schedule concluded on November 27, 2006.  *See* Order of Aug. 15, 2006.  In a motion of November 6, 2006 (dkt # 23), S&R asked the Court to extend the briefing schedule so that it could take more discovery.  The Court denied that motion.  *See* Order of Nov. 14, 2006.  But the briefing schedule and the denial of the November 6 motion are irrelevant here because S&R continued to engage in discovery even after the briefing was complete.  For example, S&R deposed Stuart Venner, Jamaica's managing member, and Grace Venner, Jamaica's other member, after the close of the initial summary judgment briefing schedule (dkt ## 37-40) (and Jamaica deposed Patrick Lott after the briefing schedule).

### 3. Much of This Evidence Should Be in S&R's Control

Much of the evidence S&R hopes to find should be in its control.  Evidence relating to the course of conduct between S&R and Jamaica's predecessors and evidence relating to S&R's alleged detrimental reliance on Jamaica's predecessors' alleged misrepresentations must be in S&R's control because S&R was party to those events.  Indeed, presumably only S&R will have the information it seeks relating to its alleged detrimental reliance.  S&R may say that some of this information is in the control of former employees, but the only former employee of S&R or a related entity from whom S&R has sought information potentially relevant to this case – Thomas Ketteler – has cooperated with S&R by providing an affidavit early on in the case.  *See* Aff. of Thomas R. Ketteler (Oct. 13, 2006) (Ex. P).  And expert testimony regarding the meaning of the gold clause is in S&R's control because S&R decides whether and when to consult an expert.[7]

---

[7] S&R may be suggesting that it needs time to discover when gold coins have been in circulation. *See* S&R Continuance Br. 5 ("S&R additionally seeks time to develop and submit evidence to

### 4. S&R Has Been Dilatory

S&R maintains that it has "conducted discovery expeditiously" and "made substantial efforts to uncover this evidence prior to the end of the original summary judgment briefing period." S&R Continuance Br. 3-5. But S&R was relieved of neither the opportunity nor the responsibility to pursue this information after the end of the original summary judgment briefing schedule. *See* FED. R. CIV. P. 56(e)(1)(A). As explained above, S&R knew from the beginning of the case, nearly two and a half years ago, about issues relating to the evidence it now hopes to gather. S&R had a year to take formal discovery and nearly two and a half years to gather evidence internally and from cooperating third parties. And much of the evidence S&R now seeks should be in its control. If, therefore, the evidence S&R hopes to find exists, then S&R has been dilatory in trying to find it. *See Plott*, 71 F.3d at 1197 (affirming denial of relief where party learned of pertinent issues at least three weeks before the close of discovery); *Audi AG v. D'Amato*, 469 F.3d 534, 542 (6th Cir. 2006) (affirming denial of relief because "a delay of two-and-a-half months is dilatory").

### 5. No One Has Impeded S&R's Efforts

Jamaica fully cooperated with all of S&R's discovery requests, producing documents and making witnesses available for deposition. There is no reason to believe that anyone else impeded S&R's efforts to find the evidence it seeks: S&R never asked the Court to compel a production or even suggested that it might need such an order.

### III. MORE TIME WILL NOT YIELD MORE EVIDENCE

As just shown, S&R has had ample opportunity to collect all the evidence it says it needs. S&R, however, maintains that "some of the evidence . . . is now decades old and requires time to

---

show that the Lease's requirement to pay in 'gold coin of the United States' is impossible to perform. … S&R will show there was no U.S. gold coin in circulation in 1982 …."). There is no basis for granting a continuance to obtain such information because it is in the public domain.

13

obtain." S&R Continuance Br. 5. This contention certainly is irrelevant to much of the evidence S&R wants to locate, which is of recent vintage, including expert testimony and much of the conduct between the lessors and lessees. As for the ancient evidence S&R seeks, it is unlikely that S&R will find its Holy Grail. It is nearly certain that no one who was present at the execution of the Lease in 1912 is alive today. Other than the Lease, there is no reason to believe that any relevant documents from that time have survived, or that S&R knows how to locate them if they have survived. Similar difficulties will afflict S&R's efforts to obtain further information relating to the earlier course of conduct between the lessors and lessees, as well as to earlier instances of S&R's alleged reliance on Jamaica's predecessors' alleged misrepresentations.

In light of the fact that S&R has had a year to take formal discovery and nearly two and a half years to informally gather information, there is no reason to believe, and certainly S&R offers no reason to believe, that the hoped-for evidence will emerge if only S&R has more time to look. S&R's requested continuance should therefore be denied. *See United States v. Lot 9, Block 2 of Donnybrook Place*, 919 F.2d 994, 999 (5th Cir. 1990) (denying relief under Rule 56(f) where party seeking relief had been unable to locate witness after "more than a year").

## IV. AT A MINIMUM, PARTIAL SUMMARY JUDGMENT IS APPROPRIATE

S&R's response to Jamaica's renewed motion for summary judgment was due October 28, 2008. S&R neither filed a response nor requested an extension of time. Instead, on October 24 it moved for a continuance and for leave to amend its Answer. Counsel for S&R did not confer with counsel for Jamaica before filing its motions. In effect, then, it appears that S&R has granted itself an extension to respond to Jamaica's summary judgment motion while it awaits the disposition of its motions for a continuance and for leave to amend. Even if S&R's actions are appropriate, they do not fully relieve S&R of its duty to respond to Jamaica's summary judgment

14

motion.  In its motion for a continuance, S&R asserts that it needs further discovery to obtain facts essential to justify its interpretation of the gold clause and its proposed defenses of equitable estoppel and "impracticability/impossibility."  But S&R does not specify any other material issues for which its desired discovery might be essential, such as its defenses of merger by deed, estoppel by deed, or waiver.  Because S&R neither filed a response to Jamaica's renewed summary judgment motion nor explained how a continuance is essential to justify its position on its defenses of merger by deed, estoppel by deed, or waiver, S&R has forfeited its right to assert those defenses.  Accordingly, the Court should grant Jamaica partial summary judgment with respect to S&R's of merger by deed, estoppel by deed, and waiver.  And S&R certainly should not be permitted to submit further briefing on these issues.

November 10, 2008

Respectfully Submitted,

/s/ Charles J. Cooper

_____

James B. Niehaus (0020128)
jniehaus@frantzward.com
Christopher G. Keim (0067117)
ckeim@frantzward.com
FRANTZ WARD LLP
2500 Key Center
127 Public Square
Cleveland, Ohio 44114-1230
216-515-1660
216-515-1650 (fax)

Charles J. Cooper
ccooper@cooperkirk.com
David H. Thompson
dthompson@cooperkirk.com
David Lehn
dlehn@cooperkirk.com
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)

*Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

  I hereby certify on November 10, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

             /s/ Margaret Barr
             _____
             Margaret Barr
             COOPER & KIRK, PLLC
             1523 New Hampshire Ave. NW
             Washington, DC 20036
             (202) 220-9600
             (202) 220-9601 (fax)
             mbarr@cooperkirk.com