# Exhibit B

*Longazel v. Fort Dearborn Life Ins. Co.*, No. 07-22, 2008 U.S. Dist. LEXIS 61106 (N.D. Ohio Aug. 4, 2008) (Boyko, J.)

LEXSEE 2008 U.S. DIST. LEXIS 61106

**MARK F. LONGAZEL, Plaintiff, vs. FORT DEARBORN LIFE INSURANCE CO., et. al., Defendants.**

**CASE NO. 1:07CV22**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF OHIO, EASTERN DIVISION**

*2008 U.S. Dist. LEXIS 61106*

**August 4, 2008, Decided
August 4, 2008, Filed**

**COUNSEL:** [*1] For Mark F. Longazel, Plaintiff: Stephen J. Futterer, LEAD ATTORNEY, Willoughby, OH.

For Fort Dearborn Life Insurance Company, Medical Life Insurance Company, Disability Reinsurance Management Services, Inc, Defendants: Mark V. Webber, Robert M. Wolff, LEAD ATTORNEYS, Littler Mendelson - Cleveland, Cleveland, OH; Jonathan N. Halpern, Bracewell & Giuliani - New York, New York, NY.

**JUDGES:** CHRISTOPHER A. BOYKO, United States District Judge.

**OPINION BY:** CHRISTOPHER A. BOYKO

**OPINION**

**OPINION AND ORDER**

**CHRISTOPHER A. BOYKO, J.:**

This matter comes before the Court upon Defendants' Motion for Summary Judgment pursuant to *Fed. R. Civ. P. 56*. Defendants assert Plaintiff's Employee Retirement Income Security Act ("ERISA") claim, seeking long term disability payments in connection with a disability insurance policy contract ("Policy"), is procedurally barred for the following reasons: 1) the Complaint was filed more than three years after Plaintiff was required under the Policy to submit proof of claim; and 2) Plaintiff failed to exhaust his administrative remedies before bringing suit. For the reasons that follow, Defendants' Motion for Summary Judgment is granted.

**FACTS**

On October 12 and 26, 1998, Plaintiff, Mark F. Longazel, completed [*2] and signed a Group Enrollment Application and Evidence of Insurability Form, respectively, with Defendants, Fort Dearborn Life Insurance Company and Disability Reinsurance Management Services, for long term disability and other benefits. (Ex. B, Policy Application). The Policy contains a limitation on when the insured can bring suit against the insurer. (Ex. B, Policy at 19). The pertinent section begins with the question: "Can legal proceedings be started at anytime?" and answers: "No, you or your authorized representative cannot start any legal action: 1. until 60 days after proof of claim has been given; nor 2. more than 3 years after the time proof of claim is required." *Id.* Proof of claim is required "no later than 90 days after the elimination period." (*Id.* at 18). The "elimination period" is a period of consecutive dates of disability for which no benefit is payable, (*id.* at 4), and is listed as one hundred eighty days under the "Schedule of Benefits." (*Id.* at 1). The Policy also contains a section entitled "Conformity with Local Statutes," under which the following sentence is written: "[a]ny provision of the policy which, on its effective date, is in conflict with the statutes [*3] of the jurisdiction in which it was delivered is hereby amended to conform to the minimum requirements of such statute." (*Id.* at 20).

On September 13, 2002, Plaintiff sustained injuries that led to his claim for disability insurance benefits. (Ex. B, Aff. P 10). In March, 2003, Plaintiff contacted

Defendants, requesting the processing of Plaintiff's claim for disability. (Ex. B, Aff. P 18). According to Plaintiff's original affidavit, Plaintiff filed claim forms signed by Dr. Sink in May, 2003. (Ex. B, Aff. P 18). Plaintiff also sent Defendant a claim questionnaire on August 3, 2003. (Pl.'s Reply to Defs.' Mot. for Summ. J. Chronology at 15). Plaintiff and Plaintiff's doctors filed several claim forms and submitted medical records to Defendants which Defendants claimed never to have received. (Ex. B, Aff. P 27-28).

On September 9, 2003, Defendants sent Plaintiff a letter acknowledging Plaintiff's claim. (Pl.'s Reply to Defs.' Mot. for Summ. J. Chronology at 15). On September 11, 2003, Defendants sent a follow up letter, notifying Plaintiff that more information was needed for proof of Plaintiff's claim, and extending the deadline to receive such information by forty-five days. (Defs.' [*4] Letter to Pl. Sept. 11, 2003, Ex. B at 29). Upon the expiration of the forty-five day extension, Defendants claim to have sent Plaintiff a letter dated October 31, 2003, denying Plaintiff's claim for disability insurance benefits due to lack of information. (Defs.' Letter to Coleman July 28, 2006, Ex. B at 32). Plaintiff denies ever receiving the October 31, 2003 denial letter, and claims the first notice of denial he received was the denial of waiver of claims via certified mail on March 28, 2004. (Pl.'s Reply to Defs.' Mot. for Summ. J. Aff. Attach. P 7-8, 12).

On June 28, 2006, Mr. Coleman, former counsel for Plaintiff, sent two separate letters to Defendants inquiring as to the status of Plaintiff's disability and waiver of premiums claims. (Pl.'s Reply to Defs.' Mot. for Summ. J. Chronology at 16). In regards to the disability claim, Defendants sent a letter, dated July 28, 2006, to Mr. Coleman in which Defendants stated Plaintiff's claim had been denied and the one hundred eighty day appeals period had long since passed. (Def.'s Letter to Coleman July 28, 2006, Ex. B at 32). Attached to the letter was a copy of the notice of denial Defendants claim to have sent on October 31, [*5] 2003. (Defs.' Letter to Pl. Oct. 31, 2003, Ex. B). Defendants sent a similar letter, dated August 3, 2008, in regards to the denial of the waiver of premiums claim, attached to which was a copy of the March 22, 2004 certified letter denying Plaintiff's claim. (Defs.' Letter to Coleman Aug. 3, 2006, Ex. B). After Mr. Futterer took over as Plaintiff's counsel, Defendants sent another letter explaining both of Plaintiff's claims had been denied, both appeals periods had expired, and no further review would be undertaken. (Def.'s Letter to Futterer Oct. 20, 2006, Ex. B).

Subsequent to Defendants' last letter, Plaintiff filed this two count claim in the Common Pleas Court of Cuyahoga County on November 27, 2006. The case was removed to United States District Court and referred to the Magistrate Judge. On February 21, 2007, Defendants filed a Motion to Dismiss for Failure to State a Claim pursuant to *Fed. R. Civ. P. 12(b)(6)*. On July 19, 2007, the Magistrate Judge issued his Report and Recommended Decision, recommending Medical Life Insurance be dismissed as a Defendant. Count One, for "Breach of Contract and Bad Faith" was dismissed, preempted by the ERISA claim. Count Two, the ERISA claim, [*6] survived because the dates and time lines necessary to dismiss the action were not present. Defendants filed their Objections on August 2, 2007, and on October 12, 2007, this Court adopted the Report and Recommendation of the Magistrate Judge. On December 11, 2007, this Court ordered Plaintiff and Defendants to submit cross-briefs regarding the issue of the procedural bar. Plaintiff submitted his Brief and Exhibits Regarding Issue of Procedural Bar on January 23, 2008. Shortly thereafter, Defendants filed their Motion for Summary Judgment on January 29, 2008. Defendants' Motion was followed by Plaintiff's Reply on February 8, 2008, and Defendant's Brief Regarding Issue of Procedural Bar on February 11, 2008.

**SUMMARY JUDGMENT STANDARD**

Summary judgment is proper "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. " *Fed. R. Civ. P. 56(c)*; accord *Int'l Union v. Cummins, Inc., 434 F.3d 478, 483 (6th Cir. 2006)*; *Turner v. City of Taylor, 412 F.3d 629, 637 (6th Cir. 2005)*. When deciding a motion [*7] for summary judgment, the Court must view the evidence and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp., 475 U.S. 574, 587, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)*; *Ciminillo v. Streicher, 434 F.3d 461, 464 (6th Cir. 2006)*; *Harbin-Bey v. Rutter, 420 F.3d 571, 575 (6th Cir. 2005)*. Any direct evidence offered by the Plaintiff in response to a summary judgment motion must be accepted as true. *Muhammad v. Close, 379 F.3d 413, 416 (6th Cir. 2004)*.

The "mere existence of *some* alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no *genuine* issue of *material* fact." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-48, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986)*; *accord Leadbetter v. Gilley, 385 F.3d 683, 689-90 (6th Cir. 2004)*; *Weaver v. Shadoan, 340 F.3d 398, 405 (6th Cir. 2003)*.

**DISCOVERY UNDER ERISA**

Plaintiff argues, both in his Brief Regarding Issue of Procedural Bar and in his Reply to Defendants' Motion for Summary Judgment, that Plaintiff ought to be allowed to pursue discovery of evidence outside of the Administrative Record. (Pl.'s Br. at 1; Pl.'s Reply at 2). In his Reply, Plaintiff [*8] even asks the Court for "leave to respond to Defendant's Motion for Summary Judgment" until "after having discovery as previously Ordered by the Court in its adoption of the Magistrate Judge's Report and Recommendation." (Pl.'s Reply at 2-3). The first obstacle to Plaintiff's request is his failure to put his request in the form of a proper motion under *Fed. R. Civ. P. 56(f)(2)* for a continuance to enable affidavits to be obtained, depositions to be taken, or other discovery to be undertaken. At this time, there are no open motions before the Court, and the only order made by the Court was an Order to Submit Cross-Briefs on the Issue of the Procedural Bar. (Civil Docket, Dec. 11, 2007).

Assuming a *Rule 56(f)(2)* Motion were proper in this case, Plaintiff would have to show that he cannot present facts essential to justify his opposition to Defendant's Motion for Summary Judgment because certain necessary evidence was unavailable at the time of Defendant's Motion. *Fed. R. Civ. P. 56(f)(2)*. Here, there is no need to perform any further discovery because the allegations put forth by Plaintiff are relevant only to the question of whether or not further discovery would have been necessary [*9] had Plaintiff filed suit in a timely manner. None of the facts alleged by Plaintiff would, by law, support an equitable tolling of the time limitation in the contract; therefore, further discovery would not change the legal outcome based on the time limitations bar.

The second obstacle is that "[g]enerally, a court reviewing a party's ERISA claim cannot consider evidence outside the Administrative Record." *Likas v. Life Ins. Co. of North America, 222 Fed. Appx. 481, 485 (6th Cir. 2007)* (citing *Wilkins v. Baptist Healthcare Sys., 150 F.3d 609, 619 (6th Cir. 1998)* (Gilman, J., concurring)). Discovery of external evidence is limited to instances in which evidence is necessary to resolve an ERISA claimant's procedural challenge to the administrator's decision. *Id. at 486*. Procedural challenges can include allegations that the administrator failed to provide due process. *Id.* Plaintiff alleges in his Brief Regarding Issue of Procedural Bar that such a due process violation has taken place because of Defendants' misbehavior. (Pl.'s Br. at 2.) To overcome the threshold, however, it takes more than a mere allegation of a procedural violation. *Likas, 222 Fed. Appx. at 486*. It requires a predicate [*10] showing of fact with respect to the alleged procedural violation to be granted further discovery. *Huffaker v. Metro Life Ins. Co., No. 07-5410, 271 Fed. Appx. 493, 2008 U.S. App. LEXIS 6576, at *28-29 (6th Cir. 2008)*.

Plaintiff attempted a predicate showing of procedural violations (Pl.'s Br. at 5-7), claiming Defendants fraudulently refused to recognize and process proof of Plaintiff's disability. (Pl.'s Reply at 8). Plaintiff believes developing these facts through further discovery would provide the legal justification for permitting Plaintiff's action to proceed without being subject to the limitations asserted by Defendants (*id.* at 9); however, Plaintiff failed to provide any hint of what that legal justification might be. Plaintiff also failed to provide any legal authority that would justify an equitable tolling of the Policy's time limitation provision based on the facts already alleged. Assuming Plaintiff's allegations regarding purposeful mishandling of claims and failure to provide due process were true, Plaintiff's claim would still be barred because Plaintiff has not alleged any facts necessary to support a legal conclusion that Defendants waived their right to enforce the time limitation [*11] provision in the Policy.

**PROCEDURAL TIME BAR**

Plaintiff argues in his Brief Regarding Issue of Procedural Time Bar, the "Legal Proceedings" provision included in the Policy is in conflict with the Ohio statute of limitations of fifteen years for a breach of contract claim, and would therefore be unenforceable because of the "Conformity with Local Statutes" provision in the Policy. (Pl.'s Br. at 8). The "Conformity with Local Statutes" clause provides that "[a]ny provision of this policy which, on its Effective Date, is in conflict with the statutes of the jurisdiction in which policy was delivered is hereby amended to conform to the minimum

requirements of such statute." (Ex. B, Policy at 20).

By arguing so, Plaintiff ignores a series of cases in which it has been found that "[u]nder Ohio case law [] parties to a contract may agree to shorten the fifteen-year time limitation to sue, provided that the fixed period of time is reasonable." *Thomas v. Allstate Ins. Co., 974 F.2d 706, 709 (6th Cir. 1992)* (citing *Appel v. Cooper Ins. Co., 76 Ohio St. 52, 80 N.E. 955, 4 Ohio L. Rep. 697 (1907))*. Furthermore, "provisions limiting the time within which suit shall be brought are universally sustained by the courts. . . ." *Appel, 76 Ohio St. at 61.* [*12] The "Conformity with Local Statutes" provision merely

> emphasizes that parties cannot contract to do that which the state legislature has forbidden. For example [] if Ohio had a statute that clearly prohibited parties from shortening the time in which a party could bring suit on a contract, then any provision in the contract that purported to shorten a statute of limitations would be resolved in favor of the statutory limitation. (Citation omitted.) Ohio does not have a statute that prohibits parties from contractually shortening the time to sue.

*Thomas, 974 F.2d at 709-10.*

It has also been held that "a limitation on periods for the commencement of actions to a period of 12 months is not unreasonable." *Id. at 710* (citing *Hounshell v. American States Ins. Co., 67 Ohio St. 2d 427, 430, 424 N.E.2d 311 (1981))*. The limitations period in this case is three years, far exceeding the time limit held reasonable in *Thomas.*

Plaintiff's only remaining argument is Defendants waived their right to enforce the time limitation provision. The standard for determining whether or not an insurance company waived its right to enforce a time limitation on bringing suit was established in *Hounshell* and recently upheld in *Klein v. State Farm Fire & Cas., 250 Fed. Appx. 150 (6th Cir. 2007).*

> [A]n [*13] insurance company waives its right to assert a limitations defense "when the insurer, by its acts or declarations, evidences a recognition of liability under the policy, and the evidence reasonably shows that such expressed recognition of liability and offers of settlement have led the insured to delay in bringing an action on the insurance contract."

*Klein, 250 Fed. Appx. at 156* (citing *Hounshell, 67 Ohio St. 2d at 431).* Here, Plaintiff has failed to allege any facts that would show Defendants, by their acts or declarations, evidenced a recognition of liability under the policy. The only acts Plaintiff alleged that could have possibly led to a delay in Plaintiff bringing an action on the insurance contract were Defendants' requests for more information and the supposed failure of Defendants to give a timely notice of denial. Acts such as requests for information and sending a notice of denial are both part of the reviewing process, and "the process of reviewing the validity of a claim does not constitute waiver of a suit limitations clause." *Id.* It is even clearer, now, that further discovery is unnecessary. If there had there been any other acts constituting waiver, Plaintiff would [*14] already have knowledge of them because, by their nature, any such acts would have necessarily involved interactions between Plaintiff and Defendants. Since Plaintiff has not alleged this sort of interaction, it would be impossible to conclude Defendants waived their right to enforce the limitation.

Furthermore, according to Ohio law, "contractual limitations provisions in insurance contracts commence the moment the specified triggering event occurs, regardless of other provisions requiring that certain conditions be fulfilled before the insured has a right to enforce the contract." *Friendly Farms v. Reliance Ins. Co., 79 F.3d 541, 545 (6th Cir. 1996)* (upholding insurance contract's limitations clause prohibiting legal action not before ninety days after filing proof of loss and not after twelve months from the date loss is discovered); *see also Clark v. NBD Bank, N.A., 3 Fed. Appx. 500, 503 (6th Cir. 2001)* (finding claim untimely in ERISA action where contract limited time for bringing suit to three years after proof of loss was required). This means, even if Defendants' alleged failure to send a timely notice of denial led to a delay in Plaintiff filing suit, the time limitation provision [*15] began running upon the occurrence of the triggering event -- the date proof of claim was required. Time limitations can be linked to the denial of benefits only in certain cases in which a triggering event is absent or otherwise unclear. *See Morrison v. Marsh & McLennan Companies, Inc., 439*

*F.3d 295, 301 (6th Cir. 2006)*; *Allen v. Unionmutual Stock Life Ins. Co., 989 F. Supp. 961, 965 (S.D. Ohio 1997)*.

The instant Policy has a clear triggering event. The time limitations provision sets the outer limit of the time period for bringing suit at no more than "three years after the time proof of claim is required." (Ex. B. Policy at 19). The time limitation was therefore triggered on the day that proof of claim was required. Proof of claim was required "no later than 90 days after the end of the elimination period." (*Id.* at 18). The elimination period found in the Policy is one hundred eighty days. (*Id.* at 1). According to Plaintiff, the disability, and the elimination period began on September 13, 2002. (Pl.'s Reply to Def.'s Mot. for Summ. J. Aff. Attach. P 3). Using September 13, 2002, as a starting date, the elimination period ended on March 12, 2003. The Plaintiff's proof of claim was, [*16] therefore, required by June 10, 2003, ninety days after the elimination period ended. Accordingly, Plaintiff was required to file suit by June 10, 2003. Plaintiff failed to bring suit until November 27, 2006, well over three years after proof of claim was required under the Policy, and, therefore, Plaintiff's claim is ultimately time-barred.

The most liberal interpretation of "3 years after the time proof of claim is required" would involve interpreting "required" as meaning the latest possible date allowed by Defendants on which Plaintiff was allowed to submit proof of his claim before his claim would be denied. Even under this interpretation, Plaintiff's claim would fail. The last time Plaintiff received a request for information from Defendants regarding his disability benefits claim was September 11, 2003. (Pl.'s Reply to Defs.' Mot. for Summ. J. Chronology at 15). Defendants requested more proof of claim and extended the deadline for submitting proof by forty-five days. *Id.* This would mean the last possible date proof of claim was "required" by Defendants was October 26, 2003. Add to that three years, and the limitations provision would have become effective October 26, 2006. Plaintiff, [*17] therefore, would still have been over a month late.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

Defendants argue in the alternative that Plaintiff's claim is barred based on Plaintiff's failure to exhaust administrative remedies before bringing suit. Plaintiff did not appeal the denial of either of his claims, even though he was given a one hundred eighty day period after each denial in which to do so. (Defs.' Letter to Coleman July 28, 2006, Ex. B; Defs.' Letter to Coleman Aug. 3, 2006, Ex. B). After Plaintiff received the denial of his waiver of premiums claim, he had no further contact with Defendants until Mr. Coleman inquired as to the status of Plaintiff's claims in June, 2006. (Pl.'s Reply to Defs.' Mot. for Summ. J. Chronology at 15-16).

"Though ERISA does not explicitly require exhaustion of administrative remedies, 'the administrative scheme of ERISA requires a participant to exhaust his or her administrative remedies prior to commencing suit in federal court.'" *Costantino v. TRW, Inc., 13 F.3d 969, 974 (6th Cir. 1994)* (quoting *Miller v. Metropolitan Life Ins. Co., 925 F.2d 979, 986 (6th Cir. 1991))*. Plaintiff submits exhaustion of administrative remedies is not a bar to his claim [*18] due to the futility of the administrative process and the inadequacy of the administrative remedy. (Pl.'s Reply at 5). While futility of the administrative process and inadequacy of the administrative remedy do provide an exception in certain cases, *id.*, the "standard for adjudging the futility of resorting to the administrative remedies provided by the plan is whether a clear and positive indication of futility can be made." *Coomer v. Bethesda Hosp., Inc., 370 F.3d 499, 505 (6th Cir. 2004)* (citing *Fallick v. Nationwide Mut. Ins. Co., 162 F.3d 410, 419 (6th Cir. 1998)*. Plaintiff must show "it is certain that his claim will be denied on appeal, not merely that he doubts that an appeal will result in a different decision." *Id.* (quoting *Lindemann v. Mobil Oil Corp., 79 F.3d 647, 650 (7th Cir. 1996))*.

In Plaintiff's Reply to Defendants' Motion for Summary Judgment, Plaintiff asserts "[t]he futility of administrative process and inadequacy of the administrative remedies provided by [D]efendants as outlined in the Complaint, Affidavits, and Briefs of [P]laintiff provide exception to the general exhaustion of administrative remedies requirement." (Pl.'s Reply at 5). Plaintiff's brief uses [*19] similar language in reference to the exhaustion of administrative remedies: "[t]he aforesaid factual narration and the attached Chronology indicate [P]laintiff's good faith attempts to achieve administrative remedies without proper handling and notices by [D]efendants." (Pl.'s Br. at 10). At no point does Plaintiff indicate specific facts to support his claim of exemption from the exhaustion of administrative remedies requirement. Barebones, conclusory assertions like the ones in Plaintiff's Reply to Defendants' Motion for Summary Judgment and Brief Regarding Issue of

Procedural Bar, certainly do not add up to a clear and positive indication of futility; and, therefore, Plaintiff cannot show he was exempt from the exhaustion requirement. Assuming, *arguendo*, Plaintiff succeeded on the issue of exhaustion of administrative remedies, the outcome of the case would remain the same based on Plaintiff's failure to overcome the procedural time bar.

**CONCLUSION**

After reviewing all the evidence and drawing all reasonable inferences in favor of Plaintiff, no issues of material fact exist that would merit further discovery or a trial based on the facts, and Defendants are entitled to judgment as [*20] a matter of law. Therefore, the Court GRANTS Defendants' Motion for Summary Judgment.

**IT IS SO ORDERED.**

**DATE: August 4, 2008**

/s/ Christopher A. Boyko

**CHRISTOPHER A. BOYKO**

**United States District Judge**