# Exhibit F

*Nelson v. Tenn. Gas Pipeline Co.*, No. 95-1112, 2002 U.S. Dist. LEXIS 13620 (W.D. Tenn. June 10, 2002)

LEXSEE 2002 U.S. DIST. LEXIS 13620

**JAMES NELSON, et. al., Plaintiffs, VS. TENNESSEE GAS PIPELINE COMPANY, et. al., Defendants.**

No. 95-1112

UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF TENNESSEE, EASTERN DIVISION

*2002 U.S. Dist. LEXIS 13620*

**June 10, 2002, Decided**

**DISPOSITION:** [*1] Defendants' motion for summary judgment GRANTED.

**COUNSEL:** For JAMES NELSON, MESCHELLE LEIGH NELSON, JAMES BRANDON NELSON, APRIL DESIREE NELSON, MICHAEL DEREK NELSON, JUNE ELLEN BLEDSOE, TAMMY EMORY, DANIELLE EMORY, JUSTIN CUDE, FRED NELSON, BETTY JANE NELSON, LONNIE NELSON, JODY LEE NELSON, STEVE PARKER, MARY JO PHEBUS, ROGER WARREN, BARBARA WARREN, RONNIE BELL, MARY RUTH BELL, ERIC DANIEL NELSON, BOB WATKINS, SHEENA MESHELLE NELSON, MICAELA NELSON, JERRY BARBER, MARGIE DENE BARBER, LOU ANN BATES, SAM BATTAGLIA, RICKY BELL, THOMAS BELL, THERESA DAWN COX, FONDA LARRAINE BRASHIER, DENNIS KEITH BREECE, LAURA ANN BREECE, ALTHA I. CLARK, EDWARD EUGENE CLARK, LUCILLE GRAY COTHAM, RICHY DALE COTHAM, CHRISTOPHER MICHAEL STARKY, KANDRA ANN STARKY, KRISTIAN STARKY, D'MITRY DUAIN COX, JOHNNY CLARENCE EMORY, JUSTIN TYLER EMORY, JAMES R. FRENCH, MICHAEL FROST, JOE GRAY, WALTER EUGENE GRAY, RICHARD DALE HESTER, BEVERLY ANN HICKERSON, JAMES JASON HICKERSON, STACY ARLENE HICKERSON, STEPHANIE ANN HICKERSON, JUDY D. HIMES, TRAVIS HIMES, SANDRA KAY HOAG, RHONDA LOUIS LEDBETTER, PATRICIA AVON LEWIS, JIMMY RAY NELSON, MARGARET PARKER, MITCHELL LEE SKETON, MELANIE JO SPICER, MICHELE RENEE STURGILL, MELISSA VARNER, [*2] LINDA EILEEN WARD, KENDRA NICHOLE WARREN, CONNIE MARIE WARREN, DOMINIC COLTON WARREN, MIRANDA DONETTE WARREN, STEVE GUNNER WARREN, ROGER BRANDON WARREN, ERIC WOOD, RODNEY SCOTT WOOD, DONALD DALE WARREN, plaintiffs: Allen Browning, CURTIS & BROWNING, Idaho Falls, ID.

For MESCHELLE LEIGH NELSON, JAMES BRANDON NELSON, APRIL DESIREE NELSON, MICHAEL DEREK NELSON, JUNE ELLEN BLEDSOE, TAMMY EMORY, DANIELLE EMORY, JUSTIN CUDE, EVETTE NELSON, JORDAN NELSON, JOSHUA NELSON, LONNIE NELSON, GRETHER NELSON, THERESA NELSON, JODY LEE NELSON, STEVE PARKER, ROGER WARREN, BARBARA WARREN, RONNIE BELL, MARY RUTH BELL, ERIC DANIEL NELSON, BOB WATKINS, MICAELA JANAE NELSON, SHEENA MESHELLE NELSON, MICAELA NELSON, JERRY BARBER, MARGIE DENE BARBER, LOU ANN BATES, SAM BATTAGLIA, RICKY BELL, THOMAS BELL, THERESA DAWN COX, FONDA LARRAINE BRASHIER, DENNIS KEITH BREECE, LAURA ANN BREECE, ALTHA I. CLARK, EDWARD EUGENE CLARK, LUCILLE GRAY COTHAM, RICHY DALE COTHAM, CHRISTOPHER MICHAEL STARKY, KANDRA ANN STARKY, KRISTIAN STARKY, D'MITRY DUAIN COX, JOHNNY CLARENCE EMORY, JUSTIN TYLER EMORY, JAMES R. FRENCH, MICHAEL FROST, JOE GRAY, WALTER EUGENE GRAY, RICHARD DALE HESTER,

BEVERLY ANN HICKERSON, JAMES JASON HICKERSON, [*3] STACY ARLENE HICKERSON, STEPHANIE ANN HICKERSON, STEPHEN ANDREW HICKERSON, JUDY D. HIMES, TRAVIS HIMES, ROBERT MARABLE HINSON, SANDRA KAY HOAG, RHONDA LOUIS LEDBETTER, PATRICIA AVON LEWIS, JIMMY RAY NELSON, MARGARET PARKER, MITCHELL LEE SKETON, MELANIE JO SPICER, MICHELE RENEE STURGILL, MELISSA VARNER, LINDA EILEEN WARD, KENDRA NICHOLE WARREN, DONALD EUGENE WARREN, CONNIE MARIE WARREN, DOMINIC COLTON WARREN, MIRANDA DONETTE WARREN, STEVE GUNNER WARREN, ROGER BRANDON WARREN, ERIC WOOD, RODNEY SCOTT WOOD, TERRY LEE WOOD, BRANDON NELSON, JEAMES DARRELL ADKINS, TIFFANY RAY ADKINS, ROBERT ALLIO, CHARLENE ALLIO, WILMA AMOS, JOANN BARBER ANDREWS, MICHAEL AARON ARTHUR, VET BANDY, CARL BARBER, DALE BARBER, DAVID A. BARBER, DELORES BARBER, DELORES DELMA BARBER, FRANK BARBER, JR., JAMES R. BARBER, JOHN S. BARBER, LEONA M. BARBER, ELAINE BARTLEY, JEFF BARTLEY, JEREMY BARTLEY, JOHN BARTLEY, ERIE BARTLEY, RICKY BATTLES, CANDY MELISSA BATTLES, MICHELLE LEE (ADKINS) BELL, AL BEST, ROY CAMPBELL, JESSIE CHANDLER, ASHLEY MARIE CHIPMAN, DEBORAH GAYE CHIPMAN, CONNIE RENEE CLARK, LOUISE CLARK, ALICE FAYE COOK, MYRTLE IMOGENE COOK, BILLY CROWELL, CHERYL CROWELL, SHEILA CROWELL, REBECCA CROWELL, MARILYN DAVIS, [*4] FAYE DOBBS, REED DOBBS, BRIAN DUART, LINDA DEPRIEST, WILLIAM FRENCH, ROBBIE JEAN GILBERT, BEVERLY GOAD, DEBORAH K. HARDIN, MATTHEW HARDIN, JESSEE CLARK HASTON, JANICE HENSON, DEBORAH GAIL HESTER, ERIC HICKERSON, JANE HICKERSON, BARBARA HALEY HIMES, MICHELLE LEIGH, WILLIAM THOMAS MCCOMAS, CYNTHIA NIX, THERESA PARNELL, MARILYN CLARK PRITCHETT, CHRISTINE RAMEY, BOBBIE JOE SMITH, DELVAINE SMITH, JAMES THOMAS STAYROOK, LISA STAYROOK, MELISSA STAYROOK, RANDALL LYN TROLL, TIFFANY TROLL, CAROL ULMER, DONALD DALE WARREN, DONNA JEAN WARREN, GUSTRA WARREN, RICHARD N. WARREN, MELISSA WARREN, ALINE WESTBROOK, EARL WESTBROOK, KERRY WESTBROOK, plaintiffs: Carl R. Ogle, Jr., Esq., LAW OFFICES OF CARL R. OGLE, JR., Jefferson City, TN.

For JOSHUA NELSON, LONNIE NELSON, MICAELA JANAE NELSON, EDWARD EUGENE CLARK, STEPHEN ANDREW HICKERSON, ROBERT MARABLE HINSON, DONALD EUGENE WARREN, TERRY LEE WOOD, BRANDON NELSON, JEAMES DARRELL ADKINS, TIFFANY RAY ADKINS, ROBERT ALLIO, CHARLENE ALLIO, WILMA AMOS, JOANN BARBER ANDREWS, MICHAEL AARON ARTHUR, VET BANDY,CARL BARBER, DALE BARBER, DAVID A. BARBER, DELORES BARBER, DELORES DELMA BARBER, FRANK BARBER, JR., JAMES R. BARBER, JOHN S. BARBER, LEONA M. BARBER, [*5] ELAINE BARTLEY, JEFF BARTLEY, JEREMY BARTLEY, JOHN BARTLEY, ERIE BARTLEY, RICKY BATTLES, CANDY MELISSA BATTLES, MICHELLE LEE (ADKINS) BELL, AL BEST, ROY CAMPBELL, JESSIE CHANDLER, ASHLEY MARIE CHIPMAN, DEBORAH GAYE CHIPMAN, CONNIE RENEE CLARK, LOUISE CLARK, ALICE FAYE COOK, MYRTLE IMOGENE COOK, BILLY CROWELL, CHERYL CROWELL, SHEILA CROWELL, REBECCA CROWELL, MARILYN DAVIS, FAYE DOBBS, REED DOBBS, BRIAN DUART, LINDA DEPRIEST, WILLIAM FRENCH, ROBBIE JEAN GILBERT, BEVERLY GOAD, DEBORAH K. HARDIN, MATTHEW HARDIN, JESSEE CLARK HASTON, JANICE HENSON, DEBORAH GAIL HESTER, ERIC HICKERSON, JANE HICKERSON, BARBARA HALEY HIMES, MICHELLE LEIGH, WILLIAM THOMAS MCCOMAS, CYNTHIA NIX, THERESA PARNELL, MARILYN CLARK PRITCHETT, CHRISTINE RAMEY, BOBBIE JOE SMITH, DELVAINE SMITH, JAMES THOMAS STAYROOK, LISA STAYROOK, MELISSA STAYROOK, RANDALL LYN TROLL, TIFFANY TROLL, CAROL ULMER, DONALD DALE WARREN, DONNA JEAN WARREN, GUSTRA WARREN, RICHARD N. WARREN, MELISSA WARREN, ALINE WESTBROOK, KERRY WESTBROOK, plaintiffs: Gordon W. Jenkins, Esq., JENKINS LAW OFFICE, Idaho Falls, ID.

For MICAELA NELSON, JERRY BARBER, MARGIE DENE BARBER, LOU ANN BATES, SAM

Case: 1:06-cv-01288-CAB Doc #: 53-6 Filed: 11/10/08 4 of 9. PageID #: 1239

Page 3
2002 U.S. Dist. LEXIS 13620, *5

BATTAGLIA, RICKY BELL, THOMAS BELL, THERESA DAWN COX, [*6] FONDA LARRAINE BRASHIER, DENNIS KEITH BREECE, LAURA ANN BREECE, ALTHA I. CLARK, LUCILLE GRAY COTHAM, RICHY DALE COTHAM, CHRISTOPHER MICHAEL STARKY, KANDRA ANN STARKY, KRISTIAN STARKY, D'MITRY DUAIN COX, JOHNNY CLARENCE EMORY, JUSTIN TYLER EMORY, JAMES R. FRENCH, MICHAEL FROST, JOE GRAY, WALTER EUGENE GRAY, RICHARD DALE HESTER, BEVERLY ANN HICKERSON, JAMES JASON HICKERSON, STACY ARLENE HICKERSON, STEPHANIE ANN HICKERSON, STEPHEN ANDREW HICKERSON, JUDY D. HIMES, TRAVIS HIMES, ROBERT MARABLE HINSON, SANDRA KAY HOAG, RHONDA LOUIS LEDBETTER, PATRICIA AVON LEWIS, JIMMY RAY NELSON, MARGARET PARKER, MITCHELL LEE SKETON, MELANIE JO SPICER, MICHELE RENEE STURGILL, MELISSA VARNER, LINDA EILEEN WARD, KENDRA NICHOLE WARREN, DONALD EUGENE WARREN, CONNIE MARIE WARREN, DOMINIC COLTON WARREN, MIRANDA DONETTE WARREN, STEVE GUNNER WARREN, ROGER BRANDON WARREN, ERIC WOOD, RODNEY SCOTT WOOD, TERRY LEE WOOD, BRANDON NELSON, JEAMES DARRELL ADKINS, TIFFANY RAY ADKINS, ROBERT ALLIO, CHARLENE ALLIO, WILMA AMOS, JOANN BARBER ANDREWS, MICHAEL AARON ARTHUR, VET BANDY, CARL BARBER, DALE BARBER, DAVID A. BARBER, DELORES BARBER, DELORES DELMA BARBER, FRANK BARBER, JR., JAMES R. BARBER, JOHN S. BARBER, LEONA M. BARBER, [*7] ELAINE BARTLEY, JEFF BARTLEY, JEREMY BARTLEY, JOHN BARTLEY, ERIE BARTLEY, RICKY BATTLES, CANDY MELISSA BATTLES, MICHELLE LEE (ADKINS) BELL, AL BEST, ROY CAMPBELL, JESSIE CHANDLER, ASHLEY MARIE CHIPMAN, DEBORAH GAYE CHIPMAN, CONNIE RENEE CLARK, LOUISE CLARK, ALICE FAYE COOK, MYRTLE IMOGENE COOK, BILLY CROWELL, CHERYL CROWELL, SHEILA CROWELL, REBECCA CROWELL, MARILYN DAVIS, FAYE DOBBS, REED DOBBS, BRIAN DUART, LINDA DEPRIEST, WILLIAM FRENCH, ROBBIE JEAN GILBERT, BEVERLY GOAD, DEBORAH K. HARDIN, MATTHEW HARDIN, JESSEE CLARK HASTON, JANICE HENSON, DEBORAH GAIL HESTER, ERIC HICKERSON, JANE HICKERSON, BARBARA HALEY HIMES, MICHELLE LEIGH, WILLIAM THOMAS MCCOMAS, CYNTHIA NIX, THERESA PARNELL, MARILYN CLARK PRITCHETT, CHRISTINE RAMEY, BOBBIE JOE SMITH, DELVAINE SMITH, JAMES THOMAS STAYROOK, LISA STAYROOK, MELISSA STAYROOK, RANDALL LYN TROLL, TIFFANY TROLL, CAROL ULMER, DONALD DALE WARREN, DONNA JEAN WARREN, GUSTRA WARREN, RICHARD N. WARREN, MELISSA WARREN, ALINE WESTBROOK, EARL WESTBROOK, KERRY WESTBROOK, plaintiffs: Joseph D. Davis, Esq., DAVIS & THOMAS, Los Angeles, CA.

For BROWN SMITH WARD, JIM WOOD, JAMES LESTER BARBER, estate plaintiffs: Gordon W. Jenkins, Esq., JENKINS LAW OFFICE, [*8] Idaho Falls, ID.

For BROWN SMITH WARD, JIM WOOD, JAMES LESTER BARBER, estate plaintiffs: Carl R. Ogle, Jr., Esq., LAW OFFICES OF CARL R. OGLE, JR., Jefferson City, TN.

For BROWN SMITH WARD, JIM WOOD, JAMES LESTER BARBER, estate plaintiffs: Joseph D. Davis, Esq., DAVIS & THOMAS, Los Angeles, CA.

For TENNESSEE GAS AND PIPELINE COMPANY, EL PASO TN PIPELINE, defendants: Walter H. Crouch, Esq., Michael Kent Stagg, WALLER LANSDEN DORTCH & DAVIS, William H. Farmer, St. Esq., FARMER & LUNA, Nashville, TN.

For TENNESSEE GAS AND PIPELINE COMPANY, EL PASO TN PIPELINE, defendants: Russ M. Strobel, Esq., ALTHEIMER & GRAY, Chicago, IL.

**JUDGES:** JAMES D. TODD, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** JAMES D. TODD

**OPINION**

ORDER GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

Plaintiffs filed this action seeking compensatory and punitive damages for injuries allegedly caused by

Defendants' release of polychlorinated biphenyls (PCBs) into the environment in and around the Lobelville, Tennessee area. Given the number of Plaintiffs involved in the case, the parties consented to a preliminary trial of seven "Flagship" Plaintiffs before a United States Magistrate Judge. Magistrate Judge J. [*9] Daniel Breen found that the Flagship Plaintiffs' expert witness on causation was subject to exclusion under *Daubert v. Merrell Dow Pharmaceuticals, Inc., 509 U.S. 579, 125 L. Ed. 2d 469, 113 S. Ct. 2786 (1993)*. Summary judgment was then entered against the Flagship Plaintiffs due to a lack of evidence to prove causation of their alleged injuries and damages. The Flagship Plaintiffs' appeal of the magistrate judge's decisions has been completed and the magistrate judge has been affirmed. See *Nelson v. Tennessee Gas Pipeline Co., 243 F.3d 244 (6th Cir. 2001) cert. denied, 534 U.S. 822, 151 L. Ed. 2d 25, 122 S. Ct. 56* (Oct 01, 2001).

On December 26, 2001, Defendants filed a motion to exclude Kaye Kilburn, M.D., as to the Non-Flagship Plaintiffs. Plaintiffs did not respond to this motion. Since the inadmissibility of Dr. Kilburn's testimony has already been determined by the Magistrate Judge and affirmed by the Sixth Circuit, the court granted the Defendants' motion to exclude Dr. Kilburn on March 18, 2002.

In addition to their motion to exclude Dr. Kilburn, Defendants also filed a motion for summary judgment as to the remaining Plaintiffs. Plaintiffs [*10] failed to file a timely response. On February 1, 2002, Plaintiffs filed a motion for additional time to respond to the pending motions. Since Plaintiffs failed to show excusable neglect, the court denied this motion on February 28, 2002. On March 20, 2002, Plaintiffs filed a motion for reconsideration of the court's denial of their motion for additional time to respond to the pending motions. This motion was accompanied by affidavits from Paul Curtis and Allen Browning. Since the court was unable to determine from the status of the record the accuracy of Defendants' assertions contained in its motion for summary judgment, the court entered an order requiring further briefing from the parties on March 22, 2002. The court's order granted Plaintiffs a right to respond to the Defendants' motion for summary judgment; thus, Plaintiffs' motion to reconsider became moot.

Both parties have now filed a timely response to the court's order requiring further briefing. Having thoroughly considered the pleadings, Defendants' motion for summary judgment is GRANTED.

STANDARDS FOR SUMMARY JUDGMENT

Motions for summary judgment are governed by *Rule 56 of the Federal Rules of Civil Procedure*. To [*11] prevail on a motion for summary judgment, the moving party has the burden of showing the "absence of a genuine issue of material fact as to an essential element of the nonmovant's case." *Street v. J.C. Bradford & Co., 886 F.2d 1472, 1479 (6th Cir. 1989)*. The moving party may support the motion with affidavits or other proof or by exposing the lack of evidence on an issue for which the nonmoving party will bear the burden of proof at trial. *Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*. The opposing party may not rest upon the pleadings but, "by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial." *Fed. R. Civ. P. 56(e)*.

"If the defendant . . . moves for summary judgment . . . based on the lack of proof of a material fact, . . . the mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 252, 91 L. Ed. 2d 202, 106 S. Ct. 2505 (1986)*. The court's [*12] function is not to weigh the evidence, judge credibility, or in any way determine the truth of the matter. *Anderson, 477 U.S. at 249*. Rather, "the inquiry on a summary judgment motion . . . is . . . 'whether the evidence presents a sufficient disagreement to require submission to a [trier of fact] or whether it is so one-sided that one party must prevail as a matter of law.'" *Street, 886 F.2d at 1479* (quoting *Anderson, 477 U.S. at 251-52*). Doubts as to the existence of a genuine issue for trial are resolved against the moving party. *Adickes v. S. H. Kress & Co., 398 U.S. 144, 158-59, 26 L. Ed. 2d 142, 90 S. Ct. 1598 (1970)*.

DEFENDANTS' ENTITLEMENT TO SUMMARY JUDGMENT

Defendants' motion for summary judgment asserts that Plaintiffs lack evidence to support an essential element of their claim. More specifically, Defendants allege that Plaintiffs have no proof that PCBs caused the injuries they allege. "When a defendant moves for summary judgment on the ground that the plaintiff lacks evidence of an essential element of the plaintiff's claim . .

. Rule 56 requires the plaintiff to present evidence . . . that demonstrates [*13] the existence of a genuine issue of material fact." *Bailey v. Floyd County Bd. of Educ., 106 F.3d 135 (6th Cir. 1997)* (citing *Celotex Corp. v. Catrett, 477 U.S. 317, 324, 91 L. Ed. 2d 265, 106 S. Ct. 2548 (1986)*; *Winskunas v. Birnbaum, 23 F.3d 1264, 1267 (7th Cir.1994)).* Although Defendants' initial motion did not present any evidence to support the conclusion that Plaintiffs lack evidence to support a finding that PCBs caused Plaintiffs' injuries; Defendants' response to the court's order requiring further briefing presented considerable evidence showing that the remaining Plaintiffs had either selected Dr. Kilburn as a causation expert or had no causation expert at all. Furthermore, Plaintiffs' response to the court's order requiring further briefing states that Plaintiffs have other medical witnesses, but no other causation evidence. See Memorandum in Opposition to Summary Judgment Regarding Nonflagship Plaintiffs, at 2; see also Browning Aff., PP 9-10 (Docket No. 296).

It is settled law that plaintiffs in a toxic tort case must present competent expert testimony or other scientific evidence that links the individual plaintiff's [*14] harm to the toxic substance allegedly causing the plaintiff's injury. See *Nelson, 243 F.3d at 253*; *Conde v. Velsicol Chem. Corp., 24 F.3d 809, 814 (6th Cir. 1994)*. Defendants have moved for summary judgment based upon an absence of scientific evidence to support the causation element of Plaintiffs' claims. In order to survive this motion Plaintiffs would have to respond with evidence of causation which creates a disputed issue of material fact requiring submission to a trier of fact. *Street, 886 F.2d at 1479*. Plaintiffs have failed in this regard. Defendants' allegation that Plaintiffs' lack evidence to support the causation element of Plaintiffs' claims is unchallenged. Thus--unless Plaintiffs are granted time for additional development of evidence--Defendants' motion for summary judgment should be granted.

PLAINTIFFS' REQUEST FOR ADDITIONAL TIME TO PROVE CAUSATION

A request for additional time to collect evidence in order to respond to a motion for summary judgment is addressed by *Rule 56(f) of the Federal Rules of Civil Procedure*. *Rule 56(f)* is "a 'carefully crafted' rule that serves as a vehicle through which the non-movant [*15] meets his 'obligation to inform the district court of his need for discovery . . ..'" *Cacevic v. City of Hazel Park, 226 F.3d 483, 488 (6th Cir. 2000)*. *Rule 56(f)* provides:

> Should it appear from the affidavits of a party opposing the motion that the party cannot for reasons stated present by affidavit facts essential to justify the party's opposition, the court may refuse the application for judgment or may order a continuance to permit affidavits to be obtained or depositions to be taken or discovery to be had or may make such other order as is just.

*Fed. R. Civ. P. 56(f)*. As the language of *Rule 56(f)* suggest, a party seeking a postponement of a ruling on a summary judgment motion must meet certain procedural requirements. Although the language of *Rule 56(f)* requires a the party to present an affidavit to the court, the Sixth Circuit has been willing to accept a motion without an affidavit. See *Plott v. General Motors Corp., 71 F.3d 1190, 1196 (6th Cir. 1995)* (stating that a party seeking additional time under *Rule 56(f)* must file "either a *Rule 56(f)* affidavit or a motion that gives the district court a chance to rule on the need [*16] for additional discovery"). If a party fails to present either a motion or a *Rule 56(f)* affidavit, the court will not normally determine whether a party has had sufficient time to conduct discovery. See id. It is generally not an abuse of discretion to reach the merits of a summary judgment motion when the party seeking the protection of *Rule 56(f)* fails to properly invoke the rule's shelter. See *Cacevic, 226 F.3d at 488* (citing *Shavrnoch v. Clark Oil & Refining Corp., 726 F.2d 291, 294 (6th Cir. 1984))*; Cf. *Vance ex rel Hammons v. United States, 90 F.3d 1145 (6th Cir. 1996)*.

"The party opposing a motion for summary judgment . . . possesses no absolute right to additional time for discovery under *Rule 56* . . .." *Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir. 1989)*. A party's entitlement to a continuance is contingent upon a proper showing of the substantive reasons for its inability to respond to the motion for summary judgment. As stated by the Eighth Circuit:

> *Rule 56(f)* is not a shield that can be raised to block a motion for summary judgment without even the slightest showing by the opposing party [*17] that

his opposition is meritorious. A party invoking its protections must do so in good faith by affirmatively demonstrating why he cannot respond to a movant's affidavits as otherwise required by *Rule 56(e)* and how postponement of a ruling on the motion will enable him, by discovery or other means, to rebut the movant's showing of the absence of a genuine issue of fact.

*Willmar Poultry Co. v. Morton-Norwich Prod., 520 F.2d 289, 297 (8th Cir. 1975)* quoted and adopted by the Sixth Circuit in *Emmons v. McLaughlin, 874 F.2d 351, 356 (6th Cir. 1989)*. The burden of proving that a postponement of a summary judgment decision is warranted is upon the movant, and a failure to carry that burden justifies the immediate disposition of the summary judgment motion. See *Emmons, 874 F.2d at 356-57*.

Generally, under *Rule 56(f)* it is improper for a court to enter summary judgment if the responding party has not been afforded an ample opportunity to conduct discovery. See *Vance, 90 F.3d at 1148*. Further, if the responding party presents "a proper and timely showing of a need for discovery, the district court's entry of summary [*18] judgment without permitting him to conduct any discovery at all will constitute an abuse of discretion." See *id., at 1149*. However, if the responding party presents an improper *Rule 56(f)* motion or affidavit, it is not an abuse of discretion to deny the motion even if discovery is not completed. See *Ironside v. Simi Valley Hosp., 188 F.3d 350, 354 (6th Cir. 1999)*.

Turning to the substantive reasons underlying Plaintiffs' request for additional time to obtain causation evidence, the court must first determine whether the deadline for the naming of expert witnesses had elapsed. See *Schaffer v. A.O. Smith Harvestore Prod., 74 F.3d 722, 732 (6th Cir. 1996)* (affirming a denial of a *Rule 56(f)* motion when the discovery deadlines had "long since passed"). It is far from clear whether the original November 15, 1996, deadline for the disclosure of expert witnesses has actually expired. In a September 27, 1996, status conference the court either informally extended--to a now unknown date--the disclosure deadline for Plaintiffs' expert witnesses or vacated the deadline altogether. [1] Thus, the court, viewing the evidence in the light most favorable [*19] to Plaintiffs, concludes that the deadline for the disclosure of Plaintiffs' expert witnesses has not expired. In any event, Plaintiffs have still failed to present a sufficient reason for the court to allow them more time to gather evidence to support the causation element of their claim.

> 1   No formal order extending or vacating the deadline for expert witnesses was entered and the court has no independent recollection of what actually occurred concerning the expert witness deadline.

In the Flagship Plaintiffs' earlier appeal, Plaintiffs argued "that considerations of equity and fair play demand that they have an opportunity to cure the deficiencies in their proofs." *Nelson, 243 F.3d at 249*. As stated by the Sixth Circuit "Plaintiffs had adequate opportunity to develop their expert testimony, test their theories, and respond to defendants' specific challenges to the testimony." Id. The court concluded "fairness does not require that a plaintiff, whose expert witness testimony has been found [*20] inadmissible under Daubert, be afforded a second chance to marshal other expert opinions and shore up his case before the court may consider a defendant's motion for summary judgment." *Id. at 250*. Furthermore, there is no reason for the court to believe that Plaintiffs would now put forth any better evidence than what was presented initially by the Flagship Plaintiffs. See id (quoting *Weisgram v. Marley Co., 528 U.S. 440, 145 L. Ed. 2d 958, 120 S. Ct. 1011 (2000))*.

The court finds this same rationale used by the Sixth Circuit in upholding the magistrate judge's decision applicable to the Non-Flagship Plaintiffs. The remaining Plaintiffs have been afforded ample time to mend the deficiencies in the causation element of their claim. Further, Plaintiffs were "on notice every step of the way that [defendants] were challenging [their] experts, [and they] made no attempt to add or substitute other evidence." Id. (quoting *Weisgram, 528 U.S. at 455-56)*.

Through various pleadings, Plaintiffs state numerous reasons for the court to grant a continuance to allow them to obtain more evidence to refute Defendants' motion for [*21] summary judgment. One alleged reason is that their attorney is new to the case. Although it may be true that Allen Browning is new to this case, that does not negate the fact that Joseph Davis and Carl R. Ogle have been attorneys of record for Plaintiffs since the very beginning of this action. [2] Accordingly, the lack of

continuity of Plaintiffs' counsel cannot form a basis for an extension.

> 2 Although Plaintiffs state that Mr. Davis was employed only to "finance" this case, Mr. Davis has entered an appearance and signed numerous pleadings in this case. The court is aware of no authority for a lawyer to enter a case merely for the purpose of "financing" the litigation. A lawyer who enters an appearance in a case is considered to be counsel for all purposes.

Another reason put forth by Plaintiffs is that they are unable to expend the money required to obtain an expert witness without knowing whether the court will allow them to add an additional expert witness. Although the court can understand the hesitancy [*22] of Plaintiffs, a desire to reduce expenses is not a sufficient reason to withhold determination on a motion for summary judgment. See *MacKay v. American Potash & Chem. Co., 268 F.2d 512, 517 (9th Cir 1959)*; *Grimm v. Westinghouse Elec. Corp., 300 F. Supp. 984, 991 (D.C.Cal. 1969)*; *Dale Hilton, Inc. v. Triangle Publications, Inc., 27 F.R.D. 468, 476 (S.D.N.Y. 1961)*; *Topp- Cola Co. v. Coca-Cola Co., 185 F. Supp. 700, 708 (D.C.N.Y. 1960)*.

Plaintiffs also allege that they have been taken by surprise and that they did not know that the case was active after the Supreme Court's denial of certiorari. 3 Plaintiffs' new counsel was aware that this case was active at the end of December of 2001, about the same time that the present motion was filed. See Plaintiffs' Motion to Reconsider, at 2. It has now been five months since Plaintiffs' new counsel became aware the case was active. Plaintiffs' failure to realize the implications of the Supreme Court's denial of certiorari and the potential vacation of the court's March 15, 1996, scheduling order do not excuse the lack of initiative in gathering evidence after Plaintiffs' [*23] learned that their expert witness on causation would not be allowed. This is particularly true in light of the court's order requiring further briefing which allowed Plaintiffs sixty days to "present legal argument and evidence concerning any matter they deem pertinent to Defendants' motion for summary judgment." See Order Requiring Further Briefing, at 3, 4.

> 3 Such an argument completely ignores the fact that Mr. Davis and Mr. Ogle, who have been counsel of record for Plaintiffs since February of 1996, were not taken "by surprise."

Yet another reason for denying Plaintiffs' request for additional time is that Plaintiffs' have exclusive control of the evidence which they seek additional time to produce. Courts in similar circumstances have held that a "plaintiff may not invoke the shelter of *Rule 56(f)* to excuse her own lack of diligence in demonstrating to the Court that there is indeed a genuine issue of fact . . .." *Green v. Am. Broad. Co., 647 F. Supp. 1359 (D.D.C. 1986)*. Indeed, as [*24] mentioned above, one of the primary requirements of *Rule 56 (f)* is a showing that the responding party "cannot . . . present . . . facts essential to justify the party's opposition . . .." *Fed. R. Civ. P. 56(f)*.

When a court attempts to determine whether a party resisting summary judgment "cannot" produce essential evidence, a critical factor to consider is who is in control of the evidence which is sought. See *Chance v. Avenue A, Inc., 165 F. Supp.2d 1153, 1159 (W.D.Wash. 2001)* (citing 10B WRIGHT, MILLER & KANE, Federal Practice and Procedure § 2741 (1998)). When the evidence alleged by a defendant to be absent from the plaintiffs' proof is within the exclusive control of the defendants, additional time to conduct discovery is warranted. See *Green, 647 F. Supp. at 1364*. However, when the evidence sought by the party resisting summary judgment is in the exclusive control of that party, *Rule 56(f)* does not allow for more time to conduct discovery. See *Willmar Poultry, 520 F.2d at 297*; *Nicole v. Grafton School, Inc., 181 F. Supp. 2d 475, 480 (D.Md. 2002)*; *Chance v. Avenue A, Inc., 165 F. Supp. 2d 1153, 1159 (W.D.Wash. 2001)*; [*25] *Green, 647 F. Supp. at 1364*; see also *Paul Kadair, Inc. v. Sony Corp., 694 F.2d 1017, 1032 (5th Cir. 1983)* (affirming the district courts denial of a *Rule 56(f)* motion where some of the additional evidence to be sought could have been acquired from third parties).

A party seeking to resist summary judgment by alleging that it "cannot" produce facts which are under its exclusive control faces an arduous challenge. That party must make an "affirmative demonstration" that it cannot produce certain evidence--despite the fact that it is in control of the evidence. This may not be an impossible task, but for Plaintiffs in the case at hand, the task is elevated to near impossibility by the length of time in which Plaintiffs should have been developing evidence. See Memorandum in Opposition to Summary Judgment Regarding Nonflagship Plaintiffs, at 2 (acknowledging that the Non-Flagship Plaintiffs should have acquired a different expert witness for the Non-Flagship Plaintiffs

after Magistrate Judge Breen excluded the testimony of Kaye Kilburn M.D.).

After seven years of litigation Plaintiffs still have not produced a shred of scientifically reliable evidence [*26] of causation despite controlling the access to such evidence. All the reasons set forth by Plaintiffs are not reasons why they cannot produce causation evidence, they are explanations for why they have not obtained causation evidence.

CONCLUSION

No genuine issues of material fact exist concerning the current status of Plaintiffs' ability to prove the causation element of their claim. Since Plaintiffs cannot prove that PCBs caused their injuries, Defendants are entitled to summary judgment. Plaintiffs' request for additional time to gather causation evidence is denied because Plaintiffs have not stated a reason justifying a delay in adjudicating Defendants' motion for summary judgment and because Plaintiffs have exclusive control over the evidence which they seek additional time to acquire.

Defendants' motion for summary judgment is GRANTED. The Clerk is directed to enter judgment accordingly.

IT IS SO ORDERED.

JAMES D. TODD

UNITED STATES DISTRICT JUDGE

6/10/02

DATE