# Exhibit G

Letter from Lehn to Walters (Sept. 11, 2006)

# Cooper & Kirk
### Lawyers
A Professional Limited Liability Company

**David M. Lehn**
(202) 220-9642
dlehn@cooperkirk.com

Suite 750
555 Eleventh Street, N.W.
Washington, D.C. 20004

(202) 220,9600
Fax (202) 220-9601

September 11, 2006

Gary L. Walters
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291

Re: 216 *Jamaica Avenue LLC v. S & R Playhouse Realty Co.,* No. 106 CV 1288 (N.D. Ohio)

Dear Gary:

We have received your first production of documents (Bates numbers FCID 0001-0392). This production was deficient in several respects.

First, several documents you identified in your initial disclosure pursuant to Rule 26(a)(1) are missing from the production, including: (6) First Amendment, dated December 1, 1992, to Urban Development Action Grant Development Contract between the City of Cleveland and S & R Playhouse Realty Company; (10) Mortgage, Security Agreement and Assignment of Rents from S & R Playhouse Realty Company to Marine Midland Bank, dated November 25, 1997, (14) S & R Playhouse Realty Company Amended and Restated General Partnership Certificate, dated September 17, 1984, (15) Confidential Placement Memorandum, and (16) Letter, dated December 28, 1988, from Perry Tenenbaum to Joan Krogalecki, forwarding estoppel certificates and releases of mechanic's liens.

Second, many of the documents you produced were missing pages, including: the Halle Office Building Limited Partnership Amended and Restated Limited Partnership Agreement (FCID 0086-0095); the Halle Office Building Limited Partnership Amended and Restated Certificate of Limited Partnership and Fictitious Name Certificate (FCID 0096-0097); the Loan and Trust Agreement dated October 1, 1984, by and among County of Cuyahoga, Ohio, Halle Office Building Limited Partnership and Ameritrust Company National Association (FCID 0098-0104); the Bond Purchase Agreement among County of Cuyhoga, Ohio. Halle Office Building Limited Partnership, et al., dated October 1, 1984 (FCID 0105-0106); Offering Circular relating to $7,000,000, County of Cuyahoga, Ohio (FCW 0107-0108); Letter of Credit and Reimbursement Agreement between Halle Office Building Limited Partnership and Wells Fargo Bank, dated October 1, 1984 (FCID 0109-0115); Open-end Mortgage, Security Agreement and Assignment of Rents between Halle Office Building Limited Partnership and Ameritrust Company National Association and Wells Fargo Bank National Association, dated October I, 1984 (FCID 0116-0119); Preliminary Offering Circular, dated September 11, 1984. $7,000,000,

# Cooper & Kirk
**Lawyers**

Gary L. Walters
September 11, 2006
Page 2 of 2

County of Cuyahoga, Ohio (FCID 0120-0130); Resolution of S & R Playhouse Realty Company, dated December 17, 1992, and accompanying documents (FCID 0132-0166); Amendment to Open-end Mortgage and Security Agreement, dated December 1, 1992, between City of Cleveland and S & R Playhouse Realty Company (FCID 0221-0246).

    To ensure that we receive complete copies of all relevant documents, we are hereby serving a document request upon S & R Playhouse and a subpoena upon Forest City Enterprises.

    Third, you designated all of the produced pages as confidential. Many of the documents, however, are plainly not confidential because they are in fact publicly filed documents. Because your blanket designation of confidentiality lacked a legitimate basis, we will not agree to accord confidentiality to any future productions of documents by you without an adequate showing that such documents are in fact confidential.

    Insofar as you have expressed interest in obtaining relevant documents from 216 Jamaica, I note that we are willing to exchange documents with you prior to the return date on the document request referenced above at a date that is mutually convenient. Please let me know if you would like to proceed in this way and the date on which you would like to exchange the documents.

    Finally, I reiterate that we are willing to cover the costs of copying all the documents you produce.

Sincerely,

David Lehn

Enclosures

cc: Stephen D. Williger, Esq. (with enclosures)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | | |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) ) ) ) | Civil Action No. 06-1288 |
| Plaintiff, | ) ) ) | |
| v. | ) ) | (Judge Boyko) |
| S & R PLAYHOUSE REALTY CO., | ) ) ) ) | |
| Defendant. | ) ) ) | |

**PLAINTIFF'S FIRST SET OF REQUESTS FOR
PRODUCTION OF DOCUMENTS**

Plaintiff, 216 Jamaica Avenue, LLC, ("216 Jamaica") by and through its undersigned counsel, and pursuant to the Federal Rules of Civil Procedure, hereby submits the following requests for production of documents and requests that

defendant, S & R Playhouse Realty Co., produce and permit inspection and copying of the documents identified below in accordance with this Set of Requests.

**DEFINITIONS**

A. For purposes of this Set of Requests, the following definitions shall apply:

*1.* The words "you" and "your" refer to S & R Playhouse Realty Co., and all partners, employees, members, agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of S & R Playhouse Realty Co.

2. The term "Lease" means the lease originally between the Realty Investment Co. and Salmon P. Halle et al., dated March 15, 1912, and the modification of said lease between the Realty Investment Co. and Salmon P. Halle et al., dated October 17, 1912.

*3.* The term "1982 Assignment and Assumption" means the assignment and assumption of the Lease between the Halle Brothers Company and S & R Playhouse Realty Company, dated May 21, 1982.

**4.** The term "Gold Clause" means the clause in the Lease that provides: "All of said rents shall be paid in gold coin of the United States of the present standard of weight and fineness."

*5.* The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Federal Rule of Evidence 1001, and should be construed in the broadest sense permissible under the Federal Rules of Civil Procedure. Accordingly, "document(s) includes, but is not limited to, all written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically,

electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. These requests encompass all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audio tapes and files, and digital or analog video tapes and files.

   6.  The word "communications(s)" means any meeting, conversation (face-to-face, telephonic, or otherwise), discussion, telex message, cable, correspondence, message, electronic mail, voice mail, or other occurrence whereby thoughts, opinions, data, or other information are transmitted between or among two or more persons or between or among one or more persons and any photographic, mechanical, electrical or electronic device or devices for receiving, transmitting, or storing data or other information.

7. The word "person(s)" includes not only natural persons, but also firms, partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures, proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local governments or government agencies, offices, bureaus, departments, or entities; other legal, business, or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

8. As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

9. The phrase "reflect, refer, or relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with.

10. The words "to present" mean to the date on which you respond to these requests.

B. In order to bring within the scope of these Requests all information and documentation which might otherwise be construed to be outside their scope: The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.,* "ing," "ed,", etc.) shall be construed to include each other.

1. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

2. The word "each shall be construed to include "every" and vice versa.

3. The word "any" shall be construed to include "all" and vice versa.

4. The present tense shall be construed to include the past tense and vice versa.

5. The masculine shall be construed to include the feminine and vice versa.

6. The "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

7. The word "include" shall have its ordinary meaning and shall not indicate limitation to the examples or items mentioned.

In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly literal or otherwise restrictive manner.

## **INSTRUCTIONS**

A. You are to respond to these requests for production of documents in accordance with the Federal Rules of Civil Procedure. In particular, you are under a duty to supplement and amend your responses in accordance with those rules.

B. Each request herein constitutes a request that each document referred to or a true, complete, and legible copy thereof, be produced during business hours and

5

upon appropriate notice, to 216 Jamaica's undersigned counsel, at the offices of Cooper & Kirk, PLLC, 555 Eleventh Street NW, Suite 750, Washington, D.C. 20004, within the time provided in Federal Rule of Civil Procedure 34, or at such other time or place as may be agreed upon by 216 Jamaica and you, for the purpose of inspection and copying in accordance with Federal Rule of Civil Procedure 34. Each document request seeks documents which are in any way in the possession, custody, or control of you or any of your attorneys, or to which any of your attorneys have access. If a requested document was, but no longer is, in your possession, custody, or control, identify the document and identify the present location and custodian of the document, or if such information is unavailable, identify the last known location and custodian of the document, and explain the circumstances under which the document left your possession, custody, or control.

  C. If you contend that you are entitled to withhold from production the whole or any part of any responsive documents on the basis of the attorney-client privilege, the work product doctrine, or other grounds, for each such document:

    1. describe the nature of the document (*e.g.*, letter, memorandum);

    2. state the date of the document;

    3. identify the sender, author, and all recipients of the document;

    4. summarize the subject matter of the document;

    5. state the basis for your contention that you are entitled to withhold the document from production.

      D.      If you object to any request herein, you should produce all documents covered by the request not subject to the objection. Similarly, if you object to production of a document, the portion(s) of that document not subject to objection should be produced, with the portion(s) objected to deleted and indicated clearly.

      E.      You must produce all responsive documents as they are kept in the ordinary course of business, or you must organize and label the documents to correspond with the categories in this request.

      F.      Unless otherwise specified, the time period for these document requests shall be from January 1, 1889, to the present.

## **REQUESTS FOR PRODUCTION**

Please produce, in accordance with the foregoing instructions and definitions, the following documents for inspection and copying:

1. To the extent not previously produced, complete copies of all documents enumerated in your initial disclosures, dated August 7, 2006, made pursuant to Federal Rule of Civil Procedure 26(a)(1).

2. Any and all documents that reflect, refer, or relate to the interpretation, meaning, or validity of the Lease.

3. Any and all documents that reflect, refer, or relate to the interpretation, meaning, or validity of the 1982 Assignment and Assumption.

4. Any and all documents that reflect, refer, or relate to the interpretation, meaning, or validity of the Gold Clause.

September 11, 2006

James B. Niehaus (0020128)
Christopher G. Keim (0067117)
Frantz Ward LLP
2500 Key Center
127 Public Square
Cleveland, OH 44114
(216) 515-1611

Respectfully submitted,

Charles J. Cooper
*Counsel of Record*
David H. Thompson
David Lehn
COOPER & KIRK, PLLC
750 Eleventh Street NW
Suite 750
Washington, DC 20004
Telephone: (202) 220-9600
Facsimile: (202) 220-9601

## CERTIFICATE OF SERVICE

I hereby certify that on this 11th day of September, 2006, I caused the foregoing to be served by UPS overnight delivery on the following:

>Forest City Enterprises, Inc.
>c/o Stephen D. Williger
>Thompson Hine LLP
>3900 Key Center
>127 Public Square
>Cleveland, Ohio 44114
>
>Gary Walters
>Thompson Hine LLP
>3900 Key Center
>127 Public Square
>Cleveland, Ohio 44114

_/s/ Stephanie K. Sherman_
Stephanie K. Sherman

# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

216 JAMAICA AVENUE, LLC,

    Plaintiff,

v.                                    **SUBPOENA**

S & R PLAYHOUSE REALTY CO.,      No. 06-1288

    Defendant.

                                        Judge Boyko

To:     Forest City Enterprises, Inc.
         c/o Stephen D. Williger
         Thompson Hine LLP
         3900 Key Center
         127 Public Square
         Cleveland, Ohio 44114

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURT ROOM |
|---|---|
|  | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify in the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
|  |  |

☐ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects): **See Attachment**

| PLACE | DATE AND TIME |
|---|---|
| James B. Niehaus, c/o Frantz Ward LLP, 2500 Key Center, 127 Public Square, Cleveland, OH 44114 | September 26, 2006 |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
|  |  |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. U.S. Court of Federal Claims rule (RUSCFC) 30(b)(6).

| ISSUING OFFICER SIGNATURE AND TITLE (Indicate if Attorney for Plaintiff or Defendant) | DATE |
|---|---|
| *Attorney for Plaintiff* [signature] | September 11, 2006 |

ISSUING OFFICER'S NAME, ADDRESS, AND PHONE NUMBER
David H. Thompson, Esq
Cooper & Kirk PLLC
555 Eleventh Street NW
Suite 750
Washington, DC 20004
(202) 220-9600

NOTE: If the place **of travel** is more than 100 miles (by the shortest usual means of travel) from the place where the subpoena is served, or if the place of deposition is more than 100 miles from the place where the deponent resides, is employed or transacts business in person, the person may regard the command as optional unless there is attached to the subpoena an order of the Court requiring **his/her** appearance, notwithstanding the distance of travel. In any event, response to the subpoena will entitle the person to the fees and mileage allowed by law.

## PROOF OF SERVICE

|  | DATE | PLACE |
|---|---|---|
| SERVED | September 11, 2006 | Thompson Hine LLP<br>3900 Key Center<br>127 Public Square<br>Cleveland, OH 44114 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Forest City Enterprises, Inc. c/o Stephen D. Williger | Overnight delivery via UPS |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Stephanie Sherman | Senior Legal Assistant |

☐ Fees tendered for one day's anendance and mileage allowed by law.
(Fees and mileage need not be tendered when the subpoena is issued on behalf of the United States or an officer or agency thereof.)

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  9/11/06
            DATE

                                    *[signature]*
                                    SIGNATURE OF SERVER

555 Eleventh St., NW, Ste. 750, Washington, DC 20004
ADDRESS OF SERVER

RUSCFC 45, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction, which may include, but is not limited lo, lost earnings and a reasonable attorney's fee.

(2)(A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph of (d)(2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of the subpoena or before the lime specified for compliance if such time is less than 14 days after service, service upon the party or attorney designated in the subpoena written objection to inspection or copying of any and all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy the materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to comoel the production. Such an order to compel production shall protect any person who is not a party or an officer of a party from significant exoense resulting from the inspection and copying commanded.

(3)(A) On timely motion, the court shall quash or modify the subpoena if it
(i) fails to allow reasonable time for compliance;
(ii) requires disclosure of privileged or other protected matter and no exception or waiver applies; or
(iii) subjects a person to undue burden.

(B) If a subpoena
(i) requires disclosure of a trade seeret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the experts study made not at the request of any party, the court may, to protect a person subject lo or affected by the subpoena, quash or modify the subpoena or, if the party in whose behalf is issued shows a substantial need for testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the demanding party to contest the claim.

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 216 JAMAICA AVENIJE, LLC. | ) ) ) ) | Civil Action No. 06-1288 |
| Plaintiff, | ) ) ) | (Judge Boyko) |
| v. | ) | |
| S & R PLAYHOUSE REALTY CO., | ) ) ) | |
| Defendant. | ) ) | |

**ATTACHMENT TO SUBPOENA IN A CIVIL CASE DETAILING
PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS**

**DEFINITIONS**

1. The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all electronic mail, written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether

recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you" and "your" refer to Forest City Enterprises, Inc., and all partners, employees, members, agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Forest City Enterprises, Inc.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

9. The phrase "relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with in any way.

10. The term "Lease" means the lease originally between the Realty Investment Co. and Salmon P. Halle et al., dated March 15, 1912, and the modification of said lease between the Realty Investment Co. and Salmon P. Halle et al., dated October 17, 1912.

11. The term "1982 Assignment and Assumption" means the assignment and assumption of the Lease between the Halle Brothers Company and S & R Playhouse Realty Company, dated May 21, 1982.

12. The term "Gold Clause" means the clause in the Lease that provides: "All of said rents shall be paid in gold coin of the United States of the present standard of weight and fineness."

13. In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal or otherwise restrictive manner.

## INSTRUCTIONS

1. You are to respond to these requests for production of documents in accordance with the Rules of the United States Court of Federal Claims and any applicable local rule. In particular, you are under a duty to supplement and amend your responses in accordance with those rules.

2. Each request herein constitutes a request that each document referred to or a true, complete, and legible copy thereof, be produced at the place and time specified in the attached subpoena, or at a location mutually agreed to by counsel. Each document request seeks documents that are in any way in your possession, custody, or control, or any of your attorneys, employees or agents, or to which any of your attorneys, employees or agents have access. If a requested document was, but no longer is, in your possession, custody, or control, identify the document and identify the present location and custodian of the document, or if such information is unavailable, identify the last known location and custodian of the document, and explain the circumstances under which the document left your possession, custody, or control.

3. If you contend that you are entitled to withhold from production the whole or any part of any responsive document on the basis of the attorney-client privilege, the work product doctrine, other privilege or any other grounds, for each such document:

    a. describe the nature of the document (*e.g.*, letter, memorandum);

    b. state the date of the document:

    c. identify the sender, author, and all recipients of the document;

    d. summarize the subject matter of the document;

  e. the name and address of any person who is not included in your response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the Document that you contend to be privileged; and

  f. state the basis for your contention that you are entitled to withhold the document from production.

4. If you object to any request herein, you should produce all documents covered by the request not subject to the objection. Similarly, if you object to production of a document, the portion(s) of that document not subject to objection should be produced, with the portion(s) objected to be deleted and indicated clearly.

5. You must organize and label the produced documents to correspond with the request to which each responds.

6. Deem any reference to a non-natural person to include the legal predecessors of such non-natural person.

7. Notwithstanding any other instruction in this Attachment to Subpoena that is or may be to the contrary, if a document has already been produced by you to the Plaintiffs and its attorneys, such document may be identified by specifying the Bates numbers for all pages of such document.

8. In complying with this Subpoena and the attached document requests, furnish all information available to you that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including but not limited to your

employees, agents, officers, or representatives. If you are unable to comply with this Subpoena in full after exercising due diligence to full comply with all document requests, comply to the extent possible. Specify the reasons for your inability provide documents concerning the unfulfilled portions.

9. For each document request with which you refuse to comply on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

10. The responsive documents should be produced in the manner in which you maintain them.

## REQUESTED DOCUMENTS

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Any and all documents that reflect, refer, or relate to the interpretation, meaning, or validity of the Lease.

2. Any and all documents that reflect, refer, or relate to the interpretation, meaning, or validity of the 1982 Assignment and Assumption.

3. Any and all documents that reflect, refer, or relate to the interpretation, meaning, or validity of the Gold Clause.