# Exhibit J

S&R Subpoena of Halle Cleveland LLC

• AO88 (Rev. 1/94) Subpoena in a Civil Case

## Issued by the
# UNITED STATES DISTRICT COURT

Northern     DISTRICT OF     Ohio

216 Jamaica Avenue, LLC,

**SUBPOENA IN A CIVIL CASE**

V.

S & R Playhouse Realty Co.

Case Number:[1]   1:06CV1288

TO: Halle Cleveland LLC
c/o Corporation Service Company
2711 Centerville Road, Suite 400
Wilmington, DE 19808

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | |
| | DATE AND TIME |
| | |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|
| | |

☒ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects place, date, and time specified below (list documents or objects):

Please produce the documents as listed on Exhibit A (attached) by October 5, 2006 to Gary L. Walters, Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, OH 44114.

| PLACE | DATE AND TIME |
|---|---|
| | |

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|
| | |

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rules of Civil Procedure, 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| [signature] Attorney for Defendant | September 20, 2006 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER

Gary L. Walters, Attorney for Defendant S & R Playhouse Realty Co., Thompson Hine LLP, 3900 Key Center, 127 Public Square, Cleveland, OH 44114 (216) 566-5500

[1] If action is pending in district other than district of issuance, state district under case number.

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 9/22/2006 | Time: 2:27 p.m. at Corportaion Service Company - 2711 Centerville Rd. #400, Wilmington, DE 19808 |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| Halle Cleveland LLC | Accepted by Mary Drummond, Managing Agent duly authorized to accept service |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| Daniel Newcomb | Process Server |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on     9/25/2006
                  DATE

SIGNATURE OF SERVER

2000 Pennsylvania Avenue, Suite 207
ADDRESS OF SERVER

Wilmington, DE  19806

Rule 45, Federal Rules of Civil Procedure, Parts C & D:

(c) PROTECTION OF PERSONS SUBJECT TO SUBPOENAS.

(1) A party or an attorney responsible for the issuance and service of a subpoena shall take reasonable steps to avoid imposing undue burden or expense on a person subject to that subpoena. The court on behalf of which the subpoena was issued shall enforce this duty and impose upon the party or attorney in breach of this duty an appropriate sanction which may include, but is not limited to, lost earnings and reasonable attorney's fee.

(2) (A) A person commanded to produce and permit inspection and copying of designated books, papers, documents or tangible things, or inspection of premises need not appear in person at the place of production or inspection unless commanded to appear for deposition, hearing or trial.

(B) Subject to paragraph (d) (2) of this rule, a person commanded to produce and permit inspection and copying may, within 14 days after service of subpoena or before the time specified for compliance if such time is less than 14 days after service, serve upon the party or attorney designated in the subpoena written objection to inspection or copying of any or all of the designated materials or of the premises. If objection is made, the party serving the subpoena shall not be entitled to inspect and copy materials or inspect the premises except pursuant to an order of the court by which the subpoena was issued. If objection has been made, the party serving the subpoena may, upon notice to the person commanded to produce, move at any time for an order to compel the production. Such an order to comply production shall protect any person who is not a party or an officer of a party from significant expense resulting from the inspection and copying commanded.

(3) (A) On timely motion, the court by which a subpoena was issued shall quash or modify the subpoena if it

(i) fails to allow reasonable time for compliance,
(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or regularly transacts business in person, except that, subject to the provisions of clause (c) (3) (B) (iii) of this rule, such a person may in order to attend trial be commanded to travel from any such place within the state in which the trial is held, or

(iii) requires disclosure of privileged or other protected matter and no exception or waiver applies, or
(iv) subjects a person to undue burden.

(B) If a subpoena

(i) requires disclosure of a trade secret or other confidential research, development, or commercial information, or
(ii) requires disclosure of an unretained expert's opinion or information not describing specific events or occurrences in dispute and resulting from the expert's study made not at the request of any party, or
(iii) requires a person who is not a party or an officer of a party to incur substantial expense to travel more than 100 miles to attend trial, the court may, to protect a person subject to or affected by the subpoena, quash or modify the subpoena, or, if the party in who behalf the subpoena is issued shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship and assures that the person to whom the subpoena is addressed will be reasonably compensated, the court may order appearance or production only upon specified conditions.

(d) DUTIES IN RESPONDING TO SUBPOENA.

(1) A person responding to a subpoena to produce documents shall produce them as they are kept in the usual course of business or shall organize and label them to correspond with the categories in the demand.

(2) When information subject to a subpoena is withheld on a claim that it is privileged or subject to protection as trial preparation materials, the claim shall be made expressly and shall be supported by a description of the nature of the documents, communications, or things not produced that is sufficient to enable the mmmdemanding party to contest the claim.

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) | Case No. 1:06CV1288 |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | JUDGE CHRISTOPHER A. BOYKO |
| S & R PLAYHOUSE REALTY CO., | ) ) | |
| Defendant. | ) ) | |

### EXHIBIT A TO SUBPOENA FOR PRODUCTION OF DOCUMENTS

### DEFINITIONS

1. The word "document(s)" includes all "writings," "recordings," and "photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence, and should be construed in the broadest sense permissible. Accordingly, "document(s)" includes, but is not limited to, all electronic mail, written, printed, recorded or graphic matter, photographic matter, sound reproductions, or other retrievable data (whether recorded, taped, or coded electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact disk, primary or backup tape, audio tape or video tape) from whatever source derived and however and by whomever prepared, produced, reproduced, disseminated or made. Without limiting the generality of the foregoing, "document(s)" includes the original and any non-identical copy and also every draft and proposed draft of all correspondence, internal memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports, transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests, reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer printouts, and any other writings or documentary materials of any nature whatsoever, whether or not divulged to

other parties, together with any attachments thereto and enclosures therewith. In addition, the word "document(s)" encompasses all forms and manifestations of electronically or optically coded, stored, and/or retrievable information, including but not limited to "e-mail," "voice mail," "digital images and graphics, digital or analog audiotapes and files, and digital or analog videotapes and files.

2. The words "you" and "your" refer to Halle Cleveland LLC, and all partners, employees, members, agents, representatives, attorneys, experts, and all other persons acting or purporting to act on behalf of Halle Cleveland LLC.

3. The singular of each word shall be construed to include its plural and vice versa, and the root word and all derivations (*i.e.*, "ing," "ed," etc.) shall be construed to include each other.

4. The words "and" as well as "or" shall be construed both conjunctively as well as disjunctively.

5. The word "each" shall be construed to include "every" and vice versa.

6. The word "any" shall be construed to include "all" and vice versa.

7. The present tense shall be construed to include the past tense and vice versa.

8. The words "knowledge," "information," "possession," "custody," and "control" of a person shall be construed to include such person's agents, representatives, and attorneys.

9. The phrase "relate to" means reflecting, referring to, relating to, regarding, discussing, concerning, constituting, mentioning, pertaining to, alluding to, or associated with in any way.

10. The term "Lease" means the lease originally between the Realty Investment Co. and Salmon P. Halle et al., dated March 15, 1912, and the modification of said lease between the Realty Investment Co. and Salmon P. Halle et al., dated October 17, 1912.

11. The term "1982 Assignment and Assumption" means the assignment and assumption of the Lease between the Halle Brothers Company and S & R Playhouse Realty Company, dated May 21, 1982.

12. The term "Gold Clause" means the clause in the Lease that provides: "All of said rents shall be paid in gold coin of the United States of the present standard of weight and fineness."

13. In general, all terms used herein shall be construed in an ordinary, common-sense manner, and not in a technical, strained, overly-literal or otherwise restrictive manner.

## INSTRUCTIONS

1. You are to respond to these requests for production of documents in accordance with the Rules of the United States Court of Federal Claims and any applicable local rule. In particular, you are under a duty to supplement and amend your responses in accordance with those rules.

2. Each request herein constitutes a request that each document referred to or a true, complete, and legible copy thereof, be produced at the place and time specified in the attached subpoena, or at a location mutually agreed to by counsel. Each document request seeks documents that are in any way in your possession, custody, or control, or any of your attorneys, employees or agents, or to which any of your attorneys, employees or agents have access. If a requested document was, but no longer is, in your possession, custody, or control, identify the document and identify the present location and custodian of the document, or if such information

is unavailable, identify the last known location and custodian of the document, and explain the circumstances under which the document left your possession, custody, or control.

3. If you contend that you are entitled to withhold from production the whole or any part of any responsive document on the basis of the attorney-client privilege, the work product doctrine, other privilege or any other grounds, for each such document:

    a. describe the nature of the document (*e.g.*, letter, memorandum);

    b. state the date of the document;

    c. identify the sender, author, and all recipients of the document;

    d. summarize the subject matter of the document;

    e. the name and address of any person who is not included in your response to subpart (d) with respect to such document and who has access to or has seen, read, or heard any portion of the material in the Document that you contend to be privileged; and

    f. state the basis for your contention that you are entitled to withhold the document from production.

4. If you object to any request herein, you should produce all documents covered by the request not subject to the objection. Similarly, if you object to production of a document, the portion(s) of that document not subject to objection should be produced, with the portion(s) objected to be deleted and indicated clearly.

5. You must organize and label the produced documents to correspond with the request to which each responds.

6. Deem any reference to a non-natural person to include the legal predecessors of such non-natural person.

7. Notwithstanding any other instruction in this Attachment to Subpoena that is or may be to the contrary, if a document has already been produced by you to the Plaintiff and its attorneys, such document may be identified by specifying the Bates numbers for all pages of such document.

8. In complying with this Subpoena and the attached document requests, furnish all information available to you that is relevant or that might lead to the discovery of relevant evidence, including information in the possession of your attorneys, or their investigators, and all persons acting on your behalf, including but not limited to your employees, agents, officers, or representatives. If you are unable to comply with this Subpoena in full after exercising due diligence to full comply with all document requests, comply to the extent possible. Specify the reasons for your inability provide documents concerning the unfulfilled portions.

9. For each document request with which you refuse to comply on grounds of burdensomeness, explain in as much detail as possible the basis for your contention.

10. The responsive documents should be produced in the manner in which you maintain them.

## REQUESTED DOCUMENTS

You are instructed to produce the following documents at the time and place specified in the subpoena:

1. Any and all documents that pertain, relate, or refer to 216 Jamaica Avenue LLC.

2. Any and all documents that pertain, relate, or refer to the Lease, including but not limited to its interpretation, meaning, or validity.

3. Any and all documents that pertain, relate, or refer to the 1982 Assignment and Assumption, including but not limited to its interpretation, meaning, or validity.

4. Any and all documents that pertain, relate, or refer to the Gold Clause, including but not limited to its interpretation, meaning, or validity.