# EXHIBIT B

Dockets.Justia.com

CERTIFICATE

THIS CERTIFICATE is dated as of December ___, 2005 and is given by HALLE CLEVELAND, LLC with an address at 200 Park Avenue, Suite 2000, New York, New York 10166, (the "Lessor") to HSBC BANK USA, NATIONAL ASSOCIATION (successor by merger to HSBC Bank USA), a bank organized under the laws of the United States of America, having an office at 452 Fifth Avenue, New York, New York 10018 (the "Mortgagee").

<u>WITNESSETH:</u>

**WHEREAS,** Lessor and S & R Playhouse Realty Company ("S & R") are parties to a certain Indenture of Lease, dated March 15, 1912, by and between The Realty Investment Company, as Lessor, and Salmon P. Halle and Samuel H. Halle, as Lessees, for the term beginning April 1, 1912 and ending on March 31, 2011, and recorded in Volume 52, Page 383 of the Records of Cuyahoga County, Ohio, as modified by subsequent Agreement dated October 17, 1912, recorded in Volume 56, Page 355 of the Records of Cuyahoga County, Ohio, which Leasehold Estate was assigned by the said Salmon P. Halle and Samuel H. Halle by Instrument of Assignment dated November 1, 1912, and recorded in Volume 56, Page 359, of title Records of Cuyahoga County, Ohio, to Alfred A. Pope, Harris Whittemore and Henry F. Pope, Trustees under a certain Instrument of Trust dated October 28, 1912 and recorded in Volume 1461, Page 83 of the Records of Cuyahoga County, Ohio, and was thereafter further assigned by the said Trustees and their successors to The Halle Brothers Realty Company by Instrument of Assignment dated April 3, 1924, and recorded as instrument No.1613844 in Volume 123, Page 515 of the Records of Cuyahoga County, Ohio, and was thereafter further assigned by The Halle Brothers Realty Company to The Halle Brothers Company by Instruments of Assignment dated December 30, 1929 and November 13, 1936 and recorded as Instrument Nos. 2,250,316 in Volume 176, Page 449 and 2,580,571 in Volume 209, Page 23, respectively, of the records of Cuyahoga County, Ohio, or otherwise, and was thereafter assigned by The Halle Brothers Company, to S & R by Assignment and Assumption Agreement dated May 21, 1982 and recorded in Volume 555, Page 401 of Cuyahoga County Records, (collectively the "Lease") covering the premises described therein (the "Leased Premises"); and

**WHEREAS,** by deed from S & R to Halle Office Building Limited Partnership ("Halle") recorded on October 1, 1984 in the office of the Cuyahoga County Recorder as File No.1086921, S & R partially assigned the Lease to Halle; and

**WHEREAS,** S & R has mortgaged and assigned to the Mortgagee, among other things, its right, title and interest in and to the Leased Premises and the leasehold estate created under the Lease, pursuant to (i) a Mortgage and Security Agreement and an Assignment of Leases securing certain Indebtedness of S & R to Mortgagee in an original principal amount not to exceed $1,750,000 plus interest, as modified by a certain Modification Agreement and (ii) a Collateral Mortgage and Security Agreement and an Assignment of Leases securing all indebtedness of Halle to Mortgagee in an original principal amount not to exceed $1,750,000, plus interest, as modified by a certain Collateral Mortgage Modification Agreement; and

**WHEREAS**, Halle has mortgaged and assigned to the Mortgagee, among other things, its right, title and interest in and to the Leased Premises and the leasehold estate created under the Lease, pursuant to (i) a Mortgage and Security Agreement and an Assignment of Leases securing certain indebtedness of Halle to mortgagee in an original principal amount not to exceed $1,750,000, plus interest as modified by a Collateral Modification Agreement, and (ii) a Collateral Mortgage and Security Agreement and an Assignment of Leases securing all indebtedness of S & R to Mortgagee in an original principal amount not to exceed $1,750,000, plus interest, as modified by a certain Collateral Mortgage Modification Agreement; and

**WHEREAS**, the Mortgages and Assignments of Leases described in the preceding two paragraphs, as modified, are sometimes hereinafter collectively referred to as the "Mortgages;" and

**WHEREAS**, the Mortgagee previously extended and modified the indebtedness secured by the Mortgages and has agreed to further extend and modify such indebtedness; and

**WHEREAS**, the Mortgagee has requested, as a condition to the extension and modification of the credit facilities secured by the Mortgages that the Lessor execute and deliver this Certificate

**NOW, THEREFORE**, Lessor, with the knowledge that Mortgagee will rely hereon in extending and modifying the credit facilities secured by the Mortgages, hereby represents and certifies to Mortgagee that:

(a)     The Lease is unmodified and in full force and effect;

(b)     To the best of the Lessor's knowledge, information and belief, there has occurred no default under the Lease and no event has occurred which, with the passage of time or the giving of notice or both will constitute a default on the part of Lessor or Lessee under the Lease;

(c)     The base annual rental under the Lease is $35,000.00, exclusive of taxes and other items of additional rental and all other amounts payable under the Lease;

(d)     The base annual rental referred to in the foregoing paragraph is paid in equal quarterly installments on the first day of April, July, October and January. All payments of rental due and all other sums due under the Lease up to and including the date of this Agreement have been paid;

(e)     The Lease expires on March 31, 2011. The Lessee under the lease shall have the right and option to extend and renew the lease for a further period of 25 years or of 50 years or of 99 years, all as more particularly set forth in Paragraph XII of the original Lease; and

(f)     In accordance with Article VIII of the Lease, the Lessor shall give notice of default under the Lease to Mortgagee (as the "one mortgagee of the lessees" referred to in said Article VIII) at the address of Mortgagee first set forth above, or at such other address of which the undersigned has received written notice from Mortgagee; provided, however, that this paragraph (f) is for the sole and

exclusive benefit of Mortgagee and shall not benefit or be deemed an agreement running to either S & R or Halle, or limit as between the undersigned and lessees under the Lease the effect of any notice given under the Lease to lessees by the undersigned; and

(g)     By its acceptance hereof of said extension of the indebtedness Mortgagee agrees that all prior Certificates from Lessor are null and void.

**IN WITNESS WHEREOF,** the undersigned has caused this Certificate to be duly executed by its authorized officer as of the day and year first above written.

**HALLE CLEVELAND, LLC**

By:  HALLE HOLDINGS, INC., Sole Member

By: _____

JAM 01471