# EXHIBIT D

Dockets.Justia.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **216 JAMAICA AVENUE, LLC,** ) | CASE NO. 1:06CV1288 |
| ) | |
| Plaintiff, ) | JUDGE BOYKO |
| ) | |
| V. ) | |
| ) | |
| **S & R PLAYHOUSE REALTY CO.** ) | **DEFENDANT'S FIRST REQUEST FOR** |
| ) | **PRODUCTION OF DOCUMENTS** |
| Defendant. ) | |

Pursuant to Rule 34 of the Federal Rules of Civil Procedure, Defendant S & R Playhouse Realty Co. ("S&R") requests that Plaintiff produce documents responsive to this First Request for Production within thirty (30) days after service at the offices of Thompson Hine LLP, Attention: Gary L. Walters, 127 Public Square, 3900 Key Center, Cleveland, OH 44114-1291.

If, after answering the following Requests for Production, Plaintiff acquires additional documents responsive thereto, Plaintiff is required to supplement its answers accordingly within seven (7) days after acquiring the additional knowledge, information or documents.

## DEFINITIONS

For the purposes of these Requests for Production, unless otherwise stated, the following terms shall have the meanings indicated:

1. **"Document"** means the original and any copy, regardless of origin or location, of any data, correspondence, record, book, account book, pamphlet, periodical, letter, memorandum, telegram, cable, report, record, study, stenographic or handwritten note, working paper, invoice, voucher, check, picture, voice recording, tape, microfilm, tape data sheet, or data

processing card or disc, computer printouts, information contained in, or on, or retrievable from computer programs, or any other written, recorded, transcribed, punched, taped, filmed, or graphic matter, however stored, produced or reproduced, to which you have or have had access or the location of which is known to you.

2. **"Communication"** means meetings, discussions, conversations, telephone conversations, electronic mail messages (E-mail), letters, memoranda, minutes, telexes, facsimile transmissions or other correspondence.

3. **"Person"** includes natural persons, corporations, public corporations, governments, governmental agencies, boards, commissions, regulatory commissions, committees, partnerships, joint ventures, groups, firms, associations, or other organizations.

4. **"You," "yours," "your,"** and **"Plaintiff"** means the Plaintiff individually and all of its agents, and all other persons acting on its behalf.

5. The terms **"refer(s) to," "referring to," "relate(s) to," "relating to," "pertaining to,"** and **"in connection with,"** shall mean regarding, concerning, containing, setting forth, illustrating, showing, disclosing, describing, explaining, summarizing, supporting, substantiating, or negating, whether directly or indirectly, in whole or in part, and should be given the broadest possible construction consistent with the Federal Rules of Civil Procedure.

6. In order to bring within the scope of these Requests for Production any information, which might otherwise be construed to be outside their scope:

  a. the terms **"and"** as well as **"or"** shall be construed either disjunctively or conjunctively, as necessary;

  b. the term **"each"** shall be construed to include **"every"** and vice versa; and

  c. the present tense shall be construed to include the past tense and vice versa; and the singular of each word shall be construed to include its plural and vice versa.

7. The term **"Gold Clause"** has the same meaning as that used in Plaintiff's Complaint.

8. The term **" Lease"** means the March 15, 1912 lease between the Realty Investment Company and the Halle brothers that runs for 99 years, from April 1, 1912 to March 31, 2011.

9. The term **"1982 Assignment"** has the same meaning as that used in Plaintiff's Complaint.

10. The term **"Property"** refers to the interest leased by 216 Jamaica to S&R.

11. The term **"S&R"** refers to S&R Playhouse Realty Co. and all of its predecessors, successors, assigns, subsidiaries, parent, affiliates, divisions and groups.

12. The term **"216 Jamaica"** refers to 216 Jamaica Avenue, LLC and all of its predecessors, assigns, subsidiaries, members, parents, affiliates, divisions and groups.

13. If any information or document called for by a Request for Production is withheld on any basis, Plaintiff is requested to set forth the nature of the information or document withheld, the author and recipients of the information or document, and the basis for withholding the information or document.

14. If Plaintiffs withhold any information or documents on any basis, including, without limitation, any claim of privilege, Plaintiffs are requested to set forth the nature of the information or documents withheld, the author and recipients of the information or documents, and the basis for withholding the information or documents.

## REQUESTS FOR PRODUCTION OF DOCUMENTS

**REQUEST NO. 1:** Any and all documents pertaining, referring, or relating to the Lease.

**ANSWER:**




**REQUEST NO. 2:** Any and all documents pertaining, referring, or relating to the 1982 Assignment.

**ANSWER:**




**REQUEST NO. 3:** Any and all documents pertaining, referring, or relating to 216 Jamaica including, without limitation, information about the owner(s), other real estate in which it has an interest, records of account, and other litigation.

**ANSWER:**

4

**REQUEST NO. 4:** Any and all non-privileged communications among or between 216 Jamaica and any other person pertaining, referring, or relating to the Lease, 1982 Assignment, and/or the Property.

**ANSWER:**

**REQUEST NO. 5:** Any and all documents pertaining, referring, or relating to the acquisition of the Lease and/or the Property by 216 Jamaica.

**ANSWER:**

**REQUEST NO. 6:** Any and all documents pertaining, referring, or relating to any of the allegations contained in the Complaint.

**ANSWER:**

**REQUEST NO. 7:** Any and all documents that support any allegation contained in the Complaint.

**ANSWER:**

**REQUEST NO. 8:** Any and all documents that support the allegation that 216 Jamaica leases to S&R "a prime parcel of land".

**ANSWER:**

**REQUEST NO. 9:** Any and all documents that support the allegation that S&R "rents the building known as the Halle Building to various tenants for millions of dollars per year."

**ANSWER:**

**REQUEST NO. 10:** Any and all documents that support the allegation that "[g]eography afforded Halle Bros. only one option for expansion: acquiring 216 Jamaica's parcel."

**ANSWER:**

**REQUEST NO. 11:** Any and all documents that support the allegation that the "parties to the [Original] Lease fully realized that $35,000 would not have the same value in 10 years, 99 years, or 198 years."

**ANSWER:**

**REQUEST NO. 12:** Any and all documents that support the allegation that "the 1982 Assignment constitutes an obligation issued after 1977 . . . ."

**ANSWER:**

**REQUEST NO. 13:** Any and all documents that support the allegation that S&R "is and has been reaping an enormous windfall."

**ANSWER:**

**REQUEST NO. 14:** Any and all documents that support the allegation that the "Gold Clause was a critical term of the [Original] Lease."

**ANSWER:**

**REQUEST NO. 15:** Any and all documents that support the allegation that "gold clauses were the most commonly used contractual device to guard against inflation . . . ."

**ANSWER:**

**REQUEST NO. 16:** Any and all documents that support the allegation that the "1982 Assignment of the Lease to S&R Playhouse constitutes an obligation issued after October 21, 1977."

**ANSWER:**

**REQUEST NO. 17:** Any and all documents that support the allegation that "defendant S&R Playhouse is and has been in breach of its obligation under the Lease since it became lessee in 1982."

**ANSWER:**

**REQUEST NO. 18:** Any and all documents that support the allegation that "S&R Playhouse sublets the Halle Building to various tenants for millions of dollars per year."

**ANSWER:**

8

**REQUEST NO. 19:** Any and all documents that support the allegation that "[s]ince the 1982 Assignment, defendant has been obligated under the Lease to pay plaintiff and its predecessors annual rent in gold coin of the weight and fineness that was equivalent to $35,000 on March 15, 1912."

**ANSWER:**

**REQUEST NO. 20:** Any and all documents that support the allegation that the Property "was a very valuable piece of land."

**ANSWER:**

**REQUEST NO. 21:** Any and all documents that support the allegation that "[f]rom 1912 to 1933, the original lessee and its successors honored the Gold Clause."

**ANSWER:**

**REQUEST NO. 22:** Any and all documents that support the allegation that "S&R Playhouse acquired control of the entire Halle Building and the ground beneath it."

**ANSWER:**

9

**REQUEST NO. 23:** Any and all documents that support the allegation that "defendant has in fact paid plaintiff and its predecessors the substantially lesser face amount rent of $35,000 per year."

**ANSWER:**

**REQUEST NO. 24:** Any and all financial statements or other financial documents pertaining, referring, or relating to the Lease, the 1982 Assignment and/or the Property.

**ANSWER:**

**REQUEST NO. 25:** Any and all documents pertaining, referring, or relating to damages suffered by 216 Jamaica.

**ANSWER:**

**REQUEST NO. 26:** All reports, appraisals, and/or analyses pertaining, referring, or relating to the Lease, 1982 Assignment and/or Property including, without limitation, reports and/or analyses prepared by any third party or person.

**ANSWER:**

**REQUEST NO. 27:** Any and all documents including, without limitation, cancelled checks, that pertain, refer, or relate to rent payments under the Original Lease.

**ANSWER:**

**REQUEST NO. 28:** Any and all books, records, or other documents or materials of any type that pertain, refer, or relate in any way to the Lease, 1982 Assignment and/or the Property.

**ANSWER:**

**REQUEST NO. 29:** Any and all documents that pertain, refer, or relate in any way to communications with or interviews of witnesses in this case.

**ANSWER:**

**REQUEST NO. 30:** Any and all documents that pertain, refer, or relate to any appraisals or valuations of the Lease, 1982 Assignment and/or the Property.

**ANSWER:**

**REQUEST NO. 31:** Any and all records, documents, written materials, and/or exhibits which you intend to introduce in connection with 216 Jamaica's motion for summary judgment.

**ANSWER:**

**REQUEST NO. 32:** Any and all records, documents, written materials, and/or exhibits which you intend to introduce into evidence at any legal proceeding in this matter and/or will attempt to use or introduce at any deposition or trial of this matter.

**ANSWER:**

**REQUEST NO. 33:** Any and all reports, memoranda or other written materials prepared by any expert witness whom Plaintiff expects to call as a witness at trial.

**ANSWER:**

**REQUEST NO. 34:** A copy of the current resume or C.V. of any expert witness Plaintiff intends to call as a witness at the trial of this action.

**ANSWER:**

**REQUEST NO. 35:** Any and all documents pertaining, referring, or relating to a grant of the right to make any claim for unpaid rent, or portions of the rent, owed to any prior lessor or other person before February 2006.

**ANSWER:**

**REQUEST NO. 36:** Any and all documents pertaining, referring, or relating to the interpretation, meaning, or validity of the Lease.

**ANSWER:**

**REQUEST NO. 37:** Any and all documents pertaining, referring, or relating to the interpretation, meaning, or validity of the 1982 Assignment.

**ANSWER:**

**REQUEST NO. 38:** Any and all documents pertaining, referring, or relating to the meaning, or validity of the Gold Clause.

**ANSWER:**

/s/ Gary L. Walters
STEPHEN D. WILLIGER (0014342)
GARY WALTERS (0071572)
Thompson Hine LLP
3900 Key Center
127 Public Square
Cleveland, Ohio 44114-1291
216-566-5500 (Tel.)
216-566-5800 (Fax)
Stephen.Williger@ThompsonHine.com
Gary.Walters@ThompsonHine.com

***Attorneys for Defendant***

## CERTIFICATE OF SERVICE

The foregoing was served via electronic mail and overnight delivery to Mr. Thompson and by hand-delivery, postage prepaid to Mr. Niehaus, this 12th day of September 2006 to:

| | |
|---|---|
| David H. Thompson, Esq.<br>COOPER & KIRK, PLLC<br>555 Eleventh Street NW<br>Suite 750<br>Washington, DC 20004<br><br>Counsel for Plaintiff | James B. Niehaus, Esq.<br>FRANTZ WARD LLP<br>2500 Key Center<br>127 Public Square<br>Cleveland, Ohio 44114<br><br>Counsel for Plaintiff |

/s/ Gary L. Walters
One of the attorneys for Defendant