# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

|  |  |
|---|---|
| 216 JAMAICA AVENUE, LLC, | Civil Action No. 06-1288 |
| Plaintiff, | (Judge Boyko) |
| v. |  |
| S & R PLAYHOUSE REALTY CO., |  |
| Defendant. |  |

## PLAINTIFF'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY

In reply to Jamaica's opposition to S&R's motions for leave to amend the Answer and for a continuance, S&R cited several documents that it had never before produced and asserted several arguments that it had never before raised. Jamaica, therefore, reluctantly asks the Court to strike S&R's reply briefs and exhibits to the extent that they introduce new documents or advance new arguments, or for leave to file a surreply so that Jamaica has a fair opportunity to address these new documents and arguments.[1] Jamaica's proposed surreply is attached to this motion as Exhibit A.

First, in its reply briefs S&R relies on a tenant estoppel certificate, dated December 27, 1988 (the "1988 tenant estoppel certificate"), an accompanying cover letter from J. Thomas Mason to William Warren, and a chain of title of deeds. *See* Reply in Supp. of Def. S&R

---

[1] This is not the first time that S&R has inserted new arguments at a procedurally improper moment, prejudicing Jamaica. For example, in its reply on its motion for summary judgment, S&R advanced two new merits arguments. Jamaica consequently sought leave to file a surreply in order to address those new arguments. *See* Pl.'s Mot. for Leave to File Surreply Mem. in Opp'n to Def.'s Mot. for Summ. J. (Doc. No. 30). Then, in its opposition to Jamaica's motion for leave to file that surreply, S&R asserted yet another new merits argument. *See* Reply to Def.'s Opp'n to Pl.'s Mot. for Leave to File Surreply Mem. in Opp'n to Def.'s Mot. for Summ. J. (Doc. No. 32) at 2.

Playhouse Realty Co.'s Mot. for Continuance ("S&R Continuance Reply") (Doc. No. 55) at 4-6; S&R Continuance Reply, Exs. A & B (Doc. Nos. 55-2, 55-3); Reply in Supp. of Def. S&R Playhouse Realty Co.'s Mot. for Leave to Am. Answer *Instanter* ("S&R Leave to Amend Reply") (Doc. No. 54) 8-9 & n.12. S&R contends that these documents are relevant to two issues: (1) whether S&R is likely to discover relevant information if granted a continuance; and (2) whether Jamaica's predecessors represented to S&R that the annual rent under the Lease is a flat $35,000 in notes. *See* S&R Continuance Reply 5-6, 11; S&R Leave to Amend Reply at 8-9. S&R claims not to have found these documents until after Jamaica filed its briefs in opposition to S&R's motions for leave to amend the Answer and for a continuance. *See* S&R Continuance Reply at 4 n.1 & Ex. B at 2. As Jamaica explains in its proposed surreply, the cover letter and chain of title of deeds may have been discovered recently, but the 1988 tenant estoppel certificate was not – S&R produced it twice to Jamaica over two years ago. Regardless of when these documents were discovered, however, neither party had ever mentioned, let alone relied upon, them before S&R's reply briefs. It is hornbook law that a party may not rely in a reply brief upon documents it never previously disclosed or upon arguments it never previously made. *See, e.g.*, *Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007) ("arguments raised for the first time in a party's reply brief are waived"). Jamaica therefore requests that the Court strike as waived the cover letter and chain of title of deeds and the arguments that S&R bases on those documents or on the 1988 tenant estoppel certificate, or grant Jamaica leave to file a surreply so that it has the opportunity to rebut S&R's claims about these documents. *See Cenveo, Inc. v. Tant*, No. 06-1023, 2008 U.S. Dist. LEXIS 25767, at *32-33 (M.D. Tenn. Mar. 28, 2008) (striking new documents attached to reply brief) (Ex. K); *Whiteside v. Parrish*, No. 05-280, 2007 U.S. Dist. LEXIS 53373, at *1-2 (S.D. Ohio July 24, 2007) (Ex. B) (granting leave to

file surreply to address argument opponent raised for first time in reply brief).

Second, in its reply on its motion for leave to amend the Answer, S&R claims that Jamaica's predecessors committed constructive fraud (and therefore should be estopped from enforcing the gold clause) because S&R and Jamaica's predecessors were in a fiduciary relationship. In its opposition to S&R's motion for leave to amend the Answer, Jamaica pointed out – merely for the sake of completeness – that the fraud required to support a defense of equitable estoppel could be "constructive," but that there could not have been constructive fraud in this case because "S&R and Jamaica's predecessors were not in … a [fiduciary] relationship, and **S&R does not suggest otherwise**." Pl.'s Opp'n to Def.'s Mot. for Leave to Am. Answer *Instanter* (Doc. No. 52) at 5 n.4 (emphasis added). Evidently inspired by Jamaica's passing reference to constructive fraud, S&R argues in its reply brief – for the first time, even though nothing prevented S&R from so arguing earlier – that there was such a relationship. Jamaica therefore requests that the Court strike S&R's newfound argument about constructive fraud, or grant Jamaica leave to file a surreply so that it may have the opportunity to rebut that argument.

For the foregoing reasons, Jamaica respectfully requests that the Court strike S&R's reply briefs and exhibits to the extent, as discussed above, that they introduce new documents or advance new arguments, or for leave to file a surreply so that Jamaica has a fair opportunity to address those new documents and arguments.

| | |
|---|---|
| December 11, 2008 | Respectfully Submitted, |
| | /s/ Charles J. Cooper |
| | _____ |
| James B. Niehaus (0020128) | Charles J. Cooper |
| jniehaus@frantzward.com | ccooper@cooperkirk.com |
| Christopher G. Keim (0067117) | David H. Thompson |
| ckeim@frantzward.com | dthompson@cooperkirk.com |
| FRANTZ WARD LLP | David Lehn |
| 2500 Key Center | dlehn@cooperkirk.com |
| 127 Public Square | COOPER & KIRK, PLLC |
| Cleveland, Ohio 44114-1230 | 1523 New Hampshire Ave. NW |
| 216-515-1660 | Washington, DC 20036 |
| 216-515-1650 (fax) | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | |
| | *Attorneys for Plaintiff* |

## **CERTIFICATE OF SERVICE**

      I hereby certify on December 11, 2008, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

/s/ David Lehn
_____
David Lehn
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)
dlehn@cooperkirk.com