# EXHIBIT B

## to

## **PLAINTIFF'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY**

**Whiteside v. Parrish, No. 05-280**

**2007 U.S. Dist. LEXIS 53373 (S.D. Ohio July 24, 2007)**

LEXSEE


Analysis
As of: Dec 11, 2008

NORMAN V. WHITESIDE, Plaintiff, v. JONDREA PARRISH., et al., Defendants.

Case No. 2:05-CV-280

UNITED STATES DISTRICT COURT FOR THE SOUTHERN DISTRICT OF OHIO, EASTERN DIVISION

2007 U.S. Dist. LEXIS 53373

July 24, 2007, Decided
July 24, 2007, Filed

**SUBSEQUENT HISTORY:** Injunction denied by Whiteside v. Parrish, 2007 U.S. Dist. LEXIS 54165 (S.D. Ohio, July 26, 2007)

**PRIOR HISTORY:** Whiteside v. Parrish, 2007 U.S. Dist. LEXIS 2176 (S.D. Ohio, Jan. 9, 2007)

**COUNSEL:** [*1] Norman V Whiteside, Plaintiff, Pro se, Chillicothe, OH.

For Jondrea Parrish, Virgina Workman, Defendants: Kelley Ann Sweeney, LEAD ATTORNEY, Ohio Attorney General - 2, Cleveland, OH; Richard Thomas Cholar, Jr., LEAD ATTORNEY, Ohio Attorney General, Columbus, OH.

**JUDGES:** Norah McCann King, United States Magistrate Judge.

**OPINION BY:** Norah McCann King

**OPINION**

**OPINION AND ORDER**

This is a civil rights action under 42 U.S.C. § 1983 brought by plaintiff Norman V. Whiteside ("plaintiff"), an inmate in the custody of the Ohio Department of Rehabilitation and Correction and currently housed at the Ross County Correctional Institution ("RCI"). With the consent of the parties, 28 U.S.C. § 636(c), this matter is before the Court on four motions filed by plaintiff, Doc. Nos. 82, 89, 98, 102, and one motion filed by defendants, Doc. No. 77. The Court will address each below.

**A.** *Defendants' Motion for Summary Judgment,* **Doc. No. 77, and** *Plaintiff's Motion to File Surreply,* **Doc. No. 89**

Defendants move for summary judgment on all plaintiff's claims, arguing that plaintiff waived his right to bring the instant case by filing a similar action in the Ohio Court of Claims. In defendants' reply memorandum in support of their motion for summary [*2] judgment, Doc. No. 86, defendants, for the first time, raise the argument that the doctrine of *res judicata* is applicable to this action. Plaintiff then filed a motion for leave to file a surreply to address this argument. That motion, Doc. No. 89, is **GRANTED.**

1. Standard

Rule 56 of the Federal Rules of Civil Procedure provides that summary judgment is appropriate if "there is no genuine issue as to any material fact . . . ." Fed. R. Civ. P. 56(c). In making this determination, the evidence must be viewed in the light most favorable to the

non-moving party. *Adickes v. S.H. Kress & Co.,* 398 U.S. 144, 90 S. Ct. 1598, 26 L. Ed. 2d 142 (1970). Summary judgment will not lie if the dispute about a material fact is genuine, "that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248, 106 S. Ct. 2505, 91 L. Ed. 2d 202 (1986). In determining whether a genuine issue of material fact exists, a court must assume as true the evidence of the nonmoving party and draw all reasonable inferences in favor of that party. *Id.* at 255.

The party moving for summary judgment always bears the initial responsibility of informing the district court of the basis for its motion, and identifying [*3] those portions of the record which demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986). Once the moving party has met its initial burden, the burden then shifts to the nonmoving party who "must set forth specific facts showing that there is a genuine issue for trial." *Anderson,* 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)); *Talley v. Bravo Pitino Restaurant, Ltd.,* 61 F.3d 1241, 1245 (6th Cir. 1995) ("nonmoving party must present evidence that creates a genuine issue of material fact making it necessary to resolve the difference at trial"). "Once the burden of production has so shifted, the party opposing summary judgment cannot rest on its pleadings or merely reassert its previous allegations. It is not sufficient to 'simply show that there is some metaphysical doubt as to the material facts.'" *Gover v. Speedway Super Am., LLC,* 284 F. Supp. 2d 858, 862 (S.D. Ohio 2003) (J. Rice) (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.,* 475 U.S. 574, 586, 106 S. Ct. 1348, 89 L. Ed. 2d 538 (1986)). Instead, Rule 56(e) "requires the nonmoving party to go beyond the pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.,* 477 U.S. at 324. [*4] The Court, however, may not make credibility determinations or weigh the evidence. *Anderson,* 477 U.S. at 255.

**2. Discussion**

In their motion for summary judgment, defendants argue: "In this § 1983 lawsuit and the lawsuit filed in the Ohio Court of Claims, Plaintiff alleges the same acts or omissions giving rise to his claims for relief." *Defendants' Motion for Summary Judgment* at 2. This Court disagrees.

The State of Ohio has waived its sovereign immunity from suit in the Ohio Court of Claims; bringing suit for affirmative relief in that court against a state employee precludes any other suit in any other court based on the same act or omission of the employee:

> The state hereby waives its immunity from liability and consents to be sued, and have its liability determined, in the court of claims . . . . Filing a civil action in the court of claims results in a complete waiver of any cause of action, based on the same act or omission, which the filing party has against any officer or employee, as defined in section 109.36 of the Revised Code. . . .

O.R.C. § 2743.02(A)(1). *See also Leaman v. Ohio Dep't of Mental Retardation & Dev. Disabilities,* 825 F.2d 946, 951 (6th Cir. 1987) (*en banc*) ("And [*5] the statute tells prospective suitors in the Court of Claims that the waiver of cognate claims will be a complete waiver of any cause of action [based on the same act or omission] which the filing party has against any state officer or employee."); *Thomas v. Ohio Dep't of Rehabilitation & Corr.,* 36 F. Supp. 2d 1005, 1007-08 (S.D. Ohio 1999) (same).

However, waiver arises only if the cause of action is based on the "same act or omission." That is not the situation in the instant action. The acts or omissions complained of in the *Complaint* occurred in April 2003 and the acts or omissions complained of in plaintiff's case before the Ohio Court of Claims occurred between May 2004 and March 2005. Consequently, the filing of the action in the Ohio Court of Claims did not serve to waive this action and summary judgment is inappropriate on this basis.

In defendants' reply in support of their motion for summary judgment, defendants argue that plaintiff's claims before this Court are barred by the doctrine of *res judicata* as a consequence of plaintiff's filing in the Ohio Court of Claims. This Court disagrees.

Defendants are correct that *res judicata* "precludes not only relitigation of a claim [*6] previously adjudicated; it also precludes litigation of a claim or defense that should have been raised, but was not, in the prior suit." *Defendants' Reply to Plaintiff's Memorandum Opposing Summary Judgment* at 4 (citing *Mitchell v.*

*Chapman,* 343 F.3d 811, 819 (6th Cir. 2003)). However, application of the doctrine of *res judicata* requires, *inter alia,* "an identity ... between the prior and present actions." *Chapman,* 343 F.3d at 819 (citing *Kane v. Magna Mixer Co.,* 71 F.3d 555, 560 (6th Cir. 1995)). Defendants have not established that claims based on the same facts underlying this action have been reduced to final judgment. Thus, the doctrine of *res judicata* will not foreclose the instant action.

Accordingly, *Defendants' Motion for Summary Judgment,* Doc. No.77, is **DENIED.**

### B. *Plaintiff's Motion/Request for Court to Take Judicial Notice,* Doc. No. 82

The authenticity of a document has been an issue in plaintiff's second and third requests for preliminary injunction. *See* Doc. Nos. 56, 68, 74, 93, 97, 109, 113. Plaintiff asks that defendants be required to "provide actual proof (show cause) that plaintiff forged a document." *Plaintiff's Motion/Request for Court to Take Judicial Notice* at 1. However, [*7] judicial notice may be taken of a fact

> not subject to reasonable dispute in that it is either (1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned. Fed. R. Evid. 201(b).

*Cantrell v. Knoxville Community Dev. Corp.,* 60 F.3d 1177, 1180 (6th Cir. 1995).

A disputed document is simply not an appropriate subject of judicial notice. Accordingly, *Plaintiff's Motion/Request for Court to Take Judicial Notice,* Doc. No. 82, is **DENIED.**

### C. *Plaintiff's Motion to Compel,* Doc. No. 98

In *Plaintiff's Motion to Compel,* plaintiff requests that defendants be ordered to respond to his first, second and third sets of written discovery requests.

### 1. Standard

Rule 37 of the Federal Rules of Civil Procedure permits a discovering party to file a motion for an order compelling discovery if another party fails to respond to discovery requests, provided that the motion to compel includes a certification that the movant has in good faith conferred or attempted to confer with the party failing to respond to the requests. The Court is satisfied that the prerequisites to seeking a motion [*8] to compel have been met in this instance.

Determining the proper scope of discovery falls within the broad discretion of the trial court. *Lewis v. ACB Business Services, Inc.,* 135 F.3d 389, 402 (6th Cir. 1998). Rule 34 of the Federal Rules of Civil Procedure provides for discovery of documents in the "possession, custody or control" of a party, provided that the documents "constitute or contain matters within the scope of Rule 26(b)." Fed. R. Civ. P. 34(a). In addition, a "request to admit covers the full range of information discoverable under Fed. R. Civ. P. 26(b), including matters of fact as well as the application of law to the facts." *Booth Oil Site Admin. Group v. Safety-Kleen Corp.,* 194 F.R.D. 76, 79 (W.D. N.Y. 2000) (citing Fed. R. Civ. P. 36(a) and 4A Moore's Federal Practice, 36.04(2), (4) (2d ed. 1982)). Finally, "[t]he function of interrogatories under Fed. R. Civ. P. 33 is broadly the same as any other discovery method." *Babcock Swine, Inc. V. Shelbco, Inc.,* 126 F.R.D. 43, 45 (S.D. Ohio 1989) (citing Wright & Miller, Federal Practice and Procedure, § 2163).

Rule 26(b) provides that "[p]arties may obtain discovery regarding any matter, not privileged, that is relevant to [*9] the claim or defense of any party . . . ." Fed. R. Civ. P. 26(b)(1). Relevance for discovery purposes is extremely broad. *Miller v. Fed. Express Corp.,* 186 F.R.D. 376, 383 (W.D. Tenn. 1999). "The scope of examination permitted under Rule 26(b) is broader than that permitted at trial. The test is whether the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence." *Mellon v. Cooper-Jarrett, Inc.,* 424 F.2d 499, 500-01 (6th Cir. 1970).

### 2. Discussion

#### a. Plaintiff's first set of written discovery requests

At some point prior to December 1, 2005, plaintiff served his first set of discovery requests. *See* Doc. No. 21. On December 1, 2005, defendants sought a stay of discovery pending resolution of their motion for judgment on the pleadings. *Id.* On January 20, 2006, this

Court granted the stay of discovery, but continued:

> If defendants' motion for judgment on the pleadings is denied, the Court will issue a new scheduling order with appropriate time limits for discovery.

*Opinion and Order,* Doc. No. 27.

On June 8, 2006, this Court denied in part and granted in part defendants' motion for judgment on the pleadings, vacated the stay of discovery and set September [*10] 30, 2006, as the deadline for completing discovery. *Opinion and Order,* at 11, Doc. No. 28.

Plaintiff asserts that defendants have never responded to his first request for discovery, *Plaintiff's Reply* at 1, Doc. No. 110, and defendants do not dispute that they failed to respond to plaintiff's first set of discovery requests after the discovery stay was lifted. As it relates to his first set of written discovery requests, *Plaintiff's Motion to Compel* is **GRANTED.** Defendants are **ORDERED** to respond to plaintiff first set of discovery requests within two weeks of the date of this *Opinion and Order.*

**b. Plaintiff's third set of written discovery requests**

On January 9, 2007, this Court granted plaintiff permission to "propound requests for admissions, *see* Fed. R. Civ. P. 33, asking each defendant to either admit or deny that she directed Sergeant Campbell to confiscate plaintiff's legal materials in April 2003." Doc. No. 95. Plaintiff complains that defendants refused to respond these requests simply on the basis that the requests were served after the discovery completion date. *See Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel* at 2, n.2 ("Defendants did not respond to this [*11] additional Request for Admissions since they were submitted after the discovery completion date and appeared to be the same subject matter as Plaintiff's current Motion to Compel.").

This Court expressly authorized the discovery propounded by plaintiff. It was improper for defendants to refuse to respond to those requests on the basis that the requests failed to meet the deadline established by this Court. As it relates to the discovery authorized by this Court's January 9, 2007, *Opinion and Order, Plaintiff's Motion to Compel* is **GRANTED.** Defendants are **ORDERED** to respond to that portion of plaintiff's third set of written discovery requests within two weeks of the date of this *Opinion and Order.*

**c. Plaintiff's second set of written discovery requests**

Plaintiff mailed his second set of discovery requests sometime during the first week in December 2006, and they were received by defense counsel on December 7, 2006. *Defendants' Memorandum in Opposition to Plaintiff's Motion to Compel* at 3. Defendants posed objections to each request, including an objection based on the alleged untimeliness of the request. Because, for the reasons stated *supra,* defendants will be required to respond to certain [*12] of plaintiff's discovery requests, the Court will not enforce the discovery completion date as it relates to these discovery requests. The Court will therefore consider each of plaintiff's requests and the objections -- other than timeliness -- raised by defendants.

Defendants object to all of plaintiff's requests on the basis of relevancy. In considering this objection, it is necessary to consider the nature of the remaining claims before this Court. Plaintiff alleges that, because of prior lawsuits filed by him, defendants illegally confiscated plaintiff's legal documents, thereby denying him meaningful access to the courts, *i.e.,* a retaliation claim based in part on the First Amendment to the United States Constitution. *See Thaddeus-X v. Blatter,* 175 F.3d 378, 391 (6th Cir. 1999) (plaintiffs "each claim to have been punished for exercising their constitutionally protected right to access the courts, partially grounded in the First Amendment's protection of the right to 'petition the Government for a redress of grievances.' U.S. CONST. amend. I.").

> A retaliation claim essentially entails three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken [*13] against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two -- that is, the adverse action was motivated at least in part by the plaintiff's protected conduct.

*Id.* at 399.

i. Document Requests

Plaintiff makes four document requests in his second request for production of documents. *See Exhibit B,* attached to *Plaintiff's Motion to Compel,* Doc. No. 98. The first request, for photographs of the vault area designated for storage of an inmate's legal materials, is not reasonably calculated to lead to the discovery of admissible evidence, since defendants do not contend that plaintiff's legal materials were confiscated because of prison space limitations.

The other three document requests all relate to the authorizations, if any, given to plaintiff to store his legal documents and to the disposition of complaints/grievances about the storage of legal documents belonging to plaintiff's fellow inmates. These requests are relevant to this action. *See Mellon,* 424 F.2d at 500-01 ("the line of interrogation is reasonably calculated to lead to the discovery of admissible evidence"). [*14] Evidence, if any, of permission for plaintiff to store documents in violation of prison regulations would be relevant. Likewise, evidence, if any, that similarly situated inmates who did not engage in protected activity were treated more favorably than plaintiff can be supportive of the causal connection in a claim of retaliation. *See Thaddeus-X,* 175 F.3d at 399 ("Circumstantial evidence, like the timing of events or the disparate treatment of similarly situated individuals, is appropriate."). Thus, the Court finds requests two, three and four relevant for discovery purposes.

Defendants also object to requests three and four on the basis of overbreadth to the extent that plaintiff requests these documents for the entire prison population and -- in connection with request four -- poses no time limitation.

Plaintiff's third request, [1] as fairly construed, seeks documents reflecting the disposition of inmate legal materials at the Madison Correctional Institution ["MaCI"] between January 2002 and May 2003 if possession of such materials was violative of a prison policy or rule. This request is reasonably calculated to lead to the discovery of information relevant to plaintiff's claim of [*15] retaliation: evidence, if any, that prison policies or rules relating to storage of legal materials were not evenly enforced could support plaintiff's claim of retaliation. Plaintiff's fourth request [2] is not limited as to time. The Court will narrow plaintiff's request to the period of time at issue in this litigation. If defendants stand on their objection based on undue burden as to this modified request, defendants must articulate, with specificity, the basis for that objection.

> 1 [Please provide] "[a]ny and all documents which state a procedure and disposition of an inmate's legal materials between January 2002 and May 2003, at Madison Correctional, if legal materials violated some policy and/or rule." *Exhibit B,* attached to *Plaintiff's Motion to Compel,* Doc. No. 98. The Court notes that defendants made no objection to this request based on undue burden.
>
> 2 [Please provide] "[a]ny and all documents in the form of complaints, grievances, informal complaints, lawsuits, which allege wrongful confiscation of inmates' legal materials related to any defendant herein." *Exhibit B,* attached to *Plaintiff's Motion to Compel,* Doc. No. 98.

Accordingly, *Plaintiff's Motion to Compel* as it relates [*16] to plaintiff's second request for production of documents is **GRANTED** in part and **DENIED** in part. Defendants are **ORDERED** to respond to requests two, three and four of plaintiff's second document requests in accordance with this *Opinion and Order,* within fourteen (14) days.

ii. Interrogatories

Plaintiff also propounded six interrogatories to defendants. *See Exhibit C,* attached to *Plaintiff's Motion to Compel,* Doc. No. 98. After review, it appears to the Court that each of the interrogatories relates to the circumstances surrounding the alleged confiscation of plaintiff's legal documents and to policies relating to the storage of legal documents by inmates. These interrogatories are relevant for purposes of discovery.

To the extent that defendants object to these interrogatories based on overbreadth, speculativeness, vagueness and undue burden, the Court directs defendants to provide a factual response if possible and, if not possible, to explain why such response is not possible.

Accordingly, *Plaintiff's Motion to Compel* with regard to the interrogatories propounded in plaintiff's second set of discovery requests is **GRANTED.**

Defendants are **ORDERED** to respond to these interrogatories in accordance [*17] with this *Opinion and Order.*

### iii. Admissions

Plaintiff poses nine requests for admission. *Exhibit D,* attached to *Plaintiff's Motion to Compel,* Doc. No. 98. Defendants object to the relevancy of all admission requests. After review, the Court finds that each, except request number nine, is reasonably calculated to lead to the discovery of admissible evidence relevant to plaintiff's retaliation claim in that each relates to plaintiff's allegation of unlawful confiscation of his legal materials and/or background information on the defendants.

Defendants also object to requests three, six and eight based on overbreadth, vagueness and the form of the request.

The Court concludes that the requests are reasonably calculated to lead to the discovery of admissible evidence and that defendants may, without undue burden, respond to these requests.

As it relates to plaintiff's requests for admissions, *Plaintiff's Motion to Compel* is **GRANTED** in part and **DENIED** in part consistent with this *Opinion and Order.* Defendants must make further response to these requests within fourteen (14) days of this *Opinion and Order.*

### D. *Plaintiff's Motion to Receive Document Copies,* Doc. No. 102

In *Plaintiff's Motion to* [*18] *Receive Document Copies,* plaintiff, who is proceeding *in forma pauperis,* requests that he be provided copies of all filings in this action. The Court **GRANTS** plaintiff's motion. In doing so, however, the Court in no way intends to express any opinion as to the merits of plaintiff's claims or as to whether plaintiff may properly retain possession of these documents, consistent with lawful prison regulations.

Accordingly, the **CLERK** is **DIRECTED** to copy all filings in this action and to forward them to plaintiff at his current address.

**WHEREUPON,** in light of the foregoing:

A. Plaintiff's motion to file a surreply, Doc. No. 89, is **GRANTED** and *Defendants' Motion for Summary Judgment,* Doc. No.77, is **DENIED;**

B. *Plaintiff's Motion/Request for Court to Take Judicial Notice,* Doc. No. 82, is **DENIED;**

C. *Plaintiff's Motion to Compel,* Doc. No. 98, is **GRANTED** in part and **DENIED** in part. Defendants are **ORDERED** to respond to plaintiff's discovery requests in accordance with this *Opinion and Order* within two weeks of its issuance; and,

D. *Plaintiff's Motion to Receive Documents Copies,* Doc. No. 102, is **GRANTED.** The **CLERK** is **DIRECTED** to copy all documents that have been filed in this action and to forward them [*19] to plaintiff at his current address at RCI.

July 24, 2007

Date

*s/ Norah McCann King*

United States Magistrate Judge