# EXHIBIT C

to

**PLAINTIFF'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY**

1988 Tenant Estoppel Certificate

FCID 0008-12

js/Estoppel.txt
Prudential
No. I.P. 297

*[handwritten: Revised File copy / 12/27/88 - Orig to Sifty for signature]*

TENANT ESTOPPEL CERTIFICATE

| Buyer | Lender |
|---|---|
| Supplement of Pompano Realty Corp., a New York Corporation c/o Allan Riley Realty, Inc. 230 Park Avenue New York, New York 10017 Attn: Allan Riley, President | Attn: _____ |

Re: <u>The Lease:</u>  Lease dated March 15, 1912, as amended by Modification of Lease, dated October 17, 1912, and as further amended by that certain Agreement, dated October 27, 1936 (herein collectively called the "Lease")

<u>The Lease Premises:</u>  Being that certain tract of land which is located on the south side of Euclid Avenue, Cleveland, Cuyahoga County, Ohio; being bounded and more particularly described on <u>Exhibit A</u>, attached hereto; the address thereof being 1228 Euclid Avenue, Cleveland, Ohio 44115 (herein called the "Land").  There is a building and other improvements constructed, installed and made on the Land and other land adjoining to the East (all such improvements being herein called the "Building"), which is known as and sometimes called the "Halle Building".  Tenant is the Sublessor of a certain Westerly portion of the Building, on which is located what is commonly known as the first through fourth floors (the "Premises").

<u>Tenant:</u>  S & R Playhouse Realty Company

<u>Landlord: & Seller:</u>  The Prudential Insurance Company of America, a New Jersey Corporation

The undersigned, as Tenant, does hereby certify to each of you, as the above-named Buyer, Lender and Landlord-Seller, the following matters effective as of the date hereof:

CONFIDENTIAL        FCID 0008

1. The Lease is presently in full force and effect on the date hereof; it has not been amended, supplemented, extended or renewed in any respect, except as hereinafter noted; and there is no other agreement or instrument to which Tenant is a party, which is binding upon Landlord and which relates to the Premises, including any assignment of the Lease or sublease of the Premises, except for _____.

2. Tenant has accepted the Premises demised by the Lease; all obligations required to be performed by Landlord under the Lease with respect to the Premises, if any, have been performed and satisfied; Tenant is in full and complete possession and occupancy of the Premises in accordance with the terms of the Lease as of the date of this certification; and Tenant's Sublessees are open for business on the Premises.

3. The term of the Lease is 99 years; the Commencement Date was April 1, 1912; and the Expiration Date is March 31, 2011;

4. The Lease provides for the following renewal options: Tenant has the right to extend and renew the Lease for either 25 yrs., 50 yrs. or 99 yrs. at an annual rental of $35,000 per lease year. There is no expansion option under the Lease.

5. The annual rent payable under the Lease is $35,000 per lease year, payable in advance in equal quarterly installments of $8,750 each on the first day of each calendar quarter, the last having been paid on October 1, 1988.

6. Tenant has not paid rent in advance of or for more than the current month during which this certification is made.

7. There is not any security deposit or any other deposit of Tenant being held by Landlord under the Lease.

8. Tenant has made no advancement for or on behalf of Landlord or for improvements to the Premises; Tenant has no charge, lien or claim against the Premises or Landlord, including any claim for which Tenant has the right to deduct from or offset against future rent payments or other charges due or to become due to Landlord; and Tenant has no other defenses, counter-claims or off-sets under the Lease as of the date of this certification.

9. There is no default by either Landlord or Tenant, and no condition or event which, with the giving of notice or the passage of time, or both, would constitute or become a default by either party, that has occurred and presently exists under the Lease.

10. There is no action, whether voluntary or otherwise, pending against Tenant under the bankruptcy or insolvency laws of the United States or any state thereof, which would prevent Tenant from fulfilling its obligations under the Lease.

CONFIDENTIAL

FCID 0009

11. The address for notice to Tenant is as follows: 10800 Brookpark Road, Cleveland, Ohio 44130.

12. Tenant does not have a right of first refusal or an option or other right to purchase or acquire the Premises or any part thereof.

13. Tenant has not received notice from any governmental official or authority of any actual or proposed condemnation, appropriation or other taking for public use of the Premises or any part thereof.

14. Tenant has not received notice from any governmental official or authority, or any employee or agent thereof, that the Premises or the ownership, operation or use thereof violate or have violated any code, law, statute, ordinance, rule, regulation or order of any governmental authority relating to zoning, building, health, fire or safety codes.

15. Tenant has not received notice of, or a copy of an affidavit of, a mechanic's lien having been or to be filed against the Premises; and no unpaid-for improvements have been made, or materials, machinery or fuel delivered to or labor performed on the Premises within 90 days immediately preceding the date hereof which might form the basis of a mechanic's lien against the Premises, except as follows: _____

16. Tenant has not been served in any action, suit or other proceeding affecing the Premises or any part thereof; and to its knowledge, there is not any action, suit or other proceeding affecting the Premises or any portion thereof, pending or threatened, before any court or governmental agency or other authority.

This certificate is made with the understanding that you will rely thereon in connection with a certain transaction relating to the Property.

WITNESSES:

_Perry Tavroba_
_Joan M. Jater_

Date: December 27, 1988

Tenant

S & R Playhouse Realty Company
By: Playhouse Square Investment, Inc., General Partner

By: /S/

Sam H. Miller
(printed name)

Its: Treasurer
(title)

JTM4444   12/20/88

CONFIDENTIAL     FCID 0010

STATE OF OHIO      )
                   )  SS:
CUYAHOGA COUNTY    )

The foregoing instrument was acknowledged before me this 27th day of December, 1988, by Sam H. Miller, Treasurer, of Playhouse Square Investment, Inc., an Ohio Corporation, on behalf of the corporation.

_____
Notary Public

PERRY TENENBAUM, Attorney At Law
Notary Public - State of Ohio
My commission has no expiration date.
Section 147.03 R.C.

CONFIDENTIAL          FCID 0011

Exhibit A

Description of the Property

located at

1228 Euclid Avenue, Cleveland, Ohio 44

Situated in the City of Cleveland, County of Cuyahoga, and State of Ohio, and known as being part of Original Two Acre Lots Nos. 157 and 158, and bounded and described as follows:
Beginning on the Southerly line of Euclid Avenue, 99 feet wide, at its intersection with the Easterly line of East 12th Street (formerly Short Alley), 16.50 feet wide; thence Easterly along the Southerly line of Euclid Avenue, 100 feet to the Northwesterly corner of land conveyed to Alfred A. Pope by deed dated September 26, 1892, and recorded in Volume 524, Page 411 of Cuyahoga County Records; thence Southerly along the Westerly line of land so conveyed to Alfred A. Pope, said line being also parallel with the Easterly line of East 12th Street, to an angle therein; thence Southeasterly along the Southwesterly line of land so conveyed to Alfred A. Pope, said line being also parallel with the Northeasterly line of East 12th Street, to the Northwesterly line of Huron Road, S. E. (formerly Huron Street), 99 feet wide; thence Southwesterly along the Northwesterly line of Huron Road, S. E., 48 feet to the most Easterly corner of land conveyed to John M. Henderson by deed dated April 5, 1880, and recorded in Volume 313, Page 37 of Cuyahoga County Records; thence Northwesterly along the Northeasterly line of land so conveyed, said line being also parallel with the Northeasterly line of East 12th Street, 80 feet to the most Northerly corner thereof; thence Southwesterly along the Northwesterly line of land so conveyed, 52.25 feet to the Northeasterly line of East 12th Street; thence Northwesterly along the Northeasterly line of East 12th Street, 17.95 feet to an angle therein; thence Northerly, continuing along the Easterly line of East 12th Street, 104.52 feet to the place of beginning.

— End of Exhibit A —

CONFIDENTIAL

FCID 0012