**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| **216 JAMAICA AVENUE, LLC,** ) | **CASE NO. 1:06CV1288** |
| ) | |
| Plaintiff, ) | **JUDGE CHRISTOPHER A. BOYKO** |
| ) | |
| v. ) | |
| ) | **RESPONSE IN OPPOSITION TO** |
| **S & R PLAYHOUSE REALTY CO.,** ) | **PLAINTIFF'S MOTION TO STRIKE** |
| ) | **OR FOR LEAVE TO FILE SURREPLY** |
| Defendant. ) | |
| ) | |

## I. Introduction

From the time it filed its Complaint, Plaintiff, 216 Jamaica Avenue, LLC ("Jamaica"), has sought to suppress facts that bear on this matter. They initially requested that no discovery take place, and thereafter, argued successfully for only a limited discovery period. Now, Jamaica continues to attempt to suppress material facts by asking this Court to strike S&R Playhouse Realty Co.'s ("S&R") reply briefs and exhibits, or for leave to file a surreply, on the grounds that "S&R cited several documents that it had never before produced and asserted several arguments that it had never before raised." (Pl.'s Mot. to Strk. or for Leave to File Sur. at 1.)

Without proper grounds, Jamaica seeks to strike the 1988 Estoppel Certificate ("Estoppel") and accompanying cover letter (attached as Exh. A to Reply in Spt. of Def.'s Mot. for Leave to Am.; attached as Exh. A to Reply in Spt. of Def.'s Mot. for Cont.), as well as S&R's rebuttal of Jamaica's arguments regarding constructive fraud. S&R, however, has not advanced new arguments; rather, S&R has merely responded to arguments raised by Jamaica in its

opposition briefs. Accordingly, S&R respectfully requests that this Court deny both Plaintiff's motion to strike and its request to file a surreply.

Finally, S&R asks that this Court schedule a conference to set dates for a reasonable discovery period. Only after such a discovery period can the Court fully consider the matters remanded to it by the United States Court of Appeals for the Sixth Circuit.

## II. Law and Argument

A party may seek leave to file a surreply only with leave of the court and a showing of good cause. *See* Local Rule 7.1(d) – (e); *see also Uszak v. Yellow Transportation, Inc.*, No. 1:06CV837, 2007 U.S. Dist. LEXIS 43663, at *2 (N.D. Ohio June 15, 2007) (attached as Exh. A). Arguments previously raised in either an opposition brief or a memorandum in opposition are not "new" arguments. *Counts v. Kraton Polymers, U.S. LLC*, 260 Fed. Appx. 825, 830 (6th Cir. 2008) (where arguments were previously raised in defendant's initial brief and plaintiff's opposition brief, motion to strike denied). Also, where a reply brief responds to an opposition memorandum, a party's motion to strike is properly denied. *Coveney v. U.S. Bank Nat'l Assoc.*, No. 1:07-cv-706, 2008 U.S. Dist. LEXIS 79639, at *32 (S.D. Ohio Sept. 17, 2008) (attached as Exh. B).

First, Jamaica argues that this Court should strike the Estoppel and accompanying cover letter from J. Thomas Mason to William Warren, and the chain of title of deeds, from S&R's reply briefs because they "advance new arguments" or "introduce new documents." (Pl.'s Mot. to Strk. or for Leave to File Sur. at 3.) These documents do not support or advance "new arguments." Instead, the Estoppel and accompanying letter underscore the equitable estoppel arguments that S&R has previously and consistently made in its Motion for Leave to Amend Answer *Instanter* and Motion for Continuance Pursuant to R. 56(f).

2

Further, the submission of the Estoppel and cover letter, and chain of title of deeds, is limited to facts intended to rebut Jamaica's specific allegations raised in its oppositions to S&R's Motion for Continuance and Motion for Leave to Amend. The Estoppel, cover letter, and chain of title of deeds directly refute the "base rent" assertion seemingly made by Jamaica in its opposition brief. (Pl.'s Opp. to Dft.'s Mot. for Leave to Amd. at 7.) The Estoppel and cover letter are logically inconsistent with Jamaica's argument that rent is to be escalated based on the price of gold, as it establishes that rent was a flat $35,000 per year. Because the cover letter breathes life into the Estoppel, evidencing the clear representations by Jamaica's predecessors that rent was $35,000 per year, this cover letter rebuts Jamaica's allegations otherwise. Therefore, this document does not support "new" arguments. On the other hand, this and other evidence is material to the analysis the Sixth Circuit has mandated that the Court undertake.

S&R has represented that the cover letter was only recently discovered and unavailable at the time of the filing of the Motion for Continuance and Motion for Leave to Amend. (Reply in Spt. of Def.'s Mot. for Cont. at 4, n.1; Reply in Spt. of Def.'s Mot. for Leave to Am. at 4, n.5.) This discovery illustrates precisely the issues that S&R has presented to the Court pursuant to R. 56(f), and lends credence to S&R's reasons for seeking the motion for continuance. Contrary to Jamaica's assertions otherwise (*see* Pl.'s Opp. to Def.'s Mot. for Cont. at 13-14), the newly discovered cover letter provides proof that undiscovered evidence exists and exemplifies the type of evidence that may be further discovered if S&R is given adequate time. The Sixth Circuit "remand[ed] the case to the district court to interpret the [gold] clause." *216 Jamaica Ave., LLC v. S&R Playhouse Realty Co.*, 540 F.3d 433, 441 (6th Cir. 2008). S&R believes that this is better done by a consideration of actual evidence than by the parties' ceaseless briefing.

Second, just like the cover letter accompanying the Estoppel, S&R's constructive fraud response provides appropriate rebuttal and does not advance "new arguments." Plaintiff asserted

3

in its opposition to Defendant's Motion for Leave to Amend that Jamaica had committed neither fraud nor constructive fraud. (Pl.'s Opp. to Def.'s Mot. for Leave to Amd. at 4-5.) Asserting in its opposition that "S&R and Jamaica's predecessors were not in . . . a [fiduciary] relationship" (Pl.'s Opp. to Def.'s Mot. for Leave to Amd. at 4-5), S&R replied to Jamaica's claim by asserting the likelihood that this Court could find there was such a relationship of trust and confidence between S&R and Jamaica's predecessors, such that Jamaica is equitably estopped from demanding a rental increase. (Reply in Spt. of Def.'s Mot. for Leave to Amd. at 5-6.) Striking the constructive fraud argument is thus inappropriate because S&R properly and necessarily responded to Jamaica's assertions. Further, allowing Jamaica the opportunity to reassert its position on constructive fraud at this stage of the proceedings is also inappropriate. Jamaica has had ample opportunity to brief constructive fraud, and has done so. (Pl.'s Opp. to Def.'s Mot. for Leave to Amd. at 4-5.)

Third, Jamaica's reliance on *Hunt v. Big Lots Stores, Inc.* and *Cenveo, Inc. v. Tant* (Pl.'s Mot. to Strk. or for Leave to File Sur. at 2 ) to support its position that the Court should strike the Estoppel and accompanying cover letter, chain of title of deeds, and S&R's constructive fraud rebuttal is misguided. In *Hunt*, defendants filed a motion for summary judgment and did not raise the argument that summary judgment should be granted based on an argument of good faith until defendants' reply. *Hunt v. Big Lots Stores, Inc.*, 244 F.R.D. 394, 397 (N.D. Ohio 2007). Prior to the reply brief, neither party had mentioned the notion of "good faith." In *Cenveo*, "[b]ecause Cenveo concede[d] that these [newly attached] materials [we]re not essential to its case, the Court [did] not consider the documents in ruling on the pending cross-motions for summary judgment." *Cenveo, Inc. v. Tant*, No. 3:06-1023, 2008 U.S. Dist. LEXIS 25767, at \*32-33 (M.D. Tenn. Mar. 28, 2008) (attached as Exh. C). Here, constructive fraud was raised by Jamaica and addressed in depth in its opposition brief. Additionally, the Estoppel and

4

accompanying cover letter and chain of title of deeds, unlike in *Cenveo*, are essential to S&R's previously and often articulated argument that Jamaica's predecessors represented that rent was $35,000 per year.

     Just as Jamaica has no grounds on which to ask this Court to strike documents or arguments, Jamaica has no grounds to ask this Court for leave to file a surreply.  At the pleading stage, a party is not required to prove all of the elements of its claims.  *In re Nat'l Century Fin. Enters., Inc. Fin Inv. Litig.*, 553 F. Supp. 2d 902, 906 (S.D. Ohio 2008) (the complaint need not contain detailed factual allegations, but rather allegations only sufficient to "raise the claimed right to relief above the speculative level and to create a reasonable expectation that discovery will reveal evidence to support the claim").  Jamaica seeks to improperly increase S&R's burden by requiring S&R to win its case at the pleading stage.  At this stage of the proceedings, however, S&R must only show that its claim of equitable estoppel is more than speculative. S&R has met this burden, showing factual support for the elements of equitable estoppel. (Def.'s Mot. for Leave to Amd. at 3-5; Reply in Spt. of Def.'s Mot. for Leave to Amd. at 5-13.) Plaintiff's Motion for Leave to File Surreply is nothing more than an attempt to have the last word.

### III. Conclusion

For the reasons above, S&R respectfully requests that this Court deny Plaintiff's Motion to Strike and Plaintiff's Motion for Leave to File Surreply. In addition, S&R requests that this Court set a reasonable discovery schedule that permits the parties to develop evidence from which this Court can resolve the issues remanded by the Sixth Circuit.

Respectfully submitted,

/s/ Gary L. Walters
Stephen D. Williger (0014342)
Gary L. Walters (0071572)
**THOMPSON HINE LLP**
3900 Key Center
127 Public Square
Cleveland, Ohio  44114-1291
(216) 566-5500
(216) 566-5800 – Fax
Stephen.Williger@ThompsonHine.com
Gary.Walters@ThompsonHine.com

Attorneys for Defendant
S & R Playhouse Realty Co.

**CERTIFICATE OF SERVICE**

A copy of the foregoing *Response in Opposition to Plaintiff's Motion to Strike or for Leave to File Surreply* was filed electronically this 23rd day of December, 2008.  Parties will receive notice through the Court's electronic filing system.

/s/ Gary L. Walters
One of the Attorneys for Defendant
S & R Playhouse Realty Co.
