# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF OHIO

|  |  |  |
|---|---|---|
| 216 JAMAICA AVENUE, LLC, | ) | Civil Action No. 06-1288 |
| Plaintiff, | ) | (Judge Boyko) |
| v. | ) |  |
| S & R PLAYHOUSE REALTY CO., | ) |  |
| Defendant. | ) |  |

## PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION TO STRIKE OR FOR LEAVE TO FILE SURREPLY

Jamaica has moved the Court either to strike portions of S&R's reply brief in support of its motions for leave to amend its Answer and for continuance, or, in the alternative, to grant Jamaica leave to file a surreply brief on S&R's motions. The arguments S&R now presents in opposition to Jamaica's motion lack merit.

First, S&R suggests that its belated use of the 1988 tenant estoppel certificate, an accompanying cover letter, and a chain of title of deeds is justified on the ground that those documents are "intended to rebut Jamaica's specific allegations raised in its opposition to" S&R's motions for leave and for a continuance. *See* Resp. in Opp'n to Pl.'s Mot. to Strike or for Leave to File Surreply ("S&R Opp.") at 2-3. Even if that were so, Jamaica would still, at a minimum, deserve an opportunity to address the documents in a surreply because not only had the documents never before been cited, but also the linchpin of S&R's argument – the cover letter, which, S&R claims, "breathes life into" the 1988 tenant estoppel certificate, S&R Opp. at 3 – had never before been produced to Jamaica. *See* Pl.'s Mot. to Strike or for Leave to File Surreply ("Jamaica Motion") at 1-3. Further, S&R still offers no explanation as to the

circumstances under which it purportedly recently discovered the cover letter. *See* S&R Opp. at 3; *cf.* Jamaica Motion at 2; Pl.'s [Proposed] Surreply to Replies of Def. to Brs. of Pl. in Opp'n to Mots. of Def. for Leave to Amend Answer *Instanter* and for Continuance ("Jamaica Proposed Surreply") at 1-3.

Second, S&R claims that its belated contention that Jamaica's predecessors committed "constructive fraud" is not a new argument but rather an "appropriate rebuttal" to an argument that Jamaica "asserted in its opposition" to S&R's motion for leave to amend the Answer. S&R Opp. at 3-4. S&R's position, however, rests upon an untenable conception of what it means for an argument to have been raised. Although S&R bears the burden of proving constructive fraud, it did not even mention that doctrine in its motion for leave to amend its Answer, in its proposed Amended Answer, or in its accompanying motion for a continuance. *See* Jamaica Motion at 3; Pl.'s Opp'n to Def.'s Mot. for Leave to Am. Answer *Instanter* (Doc. No. 52) ("Jamaica Motion to Amend Opp.") at 5 n.4. In its opposition to S&R's motion for leave to amend the Answer, Jamaica argued that S&R had never raised, and had therefore forfeited, any claim that there was constructive fraud. *See* Jamaica Motion at 3; Jamaica Motion to Amend Opp. at 5 n.4. S&R finally asserted constructive fraud only in response to Jamaica's pointing out that S&R had forfeited the argument. None of the decisions cited by S&R suggests that, under these circumstances, S&R is entitled to advance its constructive fraud argument for the first time in its reply brief. Indeed, if S&R could raise constructive fraud in its reply brief under these circumstances, parties would in effect be unable to contend that the opposing side had forfeited an argument. At a minimum, Jamaica deserves the opportunity to address S&R's constructive fraud argument in a surreply.

Third, S&R's treatment of legal authorities is flawed. Attempting to distinguish *Hunt v.*

2

*Big Lots Stores, Inc.*, 244 F.R.D. 394 (N.D. Ohio 2007), S&R asserts that "*neither party* [in that case] had mentioned the notion of 'good faith' " until the defendant raised it in its reply brief. S&R Opp. at 4 (emphasis added). In fact, the opinion in *Hunt* is silent as to whether the plaintiff mentioned "good faith" in its opposition brief; the court rightly focused only on whether the defendant – whose procedural position was analogous to S&R's – had raised the argument in its opening brief. *See Hunt*, 244 F.R.D. at 397.

S&R maintains that *Cenveo, Inc. v. Tant*, No. 06-1023, 2008 U.S. Dist. LEXIS 25767 (M.D. Tenn. Mar. 28, 2008) (Jamaica Motion, Ex. K), is not persuasive because the 1988 tenant estoppel certificate, accompanying cover letter, and chain of title of deeds, "unlike [the newly attached material] in *Cenveo*, are essential to S&R's" estoppel argument. S&R Opp. at 4-5. But the new material that S&R has attached to its reply brief is hardly essential to its case because, for reasons Jamaica has explained, S&R's estoppel defense, and indeed all of its defenses, will fail even if the material is considered. *See* Jamaica Proposed Surreply at 3-6; Jamaica Motion to Amend Opp.; Pl.'s Renewed Mot. for Summ. J. (Doc. No. 48). In any event, the *Cenveo* court's interest in whether the newly attached material was "essential" to the party's case bears only on whether the newly attached material should be stricken, *see Cenveo*, 2008 U.S. Dist. LEXIS 25767, at *32-33; even if S&R's newly attached material were essential to its case, Jamaica would still deserve an opportunity to address it in a surreply.

And citing *In re National Century Financial Enterprises Financial Investment Litigation*, 553 F. Supp. 2d 902 (S.D. Ind. 2008), S&R contends that "Jamaica seeks to improperly increase S&R's burden by requiring S&R to win its case at the pleading stage." S&R Opp. at 5. On the contrary, S&R may obtain leave to amend its Answer only if such leave would not be futile, and leave to amend is futile if "the new defense proposed in the amendment is frivolous or based on

3

legally insufficient grounds." *Broad v. Barnes*, No. 82-1209, 1983 U.S. App. LEXIS 13083, at *5 (6th Cir. 1983) (Jamaica Motion to Amend Opp., Ex. B); *Midkiff v. Adams County Reg'l Water Dist.*, 409 F.3d 758, 767 (6th Cir. 2005). In order to be legally sufficient, a pleading must be "plausible on its face." *Bell Atl. Corp. v. Twombly*, 127 S. Ct. 1955, 1974 (2007). Jamaica would show in its surreply that the newly attached material does not, on its face and as a matter of law, establish S&R's defense of estoppel, and therefore leave to amend the Answer would be futile. *See* Jamaica Proposed Surreply at 3-8; Jamaica Motion to Amend Opp. at 1-2, 4-11.

Finally, because S&R's motions for leave to amend its Answer and for a continuance should be denied for reasons Jamaica has previously explained, there is no need for the Court to set a discovery schedule. *See* S&R Opp. at 6.

For the foregoing reasons and the reasons stated in its motion to strike or for leave to file a surreply, Jamaica respectfully requests that the Court strike S&R's reply briefs and exhibits to the extent that they introduce new documents or advance new arguments, or grant Jamaica leave to file a surreply so that Jamaica has a fair opportunity to address those new documents and arguments.

| | |
|---|---|
| January 8, 2009 | Respectfully Submitted, |
| | /s/ Charles J. Cooper |
| | _____ |
| James B. Niehaus (0020128) | Charles J. Cooper |
| jniehaus@frantzward.com | ccooper@cooperkirk.com |
| Christopher G. Keim (0067117) | David H. Thompson |
| ckeim@frantzward.com | dthompson@cooperkirk.com |
| FRANTZ WARD LLP | David Lehn |
| 2500 Key Center | dlehn@cooperkirk.com |
| 127 Public Square | COOPER & KIRK, PLLC |
| Cleveland, Ohio 44114-1230 | 1523 New Hampshire Ave. NW |
| 216-515-1660 | Washington, DC 20036 |
| 216-515-1650 (fax) | (202) 220-9600 |
| | (202) 220-9601 (fax) |
| | |
| | *Attorneys for Plaintiff* |

**CERTIFICATE OF SERVICE**

      I hereby certify on January 8, 2009, a copy of the foregoing was filed electronically. Notice of this filing will be sent by operation of the Court's electronic filing system to all parties indicated on the electronic filing receipt. All other parties will be served by regular U.S. mail. Parties may access this through the Court's system.

/s/ David Lehn
_____
David Lehn
COOPER & KIRK, PLLC
1523 New Hampshire Ave. NW
Washington, DC 20036
(202) 220-9600
(202) 220-9601 (fax)
dlehn@cooperkirk.com