**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **216 JAMAICA AVENUE, LLC.,** | ) | **CASE NO.1:06CV1288** |
| | ) | |
| **Plaintiff,** | ) | **JUDGE CHRISTOPHER A. BOYKO** |
| | ) | |
| **Vs.** | ) | |
| | ) | |
| **S & R PLAYHOUSE REALTY, CO.,** | ) | **ORDER** |
| | ) | |
| **Defendant.** | ) | |

**CHRISTOPHER A. BOYKO, J:**

This matter is before the Court on Defendant S & R Playhouse Realty Company's

Motion for Leave to Amend Answer *Instanter* (ECF #50).  Defendant seeks to add the

affirmative defenses of equitable estoppel and impossibility/impracticability.  Plaintiff opposes

both as untimely, prejudicial and futile.  For the following reasons, the Court grants, in part,

Defendant's Motion for Leave to Amend.

**FACTS**

Plaintiff leases a parcel of land at 1228 Euclid Avenue in Cleveland, Ohio, to S & R

("Lease"). Plaintiff claims the Lease requires S & R to pay its annual rent in quarterly

installments of a certain weight in gold, while S & R contends it has always paid, and continues

to pay, its rent in U.S. currency. Plaintiff claims S & R's payments in U.S. currency constitute a

breach of the Lease.

Plaintiff filed its Complaint on May 24, 2006.  Defendant filed its Motion to Dismiss on

August 11, 2006.  The Court held a Case Management Conference on August 15, 2006.

1

Dockets.Justia.com

Pursuant to discussions held at the Case Management Conference, Defendant withdrew its

Motion to Dismiss, the parties agreed to provide stipulations of fact to the Court and then file

cross motions for summary judgment by October 12, 2006.  On September 12, 2006, Plaintiff

filed an Amended Complaint and on October 4, 2006 Defendant filed its Answer to Plaintiff's

Amended Complaint.  On July 2, 2007, the Court granted summary judgment in favor or

Defendant and denied summary judgment for Plaintiff.  Plaintiff appealed and on September 24,

2008, the Sixth Circuit Court of Appeals issued its mandate reversing the Court's decision and

remanding the case to this Court to "interpret the clause, to determine the obligation it imposes

on S&R and to address other defenses..."

On October 24, 2008, Defendant filed its Motion for Leave to Amend its Answer

Instanter and on November 10, 2008, Plaintiff filed its Opposition.

## **STANDARD OF REVIEW**

Federal Rule of Civil Procedure 15 states in pertinent part:

(a) Amendments Before Trial.

> **(1)** *Amending as a Matter of Course.* A party may amend its
> pleading once as a matter of course:
> (A) before being served with a responsive pleading; or
> (B) within 20 days after serving the pleading if a responsive
> pleading is not allowed and the action is not yet on the trial
> calendar.
> (2) *Other Amendments.* In all other cases, a party may amend its
> pleading only with the opposing party's written consent or the
> court's leave. The court should freely give leave when justice so
> requires.

Defendant seeks to add the defenses of equitable estoppel and impossibility/
impracticability.
Fed. R. Civ. P. 8 states in pertinent part:

(c) Affirmative Defenses.

**(1)** *In General.* In responding to a pleading, a party must affirmatively state any avoidance or affirmative defense, including:

accord and satisfaction;  arbitration and award; assumption of risk; contributory negligence: discharge in bankruptcy; duress; estoppel; failure of consideration; fraud; illegality; injury by fellow servant;  laches; license; payment; release; res judicata;  statute of frauds; statute of limitations; and waiver.

Defendant contends leave to amend should be freely granted because:

1)      Defendant has not requested any prior amendments.

2)      There has been no full scheduling order by the Court containing an amendment cut off date.

3)      The prior schedule was limited to the subject of the Defendant's Motion for Summary Judgment, was limited to four months and the Court denied Defendant's motion for extension of time to do discovery.

Plaintiff opposes Defendant's motion because:

1)      The new defenses are affirmative defenses that must be pled in the answer.

2)      Because Defendant has waited until this late stage of the litigation those defenses are waived.

3)      The delay is undue, was made in bad faith and was dilatory resulting in prejudice to Plaintiff.

4)      Amendments are futile.

## **LAW AND ANALYSIS**

In reaching its decision the Court has considered the overarching principle that

Amendments before trial should be freely given when justice requires.  Furthermore, the Sixth

Circuit holds that the purpose of Fed. R. Civ. P. 15 is that cases,  "should be tried on their merits

rather than the technicalities of pleadings." *Moore v. City of Paducah,* 790 F.2d 557, 559 (6th Cir.

3

1986) quoting *Teft v. Seward,* 689 F.2d 637, 639 (6th Cir. 1982). The Court in *Moore* went to

say, "Abuse of discretion occurs when a district court fails to state the basis for its denial or fails

to consider the competing interests of the parties and likelihood of prejudice to the opponent."

*Id.* The Court must weigh the delay by Defendant against the prejudice to Plaintiff.

**The delay by Defendant as waiver**

Plaintiff contends Defendant has waived its proposed affirmative defenses because

Plaintiff filed its Complaint nearly three years ago on May 24, 2006. Since that time, S&R has

asserted defenses in a number of filings including: a Motion to Dismiss, an Answer, a Summary

Judgment Motion, a Reply, a Response to Jamaica's Summary Judgment Motion, a Motion for

Leave to Supplement its Summary Judgment Motion, and Reply, an Opposition to Jamaica's

Motion for Leave to file a Surreply in Opposition to S&R's Summary Judgment Motion, and a

Supplemental Memorandum in Support of its Summary Judgment motion. In all that time,

Defendant never asserted the affirmative defenses its seeks to assert now. Plaintiff cites to the

case of *Macurdy v. Sikov & Love,* 894 F.2d 818 (6th Cir. 1990) wherein the Sixth Circuit, citing

*Wright & Miller* held, "generally a failure to plead an affirmative defense results in the waiver of

that defense and its exclusion from the case." 5C *Wright & Miller, Federal Practice and*

*Procedure* §1278 (1969). In *Macurdy*, the defendants waited a year before filing an Answer and

nearly nineteen months before raising the defense of accord and satisfaction in a Motion for

Summary Judgment. The Sixth Circuit held that the delay and raising for the first time on

summary judgment the affirmative defense unfairly prejudiced the Plaintiff. In addition,

Plaintiff contends Defendant never addressed why it was unable to assert these defenses earlier.

Also, Plaintiff contends allowing amendment would prejudice Plaintiff because it has litigated

this case based upon the defenses asserted in Defendant's Answer.  To allow further amendment

at this juncture would require additional briefing, discovery and possibly the re-deposing of

witnesses.

Defendant contends that it was permitted a short amount of time-i.e. three months- to do

limited discovery.  It was denied an extension of time to do additional discovery even though the

facts of the case at bar date back almost one hundred years with relevant discovery in the

possession of entities not involved in the present suit.  Furthermore, no cut-off date has been set

for amending pleadings, nor has there been a full discovery schedule.  Therefore, Defendant

contends it has not waived its right to include additional affirmative defenses.

In general, an affirmative defense not included in the answer is waived.  Defendant has

had ample opportunity to assert impossibility/impracticability and has failed to do so.  While

Defendant argues that limited discovery has caused the delay in asserting these affirmative

defenses, it would not appear to be an issue of fact discovery, but rather a legal argument, since

the stop in production of United States gold coins was accomplished by legislative action.  Legal

research, not fact discovery, should have uncovered this defense.  However, the overarching

concern to the Court, when determining whether to permit amendments, is whether the opposing

party will be prejudiced.  Again, this circuit has held cases should be tried on the merits and

should not be determined on legal procedural technicalities.  The Sixth Circuit has held that the

purpose of Fed. R. Civ. P. 8(c) is to put the opposing party on notice so that they may provide an

effective response.  *Smith v. Slushka,* 117 F.3d 965, 969 (6th Cir. 1997).

Because Defendant is correct that no full discovery schedule has been set in this case and

because it is the intention of this Court that one be set, Plaintiff will not be prejudiced, as the

5

Court will set a new discovery schedule which will allow Plaintiff to take discovery and prepare responses to Defendant's proposed affirmative defenses.  Furthermore, Plaintiff may petition the Court to prevent incurring additional costs for any re-depositions due to the additional affirmative defenses.

Defendant's motion for leave to amend to include the affirmative defense of equitable estoppel appears to be unnecessary, as Defendant has affirmatively plead "estoppel" as an affirmative defense in its Answer.  Because Defendant's estoppel affirmative defense is grouped with laches and waiver in its Fifth Defense, it is sufficient to place Plaintiff on notice that it is equitable in nature.  "Equitable estoppel, waiver, and laches are all equitable doctrines which should be treated as an ensemble when they arise from a common nucleus of operative fact." *Chao v. Chermak,* No. 1:05CV1935, unreported 2006 WL 3751191 #3 (N.D. Ohio December 18, 2006), citing  *K-Mart Corp. v.. Oriental Plaza, Inc.,* 875 F.2d 907, 910 (1st Cir.1989). Therefore, no amendment is needed to plead equitable estoppel as it has already been asserted by Defendant in their Answer.  Furthermore, Plaintiff's never filed a motion for more definite statement nor did they move to strike the affirmative defense.

Plaintiff contends the amendment on impossibility/impracticability would be futile and should be denied on that basis.  Plaintiff contends the Sixth Circuit's opinion, reversing this Court, definitively adopted Plaintiff's contention that the gold clause is a price-indexing mechanism wherein the gold clause is a gold value clause using gold coin only to measure the amount of money due, not that it specifies gold as the only means of payment.

Defendant's proposed defense of impossibility/impracticability is based on its interpretation that the gold clause required Defendant pay in gold coin, and, in the Gold Reserve

Act of 1934, the United States government removed U.S. gold coins from circulation and stopped issuing new gold coins from the time of the Act until at least 1982, when S&R entered into the Assignment of the Lease.

The Court disagrees with Plaintiff's interpretation of the Sixth Circuit opinion.  The Sixth Circuit expressly remanded the case for this Court to "interpret the clause, to determine the obligation it imposes on S&R and to address other defenses..."  If Plaintiff's interpretation is correct, the Court would not need to interpret the clause; it has already been done.  Plaintiff contends this language merely orders the Court to determine the amount of gold that is the measure of the payment and then the corresponding number of dollars that S&R owes under the gold clause.  However, the Sixth Circuit opinion not only orders the Court to determine the obligation it imposes on S&R but also orders the Court to interpret the clause.  One is distinguishable from the other.  Because the interpretation of the gold clause is an issue still before the Court, impossibility, on its face, is not futile.

Therefore, the Court grants, in part, Defendant's Motion for Leave to Amend its Answer *Instanter* and Orders the Amended Answer filed no later than March  4, 2009.  The Court will contact the parties to set a new discovery schedule.

IT IS SO ORDERED.

S/Christopher A. Boyko
CHRISTOPHER A. BOYKO
UNITED STATES DISTRICT JUDGE

February 25, 2009